

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

August 20, 2025

**BY ECF**

The Honorable Colleen McMahon
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

> Re:  *American Council of Learned Societies v. National Endowment for the Humanities*, No. 25 Civ. 3657 (CM) and *The Authors Guild v. National Endowment for the Humanities*, No. 25 Civ. 3923 (CM)

Dear Judge McMahon:

      This Office represents the government in the above-referenced cases. We write respectfully to seek, *nunc pro tunc*, a 31-day extension, from August 8, 2025, to September 9, 2025, *i.e.*, twenty days from today, to file the government's answer in both cases. This is the government's first request for an extension of this deadline. The government contacted Plaintiffs to seek their consent to this request, and Plaintiffs in both cases responded that they consent only to an extension until this Monday, August 25, 2025; Plaintiffs did not provide a reason for opposing an extension beyond Monday.

      As an initial matter, the government sincerely apologizes for failing to make this request before the expiration of its deadline, particularly in light of this Court's rule that extension requests be made at least two days prior to the original deadline to be extended. Due to recent demands of the undersigned attorneys' dockets, when the Court issued its decision granting in part and denying in part the government's motion to dismiss, the government overlooked the need to calendar this deadline.

      The government makes this request because additional time is needed to draft both answers and to confer with the agency to ensure its responses are accurate. Together, the complaint in *American Council of Learned Societies v. NEH* and the amended complaint in *The Authors Guild v. National Endowment for the Humanities* comprise more than 100 pages and nearly 400 paragraphs. The government is currently making every effort to complete its responses to these complaints as soon as possible, but it does not expect that it will be feasible to complete and finalize them by Monday.

      We also write to respond to the requests filed by both sets of Plaintiffs asking the Court to enter their proposed case management plans. As we indicated to Plaintiffs yesterday, we believe the appropriate course is for the Court to schedule an initial pretrial conference, in advance of

The Honorable Colleen McMahon
Page 2

which the parties would submit their proposed case management plans, and at which the Court would resolve disputes relating to those plans. We also asked to discuss with Plaintiffs what we expect to be included in the administrative record and what additional discovery they intend to seek. Rather than do so, Plaintiffs filed their letters, in which they purport to characterize the government's position based only on initial discussions between the parties. The government believes that the most orderly approach would be for an initial pretrial conference to be set, in advance of which the government will respond to Plaintiffs' arguments concerning the appropriate scope of discovery in accordance with the schedule set out in the Court's Individual Rules & Practices.

We thank the Court for its consideration of this submission.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: s/ *Mary Ellen Brennan*
MARY ELLEN BRENNAN
RACHAEL DOUD
Assistant United States Attorneys
86 Chambers St., 3rd Floor
New York, New York 10007
(212) 637-2699
(212) 637-2652

cc:   All counsel of record (via ECF)