U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

August 22, 2025

*The Government is correct.*

*[signature: Colleen McMahon]*
8/25/2025

**BY ECF**

The Honorable Colleen McMahon
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *American Council of Learned Societies v. National Endowment for the Humanities*, No. 25 Civ. 3657 (CM) and *The Authors Guild v. National Endowment for the Humanities*, No. 25 Civ. 3923 (CM)

Dear Judge McMahon:

This Office represents the government in the above-referenced cases. We write in response to the motion filed by the plaintiffs in *The Authors Guild v. National Endowment for the Humanities*, No. 25 Civ. 3923 (CM) (the "Plaintiffs"), concerning the Court's August 6, 2025, Preliminary Injunction Order, ECF No. 122 (the "PI Order"). ECF No. 126 ("Pl. Clarification Motion"). In their Motion, Plaintiffs seek an order "clarifying" the PI Order or "directing Defendants to explain their understanding" of the Order. The Court should deny Plaintiffs' motion.

First, the PI Order is clear and does not need to be explained further. The PI Order states that it stays "[t]he effectiveness of the termination of The Grants to Class Members . . . *pendente lite*" and that Defendants "are preliminarily enjoined from re-obligating the funds that would have been payable under the Grants" but "nothing in th[e] order obligates Defendants to pay out any funds associated with The Grants during the pendency of this lawsuit."[1] PI Order ¶¶ 2-3, 5. The Court entered the PI Order after receiving input and proposed orders from both parties. *See* ECF Nos. 117-119. Notably, the Court did not adopt much of the language Plaintiffs proposed. *Compare* ECF No. 117 to PI Order. Because the PI Order is clear, there is no need for the Court to clarify it further, or basis to require Defendants to "explain their understanding of their obligations under the PI Order and the reinstated grants." Pl. Clarification Motion at 1.

---

[1] Plaintiffs claim that the Court "did not include" a line proposed by the Government stating: "This Order does not in any way obligate Defendants to pay out grant funding with respect to the grants described in Paragraph 2." Pl. Clarification Motion at 2 (quoting ECF No. 118-1 at 2). However, the PI Order includes a substantively identical line: "nothing in th[e] order obligates Defendants to pay out any funds associated with The Grants during the pendency of this lawsuit." PI Order ¶ 5.

The Honorable Colleen McMahon
Page 2

      Second, Plaintiffs ask the Court to intervene on the purported ground that "Defendants . . . are past due on their grant obligations." Pl. Clarification Motion at 2. However, to the extent Plaintiffs believe that Defendants are breaching their contractual duties under the terms of the relevant grants and seek relief for such claims, this Court is not the appropriate forum—as the Court has already acknowledged. *See* ECF No. 116 ("If Plaintiffs whose grants were terminated (or those representing their interests) really want a court to order that, 'Defendants and their agents take all steps necessary to ensure that the National Endowment for the Humanities disburses funds on covered grants in the customary manner and in customary time frames,' (Dkt. Nos. 65, at 1-2; 65-2, at 2), it would appear to me that they need to seek relief in the Court of Federal Claims."). Moreover, the elements of the claims pending in the *Authors Guild* matter do not call for the Court's examination of the terms of these grants or Defendants' present compliance with them. *See* ECF No. 116.

      We thank the Court for its consideration of this submission.

      Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:  s/ *Mary Ellen Brennan*
     MARY ELLEN BRENNAN
     RACHAEL DOUD
     Assistant United States Attorneys
     86 Chambers St., 3rd Floor
     New York, New York 10007
     (212) 637-2699
     (212) 637-2652

cc:    All counsel of record (via ECF)