IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN COUNCIL OF LEARNED SOCIETIES, et al., <br><br> *Plaintiffs*, <br> v. <br><br> MICHAEL MCDONALD, in his official capacity as Acting Chairman of the National Endowment of the Humanities, et al., <br><br> *Defendants*. | Case No. 1:25-cv-03657 |

### ACLS PLAINTIFFS' RESPONSE TO THE COURT'S QUESTIONS FOR COUNSEL

The ACLS Plaintiffs respectfully submit this response to the Court's September 10 Questions for Counsel. As set forth in more detail below, ACLS Plaintiffs have appealed the Court's July 25 Decision and Order insofar as it denied ACLS Plaintiffs' motion for a preliminary injunction on their "Institutional Claims" and dismissed those claims. Because the July 25 Decision and Order was an "interlocutory order . . . refusing or dissolving [an] injunction[]," 28 U.S.C. § 1292(a)(1) authorizes an interlocutory appeal of the order, and the Second Circuit has jurisdiction to review the "entire order," including the dismissal of the Institutional Claims. *Erving v. Va. Squires Basketball Club*, 468 F.2d 1064, 1067 (2d Cir. 1972).

ACLS Plaintiffs' appeal with respect to the Institutional Claims does not divest this Court of jurisdiction over ACLS Plaintiffs' separate Grant Termination Claims for two reasons: (1) the *Griggs* divestiture rule applies only to aspects of the case that are on appeal, and the termination of ACLS Plaintiffs' grants are not at issue on appeal of the Institutional Claims; and (2) even if Plaintiffs had appealed the denial of a preliminary injunction on the Grant Termination Claims, "an immediate appeal from an interlocutory order that either grants or denies a preliminary

1

injunction," is "an exception to the general rule" of *Griggs*, and does "does not prevent the district court from proceeding on the merits." *N.Y. State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1349-50 (2d Cir. 1989). For these reasons, as outlined in greater detail below, ACLS Plaintiffs respectfully submit that their interlocutory appeal was properly taken, and that this Court retains jurisdiction to proceed on ACLS Plaintiffs' Grant Termination Claims.

Given the two consolidated cases and the various claims at issue, Plaintiffs provide the below chart if helpful in evaluating the relevant timeline and issues.

| Claim | July 25 Decision & Order | | Addressed in August 6 Order | Included in ACLS Appeal |
|---|---|---|---|---|
| ACLS Institutional Claims | Denied preliminary injunction for ACLS Plaintiffs | Granted motion to dismiss | No | Yes |
| ACLS Grant Termination Claims | Denied preliminary injunction for ACLS Plaintiffs | Denied motion to dismiss | No | No |
| Authors Guild Grant Termination Claims | Granted preliminary injunction for Authors Guild Plaintiffs | Denied motion to dismiss | Yes | No |

ACLS Plaintiffs' Institutional Claims challenge NEH's elimination of programs, divisions, and staff, while the Grant Termination Claims challenge the termination of the individual grants held by ACLS Plaintiffs and their members. *See* Decision and Order, ECF No. 116 at 33-34, 37 (July 25, 2025). ACLS Plaintiffs moved for a preliminary injunction on both sets of claims. In the Court's July 25 Decision and Order, the Court denied ACLS' Plaintiffs motion for a preliminary injunction as to both sets of claims. *Id.* at 81. The Court further granted the government's motion to dismiss the Institutional Claims for lack of standing, but the Court denied the motion to dismiss as to the Grant Termination Claims. *Id.* at 51-52.

The July 25 Decision and Order separately addressed the Authors Guild Plaintiffs' claims, and the Court granted the Authors Guild Plaintiffs' preliminary injunction on the terms set by the Court. *Id.* at 81. Subsequently, on August 6, the Court entered an order providing the specific terms of the preliminary injunction granted to the Authors Guild Plaintiffs. Order Granting Preliminary Injunction, ECF No. 122 (Aug. 6, 2025). That order was limited to the Authors Guilds Plaintiffs' claims and did not address any claims brought by ACLS Plaintiffs.

Plaintiffs respectfully respond to the specific issues raised by the Court below:

Issue 1-3:

ACLS Plaintiffs' interlocutory appeal is from the Court's July 25 Decision and Order denying ACLS Plaintiffs' motion for a preliminary injunction and dismissing ACLS Plaintiffs' Institutional Claims. The appeal is not from the Court's subsequent August 6 order entering the Authors Guilds' preliminary injunction.

The July 25 Decision and Order is appealable under 28 U.S.C. § 1292(a)(1). The Decision and Order is an "Interlocutory order[]"; the Court wrote that "[t]his constitutes the decision and order of the Court." ECF No. 116 at 82. And it is an interlocutory order "refusing or dissolving injunctions" for ACLS Plaintiffs, because the Court ordered that "ACLS's Motion for a Preliminary Injunction is DENIED." *Id.* at 81.

It was with regard to the July 25 Decision and Order that ACLS Plaintiffs' notice of appeal characterized the action of the Court as "denying Plaintiffs' motion for a preliminary injunction and granting in part and denying in part Defendants' motion to dismiss." ECF No. 121 (citing ECF No. 116). ACLS Plaintiffs also respectfully submit that they were not the prevailing party of the July 25 Decision and Order, given that their motion for a preliminary injunction was denied in full and the subsequent August 6 order was limited to the Authors Guild Plaintiffs.

3

Issue 4:

Under Second Circuit precedent applying 28 U.S.C. § 1292(a)(1), where an interlocutory order of the district court denies a preliminary injunction and a party appeals from that order, the Second Circuit has jurisdiction over "the entire order and not merely the propriety of the grant of the injunctive relief." *Erving*, 468 F.2d at 1067; *accord United States v. Bedford Assocs.*, 618 F.2d 904, 915 (2d Cir. 1980) (because an appeal was "proper under s 1292(a)(1), . . . the court of appeals therefore had jurisdiction over the entire order"). Other Courts of Appeals are in accord. *See, e.g.*, *Am. Soc'y for Testing & Materials, et al. v. Public.Resource.Org, Inc.*, 896 F.3d 437, 445 (D.C. Cir. 2018) ("Although an order granting partial summary judgment is usually considered a nonappealable interlocutory order, because this order granted an injunction, we may consider the entire appeal pursuant to 28 U.S.C. § 1292(a)(1)." (alteration and quotations omitted)); *Casas v. Am. Airlines, Inc.*, 304 F.3d 517, 520 n.3 (5th Cir. 2002) (describing Fifth Circuit precedent that "once an order has been deemed appealable under § 1292(a)(1), the entire order, not merely the propriety of injunctive relief, comes within this court's scope of review").

Here, because the July 25 Decision and Order denied an injunction, 28 U.S.C. § 1292(a)(1) authorizes ACLS Plaintiffs to appeal other aspects of the order, including the dismissal of the Institutional Claims.

Issue 5:

ACLS Plaintiffs' appeal of the July 25 Decision and Order does not preclude this Court from moving forward with substantive litigation on ACLS Plaintiffs' remaining Grant Termination Claims. That is the case for two reasons.

First, ACLS Plaintiffs are only appealing the Court's disposition of the Institutional Claims and not the denial of a preliminary injunction on the Grant Termination Claims. ACLS

Plaintiffs explained that in a motion to expedite filed with the Second Circuit, indicating that the Grant Termination Claims "are not at issue on appeal." No. 25-1905, Dkt. No. 17 at 1-2 & n.1 (Aug. 25, 2025). Defendants acknowledged that ACLS Plaintiffs were not appealing on the Grant Termination Claims in their response and argued that this fact weighed against expedition. No. 25-1905, Dkt. No. 21 at 5 (Sept. 3, 2025). If further confirmation would aid the Court, ACLS Plaintiffs confirm that they categorically will not challenge on appeal the denial of a preliminary injunction on their Grant Termination Claims.

Under the divestiture rule of *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982), an interlocutory appeal divests a district court of jurisdiction only over "those aspects of the case involved in the appeal. *Id.* at 58. An interlocutory appeal "does not divest the district court of jurisdiction over aspects of a suit outside the appeal." *City of New York v. Beretta U.S.A. Corp.*, 234 F.R.D. 46, 50 (E.D.N.Y. 2006) (Weinstein, J.); *see also Terry*, 886 F.2d at 1350. Here, the aspects of the case on appeal—which relate only to the Institutional Claims—are entirely separate from the Grant Termination Claims that remain in this Court. The Institutional Claims challenge the elimination of programs, divisions and staff, and allege injury largely based on lost future grants that ACLS Plaintiffs would have sought to obtain. The Grant Termination Claims allege that the individual terminations of grants previously held were unlawful, because they were carried out by DOGE and violated the First Amendment. Nothing decided on appeal on the Institutional Claims will affect the Grant Termination Claims that remain before this Court, and *vice versa*.

Moreover, even if ACLS Plaintiffs had appealed the denial of a preliminary injunction on the Grant Terminations Claims (which they do not), the Second Circuit has held that appeals of grants or denials of preliminary injunctions are an exception to the *Griggs* rule. The Second

5

Circuit has held that "an exception to the general rule" of *Griggs* is "an immediate appeal from an interlocutory order that either grants or denies a preliminary injunction," "which does not prevent the district court from proceeding on the merits" of the claims on appeal. *Terry*, 886 F.2d at 1349-50. In other words, "[a]lthough the filing of a notice of appeal ordinarily divests the district court of jurisdiction over issues decided in the order being appealed, jurisdiction is retained where . . . the appeal is from an order granting or denying a preliminary injunction. *Webb v. GAF Corp.*, 78 F.3d 53, 55 (2d Cir. 1996); *see also United States v. Zedner*, 555 F.3d 68, 83 (2d Cir. 2008) ("The district court retains jurisdiction to issue a permanent injunction during an appeal from an order granting or denying a preliminary injunction."); *Broker Genius Inc. v. Seat Scouts LLC*, No. 17-CV-8627 (SHS), 2019 WL 452050, at *2 (S.D.N.Y. Feb. 5, 2019) ("In other words, the matter may proceed in district court on the merits while the appeal is pending."); *S.E.C. v. Byers*, 637 F. Supp. 2d 166, 174 (S.D.N.Y. 2009) (similar).

Thus, even if ACLS Plaintiffs' appeal of the July 25 Decision and Order denying a preliminary injunction did involve the same legal issues or claims that remain before this Court (and again, the appeal does not), Second Circuit precedent dictates that the case may move forward while the appeal proceeds.

## CONCLUSION

For the above reasons, ACLS Plaintiffs respectfully submit that they filed a proper notice of appeal of the Court's July 25 Decision and Order denying a preliminary injunction on the Institutional Claims and dismissing those claims, and that this Court retains jurisdiction to move forward on the remaining Grant Termination Claims.

September 11, 2025                    Respectfully submitted,

*/s/ Lynn Eisenberg*
Daniel F. Jacobson[+]
Lynn D. Eisenberg*
John Robinson
JACOBSON LAWYERS GROUP PLLC
*1629 K Street NW, Suite 300*
*Washington DC, 20006*
*(301) 823-1148*
*dan@jacobsonlawyersgroup.com*
*lynn@jacobsonlawyersgroup.com*
*john@jacobsonlawyersgroup.com*

[+] *Pro hac vice motion forthcoming*
\* *Admitted pro hac vice*

*Counsel for Plaintiffs*