

# Jacobson
Lawyers Group

John Robinson
1629 K St. NW, Suite 300
Washington, DC 20006
(301) 823-1148
john@jacobsonlawyersgroup.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/2/2025

October 2, 2025

**BY ECF**

The Honorable Colleen McMahon
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *American Council of Learned Societies v. Michael McDonald*, No. 25 Civ. 3657 (CM)

Dear Judge McMahon:

MEMO ENDORSED

We represent the ACLS Plaintiffs in the above-referenced matter. As the Court is aware, yesterday, Chief Judge Swain entered a standing order staying all civil cases in which the U.S. Attorneys' Office for the Southern District of New York has appeared as counsel for federal agencies or officials, which includes this case. *See* Standing Order, No. 1:25-cv-00433 (S.D.N.Y. Oct. 1, 2025), Dkt. 2. It is unclear from the face of the standing order whether it applies to stay the discovery process that this Court ordered at the parties' initial pretrial conference. We write to respectfully request that the Court clarify that the stay does not apply to the discovery process and related proceedings, or lift the stay to the extent it does apply. Plaintiffs have conferred with Defendants, who state "defendants take no position and the handling AUSAs are furloughed and not permitted to work on this matter."

As discussed at the September 25 pretrial conference, Plaintiffs and their members continue to suffer irreparable harm resulting from Defendants' unconstitutional termination of their NEH grants. Indeed, the Court in its preliminary injunction decision held that the record was "replete with evidence that the plaintiff grantees have experienced and will continue to experience harm from the cancelation of their grants, and that such harm will not be remediable by future monetary relief." Dkt. 116 at 71. Following the September 25 hearing, the Court authorized Plaintiffs to serve discovery requests immediately, ordered the government to respond or object to such requests within 14 days, and indicated that the Court would resolve any objections promptly. *See* 9/25/2025 Minute Entry.

Plaintiffs in this case and the related *Authors Guild* case served their initial requests for production, interrogatories, and requests for admission on Defendants on September 29. They also served deposition notices for the Acting Chairman of NEH, Michael McDonald, NEH's Assistant Chair for Programs, Adam Wolfson, as well as Justin Fox and Nate Cavanaugh, the two DOGE officials who terminated the grants at issue. Under this Court's order, Defendants' responses to Plaintiffs' written discovery requests are due on October 13. If the Chief Judge's stay in all civil cases involving the federal government applies to discovery in this case,

---

Handwritten endorsement:

10/2/2025

The standing order applies to this case and to all matters comprehended therein + I am not at liberty to countermand it. It is my understanding that the Civil Division attorneys are not permitted to do any work. But the Chief's order was clear and the case is stayed for all purposes.

CM

proceedings in this case will be on pause indefinitely, depriving Plaintiffs and the public of information that is both of significant public import and that is necessary to advance this case toward final resolution.

During prior lapses in appropriations, courts have denied government motions to stay proceedings or lifted stays when warranted. *See, e.g.*, *Kornitzky Grp., LLC v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019) (collecting cases). The Chief of SDNY's Civil Division has likewise represented that if "any District Judge in a case . . . determines that a matter affected by the Court's [standing] order cannot be stayed or that the appearance or continued work of counsel for the United States is essential during the shutdown," then his office "will find a way to address the situation." Letter from J. Oestericher, No. 1:25-cv-00433 (S.D.N.Y. Oct. 1, 2025), Dkt. 1. Here, given the ongoing irreparable harm to ACLS Plaintiffs and their members, the strong public interest in having this case resolved expeditiously, and the uncertainty surrounding the length of the lapse in appropriations, ACLS Plaintiffs respectfully request that the Court clarify that the stay does not apply to discovery in this matter, or lift the stay if it does.

Respectfully submitted,

/s/ John Robinson
Daniel F. Jacobson[+]
Lynn D. Eisenberg
John Robinson
JACOBSON LAWYERS GROUP PLLC
1629 K Street NW, Suite 300
Washington DC, 20006
(301) 823-1148
john@jacobsonlawyersgroup.com

[+] *SDNY Admission Pending*

*Counsel for ACLS Plaintiffs*

2