

John Robinson
1629 K St. NW, Suite 300
Washington, DC 20006
(301) 823-1148
john@jacobsonlawyersgroup.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/14/25

October 9, 2025

**BY ECF**
The Honorable Colleen McMahon
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

[Handwritten note: 10/14/2025 — If this is a motion to stay — and make sure such a motion is filed — Mr. Ostreicher be served by the next Friday Oct 17 to respond. /s/ McMahon]

Re: *American Council of Learned Societies v. Michael McDonald*, No. 25 Civ. 3657 (CM)

Dear Judge McMahon:

We represent the ACLS Plaintiffs in the above-referenced matter. We write to respectfully renew our request to permit discovery to go forward in this matter, in light of three developments since this Court denied our prior letter motion: (1) Chief Judge Swain has amended the standing order to specifically permit parties to seek relief from the stay in civil actions; (2) the Department of Justice has confirmed that its attorneys *may* permissibly work on civil matters if a court orders that the matter continue; and (3) at least one other court in this District has denied a stay and ordered discovery to go forward in a civil action, and many courts in other jurisdictions have lifted or denied stays in civil cases as well.

This Court denied ACLS Plaintiffs' prior letter motion on the ground that the Chief Judge's October 1 Standing Order staying civil matters applied to this case, and this Court was not at liberty to countermand it. ECF No. 144 at 1. However, on October 2, the Chief Judge materially amended the Standing Order. *See* Standing Order, No. 1:25-mc-00433, ECF No. 3 (S.D.N.Y. Oct. 2, 2025). The Amended Standing Order added a paragraph permitting any party to "seek[] relief from this Order in any particular civil action," so long as the party emails the motion seeking relief to the Civil Division of the U.S. Attorney's Office.[1] *Id.* ¶ 3.[2] Thus, whereas the original Standing Order did not address this Court's discretion to lift the stay on civil actions, the Amended Standing Order expressly provides this Court such discretion.

In denying the prior letter motion, this Court also stated its understanding that the Civil Division attorneys from the U.S. Attorney's Office are not permitted to do any work during the shutdown. However, DOJ's official Contingency Plan for a lapse in appropriations explains that federal employees may continue to perform activities for which there is express legal authorization to continue, and DOJ states that this exception is met where a court orders a civil matter to continue. U.S. Department of Justice FY 2026 Contingency Plan ("DOJ Contingency Plan") at 1-3 (Sept. 29, 2025), https://www.justice.gov/jmd/media/1377216/dl. DOJ states that, if a court "orders a case to continue, the Government will comply with the court's order, which

---

[1] Consistent with this directive, ACLS Plaintiffs have emailed a copy of this letter to jeffrey.oestericher@usdoj.gov.
[2] The Amended Standing order also exempts from the stay briefing deadlines on motions for temporary restraining orders and preliminary injunctions. No. 1:25-cv-00433, ECF No. 3 ¶ 4.

would constitute express legal authorization for the activity to continue." *Id.* Accordingly, if this Court lifts the stay and orders that discovery continue, it would be undisputed that the Civil Division's attorneys could continue to work on this matter.

There also would not be anything prohibiting NEH or the other Defendants to assist with discovery during a lapse. As this Court has recognized and Defendants themselves have emphasized, NEH's appropriations "remain available until expended," meaning NEH's funds did not expire on September 30, as was the case for most other federal agencies. As for DOGE, Defendants Fox and Cavanaugh are no longer federal employees, and the Executive Office of the President's Contingency Plan for a lapse indicates that DOGE and all of its employees are "exempt" from the shutdown. *EOP Contingency Plan for a Shutdown Furlough*, https://www.whitehouse.gov/wp-content/uploads/2025/10/Executive-Office-of-the-President-EOP-Shutdown-Plan.pdf. As such, there would be no impediment to Defendants' participation in discovery if this Court orders discovery to proceed.

At least one other court in this District has entered such an order for civil discovery to go forward. In *United States v. Live Nation Entertainment, Inc.*, No. 1:24-cv-03973, ECF No. 652 (S.D.N.Y. Oct. 1, 2025), which is a civil antitrust matter, the federal government moved to stay discovery based on the lapse in appropriations, but Judge Subramanian denied the request. *Id.*, Order, ECF No. 652 (Oct. 1, 2025). Numerous other courts over the last week have similarly denied or lifted stays of civil actions.. *See, e.g., United States v. Google LLC*, No. 1:20-cv-3010, Oct. 2, 2025 Minute Order (D.D.C.); *Rhode Island Coal. Against Domestic Violence v. Kennedy*, No. 1:25-cv-0342, Text Order (D.R.I.); *Camp Lejeune Water Litigation v. United States*, No. 7:23-cv-0897, 2025 WL 2827029 (E.D.N.C. Oct. 6, 2025); *Am. Fed'n of Gov't Emps. v. Trump*, No. 3:25-cv-3698, ECF No. 276 (N.D. Ca. Oct. 3, 2025); *Planned Parenthood Fed'n of Am., Inc. v. Kennedy*, Nos. 25-1698, 25-1755, Doc. 00118347754 (1st Cir. Oct. 2, 2025); *Nat'l TPS Alliance v. Noem*, No. 25-5724, Doc. 29.1 (9th Cir. Oct. 2, 2025).

Lifting the stay on discovery is warranted here. ACLS Plaintiffs and their members continue to suffer irreparable harm from the unlawful terminations of their awards, and the interests of justice strongly favor prompt discovery of information that is of significant public import and is necessary to advance this case toward final resolution.

ACLS Plaintiffs respectfully request that the Court lift the stay on discovery in this matter.

                                      Respectfully submitted,

                                      */s/ John Robinson*
                                      Daniel F. Jacobson[+]
                                      Lynn D. Eisenberg
                                      John Robinson
                                      JACOBSON LAWYERS GROUP PLLC
                                      5100 Wisconsin Ave. NW, Suite 301
                                      Washington DC, 20016
                                      (301) 823-1148

john@jacobsonlawyersgroup.com

[+] *SDNY Admission Pending*

*Counsel for ACLS Plaintiffs*