

**U.S. Department of Justice**

United States Attorney
Southern District of New York

86 Chambers Street
New York, New York 10007

October 17, 2025

[Handwritten annotation: 10/22/2025 — I decline to lift the stay imposed by the Chief Judge. CM]

**BY ECF**

The Honorable Colleen McMahon
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:   *American Council of Learned Societies v. National Endowment for the Humanities*, No. 25 Civ. 3657 (CM) and *The Authors Guild v. National Endowment for the Humanities*, No. 25 Civ. 3923 (CM)

[Stamp: MEMO ENDORSED]

Dear Judge McMahon:

    This Office represents the government in the above-referenced cases. We write respectfully in response to the ACLS Plaintiffs' letter motion to lift the stay of this action imposed by Chief Judge Swain in light of the lapse in funding to the Department of Justice. *See* Standing Order M10-468, Case No. 25-mc-433 (LTS), ECF No. 3. Because continuing to litigate this case—and, in particular, engaging in discovery—would require the expenditure of significant time and resources by the government during the lapse in appropriations, and because the ACLS Plaintiffs have not identified any persuasive reason why their case should be excepted from the stay, the government asks the Court to deny the ACLS Plaintiffs' motion.

    The undersigned attorneys, like nearly all of the Assistant United States Attorneys and staff in the Civil Division, are currently furloughed and not permitted to work, except with respect to cases falling into specified carveouts that do not apply to this matter. *See* 31 U.S.C. § 1342 (explaining that federal government employees may not work on a voluntary basis "except for emergencies involving the safety of human life or the protection of property").[1] Accordingly, and consistent with the United States Department of Justice's FY 2026 Contingency Plan, this Office requested that civil cases in which this Office has appeared be stayed. *See* Case No. 25-mc-433 (LTS), ECF No. 1; *see* U.S. Department of Justice FY 2026 Contingency Plan, Sept. 29, 2025 (the "DOJ Contingency Plan"), available at https://www.justice.gov/jmd/media/1377216/dl (providing that "[c]ivil litigation . . . be curtailed or postponed to the extent that this can be done without compromising to a significant degree the safety of human life or the protection of property"). While the ACLS Plaintiffs are correct that the DOJ Contingency Plan provides that the government will comply with a court order if a court orders a case to continue, the government submits that the court should not except this case from being stayed.

---

[1] The attorneys received an exception from furloughed status to provide this response, pursuant to the Court's order.

The Honorable Colleen McMahon
Page 2

First, the ACLS Plaintiffs seek to lift the stay to proceed with discovery, but the lapse in government funding poses significant impediments to responding to Plaintiffs' discovery demands. If the Court lifts the stay, the government will have thirteen business days[2] to respond to expansive discovery demands from the ACLS and Authors Guild Plaintiffs. The demands served by the ACLS Plaintiffs seek documents and information from NEH, DOGE, and the Executive Office of the President, and comprise fifty-two requests to admit, fourteen broad requests for production, some composed of multiple subparts, and eleven broad interrogatories. Those served by the Authors Guild Plaintiffs substantially overlap with, but are not identical to, the ACLS Plaintiffs' demands; they also seek documents and information from NEH, DOGE, and the Executive Office of the President, and comprise fifty-six requests to admit, thirteen broad requests for production, some composed of multiple subparts, and eleven broad interrogatories. As an example of the breadth of the requests, both sets of Plaintiffs seek "[a]ll Documents and Communications Relating To the interpretation or Implementation of" four executive orders issued by the President. As another example, the Authors Guild Plaintiffs have asked the government to identify which specific individual or individuals populated each cell in a particular 1,000-plus-cell column of a spreadsheet in the administrative record.

NEH employees are restricted from working during the lapse in funding except for certain specified and limited activities.[3] Thus, even if the undersigned AUSAs were granted excepted status to work on this matter, we will not be able to confer with and obtain information from relevant individuals at NEH regarding Plaintiffs' discovery demands until funding is restored. We also sent an email to our DOGE contacts on Wednesday, October 15, to determine the status of DOGE employees and have not yet received a response. Consequently, requiring the government to respond to Plaintiffs' discovery demands during the lapse in funding will prejudice the government, because we will not have the information necessary to formulate complete and accurate responses and objections.

Additionally, the ACLS Plaintiffs have not persuasively articulated why their case warrants exceptional treatment. They argue vaguely that they and their members "continue to suffer irreparable harm from the unlawful terminations of their awards," ECF No. 145, at 2, but the preliminary injunction entered by this Court, enjoining NEH from re-obligating the funds that would have been payable under Plaintiffs' grants, ECF No. 122,[4] remains in effect during the stay.

---

[2] The ACLS Plaintiffs incorrectly stated that this Court provided the government fourteen days to respond to their discovery demands, which were served on September 29, 2025. ECF No. 143. The Court provided the government fourteen business days.

[3] Although NEH has a certain amount of "carryover" appropriations, it must obtain approval from the Office of Management and Budget ("OMB") to spend such funds during a lapse in funding, and OMB has limited the activities NEH is permitted to carry out during the funding lapse. In obtaining approval from OMB for permitted apportionments of carryover funds, agencies and OMB take into account factors such as the duration of the lapse, implications of exhausting available balances in the near term versus the long term, and potential additional expenses that may be required if funds are exhausted too quickly.

[4] Although the Court only granted the preliminary injunction in the Authors Guild case, the injunction applies to "all individual NEH grant recipients whose grants were terminated as part of

The Honorable Colleen McMahon
Page 3

While the ACLS Plaintiffs assert that they are harmed by the fact that NEH has not paid them grant funds they believe they are owed, this Court has explained its view that it likely lacks jurisdiction to order NEH to pay Plaintiffs' grant funds and that, if Plaintiffs seek to compel the government to pay out the grant funds immediately, they must seek such relief in the Court of Federal Claims. *See* ECF No. 116 ("If Plaintiffs whose grants were terminated (or those representing their interests) really want a court to order that, 'Defendants and their agents take all steps necessary to ensure that the National Endowment for the Humanities disburses funds on covered grants in the customary manner and in customary time frames,' (Dkt. Nos. 65, at 1-2; 65-2, at 2), it would appear to me that they need to seek relief in the Court of Federal Claims."); ECF Nos. 127, 129; Transcript of Initial Pretrial Conference held on Sept. 25, 2025 ("Tr.") at 4:24-5:5, excerpted and attached as Exhibit A ("If you want the money now, you go to the Court of Federal Claims . . . but I can't adjudicate that claim"). Given the timeline of this case to date, moreover, it is not clear how a stay for the duration of the lapse in funding will make a meaningful difference to Plaintiffs' position. *See* Exhibit A, Tr. 9:1-9:7 (noting at the September 25, 2025, conference that Plaintiffs "have not pushed this case in the way [the Court] would have expected," given their claims of irreparable harm, and that the case was "not going to get litigated in the next three weeks").

This Office is mindful of the burden the lapse in funding imposes on litigants in stayed cases. Given the limitations on this Office's and NEH's activities during the lapse in government funding, however, we are concerned that, if the Court lifts the stay in the case and orders the parties to proceed to engage in discovery, the government will not be able to effectively do so. Furthermore, Plaintiffs have not identified any particular harm they will suffer from a stay pending the restoration of funding. Accordingly, the government respectfully requests that the Court decline to lift the stay in this case.

We thank the Court for its consideration of this submission.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: s/ *Mary Ellen Brennan*
MARY ELLEN BRENNAN
RACHAEL DOUD
Assistant United States Attorneys
86 Chambers St., 3rd Floor
New York, New York 10007
(212) 637-2699
(212) 637-2652

cc: All counsel of record (via ECF)

---

the April 1-3, 2025 Mass Termination" and thus applies to the grants of the ACLS Plaintiffs and their members. ECF No. 122.