

Daniel Jacobson
Jacobson Lawyers Group PLLC
5100 Wisconsin Ave NW, Suite 301
Washington, DC 20016
(301) 823-1148
dan@jacobsonlawyersgroup.com

**BY ECF**
The Honorable Colleen McMahon
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *American Council of Learned Societies v. Michael McDonald*, No. 25-cv-3657 (CM)

Dear Judge McMahon:

  Plaintiffs in the above-captioned case ("ACLS Plaintiffs") submit this letter to notify and seek relief from the Court regarding Defendants' refusal to comply with the Court's orders regarding discovery. This Court ordered months ago that the record in this matter would not be limited to an administrative record and that ACLS Plaintiffs would be permitted to take full discovery as relevant to their constitutional claims. And yet, Defendants continue to insist that they presumptively need not produce records or information beyond the administrative record, and Defendants are refusing to participate in standard discovery of the named Defendants.

  In particular, Defendants refuse to conduct any search of records from the U.S. DOGE Service or from Justin Fox and Nate Cavanaugh (the DOGE agents that carried out the grant terminations, and collectively with the U.S. DOGE Service, the "DOGE Defendants"). Defendants are also refusing to provide information within the DOGE Defendants' knowledge. ACLS Plaintiffs limit their instant requests to the narrow, straightforward issue of whether Defendants must produce discovery from the DOGE Defendants, as this Court already ordered.

  ACLS Plaintiffs are mindful that this Court's Individual Practices and Procedures provide that, upon the first discovery dispute, parties should file a letter to Chambers via ECF and ask for an order of reference to the Magistrate Judge. *See* § V.B. ACLS Plaintiffs will proceed in any manner the Court deems suitable, but respectfully suggest that it would be appropriate for this Court to resolve the issues herein given that they concern enforcing the Court's prior orders.

  ACLS Plaintiffs understand that the Authors Guild Plaintiffs will file their own motion to compel under Rule 37 today. In light of the Court's individual rules on discovery disputes, ACLS Plaintiffs were uncertain whether a letter preceding a formal motion was necessary, but if the Court believes a Rule 37 motion is the proper vehicle for resolving these issues, ACLS Plaintiffs respectfully request that the Court treat this letter as a Rule 37 motion to compel, or instruct ACLS Plaintiffs to separately file such a motion and ACLS Plaintiffs will do so promptly.

1. **This Court Ordered Discovery Beyond the Administrative Record**

This Court has repeatedly directed that Plaintiffs are entitled to discovery in this matter on their constitutional claims. On September 9, in response to letters from both sets of Plaintiffs regarding the need for discovery, the Court made clear: "The government is NOT correct that this is a case in which we are limited to the administrative record." ECF No. 131. The court explained that these are primarily constitutional cases, "as to which discovery is entirely appropriate," and that the Court would discuss the details at the September 25 case management conference. *Id.*

In advance of that hearing, Defendants submitted a letter seeking for the Court to revisit its conclusion. ECF No. 138. Defendants argued that "traditional discovery . . . is not appropriate in this case," and that "the parties should not move forward with [any] discovery until Plaintiffs review the administrative record, identify what, if any, extra-record discovery they need, and explain why such discovery is warranted." *Id.* at 1-2.

The Court flatly rejected Defendants' arguments at the September 25 conference. The Court explained that the Administrative Procedure Act's record-review principle does not apply here, where "[c]onstitutional claims have been asserted." Tr. 11:20. The Court was crystal clear that it was "going to give [Plaintiffs'] ***full discovery***" on their "allegations that the executive branch has, in violation of the oath of office taken by every member of the executive branch, failed to preserve and defend the Constitution of the United States in connection with these particular decisions." *Id.* at 11:23–12:2 (emphasis added).

The Court likewise left no ambiguity that entities other than NEH would have to participate and produce records and information. In its opening remarks at the hearing, the Court said that Defendants would have to produce "all the conversations that went on within DOGE and between DOGE and the NEH about how this particular set of decisions was going to be carried out." Tr. 3:11-13. The Court later directed Defendants: "You have to go up to the White House, and you have to start there; and you have to go through DOGE, and you have to go there; and you have to turn over everything that has anything to do with the -- directly or indirectly, directly or indirectly with the making of the ultimate making of decisions at the National Endowment for the Humanities, or any other agency, because it was all a seamless web, as we all know." *Id.* at 7:7-13.

The Court thereafter directed Plaintiffs: "You should issue discovery requests." *Id.* at 9:20. The government well-understood the Court's orders, acknowledging toward the end of the conference: "we understand that your Honor is allowing [Plaintiffs] to proceed with discovery." *Id.* at 17:14–15.

The Court memorialized its order later that day, stating in relevant part: "Plaintiffs may serve discovery requests, and the Government has fourteen (14) business days to respond or object." *See* Sept. 25, 2025 Minute Entry.

**2. Defendants Have Not Complied with the Court's Orders**

On September 29, consistent with the Court's order, both sets of Plaintiffs served Defendants with their first sets of interrogatories, requests for production, and requests for admission. Plaintiffs also noticed four depositions. The government's responses were due October 13, but that deadline was delayed until December 2 because of a stay during the federal lapse in appropriations.

On November 25, two months after the Court ordered discovery to go forward, two days before Thanksgiving, and four business days before their responses were due, Defendants emailed Plaintiffs stating: "we do not believe it is appropriate for plaintiffs to proceed with discovery requests, and for the government to be required to respond to those requests, before plaintiffs have made a showing that the administrative record is incomplete or insufficient for the purposes of resolving the remaining claims." Ex. A (11/25/25 9:29 PM email from R. Doud). Defendants stated that they intended to move for a protective order that "would prevent discovery from proceeding and relieve us of the obligation to respond to the discovery requests that have been served, unless and until plaintiffs making a showing that such discovery is warranted because the administrative record is incomplete and insufficient to decide the claims." *Id.* (11/25/25 10:02 PM email from Doud). After Plaintiffs in both cases noted that the Court had already resolved the matter and questioned the timing of the government's intended filing, Defendants stated that they would forgo the motion and instead assert objections to the requests.

On December 2, Defendants served their discovery responses and objections. The responses and objections largely effectuated Defendants' position that discovery beyond the administrative record was inappropriate. In particular, as to the discovery requests directed at records and information from entities other than NEH, such as the DOGE Defendants, Defendants categorically refused to provide their records or any information within their exclusive knowledge. By way of example,[1] ACLS Plaintiffs refer the Court to the following interrogatory in which ACLS Plaintiffs asked for the basic factual information of the person(s) Defendant Fox was referencing when he said that he was "receiving pressure from the top" regarding the grant terminations:

> **Interrogatory No. 5**: Identify all individuals who Defendant Fox references as providing "pressure from the top" in his March 31, 2025, email to Defendants McDonald and Cavanaugh in the document that You produced, stamped NEH_AR_000010 at *10. For each individual, state their name, title, and organizational affiliation at the time of Defendant Fox's email.
>
> **Response to Interrogatory No. 5**: The Government objects to this interrogatory because it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information. The Government also objects to this interrogatory on the

---

[1] For the sake of brevity, and because all of Defendants' objections relying on the administrative record are similarly worded, ACLS Plaintiffs do not quote every request and response in this letter request; however, ACLS Plaintiffs are willing to submit a full list of the interrogatories and requests for production at the Court's request.

3

ground that it is overly broad, unduly burdensome and not proportional to the needs of the case, and that it seeks information not relevant to the parties' claims or defenses.

In light of its objections, the Government does not intend to respond to this interrogatory. However, the Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

As another example, Plaintiffs refer the Court to the following request for production of NEH-related documents from the DOGE Defendants, for which Defendants indicated that they would only search records "at NEH" and not other records internal to or involving the DOGE Defendants.

> **Request for Production No. 2**: All Documents and Communications of Defendants U.S. DOGE Service, Fox, Cavanaugh, and Gleason Relating To NEH, from January 20, 2025, to April 30, 2025, including but not limited to Documents and Communications Relating To
>
> > a. NEH grants, awards, or NEH funding;
> > b. the deployment of Fox and Cavanaugh to NEH;
> > c. the work of Fox and Cavanaugh while at NEH; and
> > d. the relationship and interactions of DOGE, Fox, and Cavanaugh with Defendants NEH and McDonald.
>
> **Response to Request for Production No. 2**: The Government objects to this request because it seeks material beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such material. [*remainder of objections removed for purposes of this request.*]
>
> Subject to and without waiving its objections, the Government agrees to undertake a search *at NEH* to identify responsive, non-privileged documents related to the decisions to terminate NEH grants that are not already included in the administrative record.

(emphasis added).

These are just two examples of Defendants' broader position, applicable to many of the discovery requests, that they will not provide discovery from the DOGE Defendants.

On December 8, the parties met and conferred over Defendants' objections and responses.[2] During the call, defense counsel made clear that documents of Defendants Cavanaugh, Fox, and the U.S. DOGE Service have not been searched in order to respond to

---

[2] Counsel for the ACLS Plaintiffs and the Author's Guild Plaintiffs participated in the meet and confer.

Plaintiffs' discovery requests. Defense counsel refused to commit to searching the DOGE Defendants' records and providing discovery from them. Instead, defense counsel reiterated their position that Plaintiffs had not identified "gaps" in the administrative record that would entitle Plaintiffs to discovery from these Defendants. At the same time, defense counsel confirmed that the administrative record does not include internal documents from the DOGE Defendants.[3]

Following the meet-and-confer, ACLS Plaintiffs emailed Defendants asking them to commit, by 2pm today (December 9), that they would provide discovery from the DOGE Defendants as the Court ordered. Defendants responded that they "are evaluating this and the other issues" discussed on the meet and confer, and "will not be able to provide a response by 2pm today." Ex. B (12/9/25 1:35 PM email from R. Doud). Defendants stated that they "will get back to [ACLS Plaintiffs] on this and other issues by Thursday.

### 3. Defendants Are Not In Compliance with the Court's Orders and Should Be Compelled to Produce Discovery from the DOGE Defendants

As described above, Defendants have categorically refused to respond to requests for production and interrogatories directed at the DOGE Defendants, notwithstanding the Court's clear directives that Defendants must produce discovery from these Defendants and others as relevant to Plaintiffs' constitutional claims. This Court stated in no uncertain terms that "[t]he government is NOT correct that this is a case in which we are limited to the administrative record," ECF No. 131, and that the Court was granting "full discovery" on Plaintiffs' constitutional claims. *Id.* at 11:21–12:5 (emphasis added). Yet Defendants are proceeding as if the Court never issued these orders, and they continue to re-litigate the position the Court already rejected that the record should be limited to an administrative record that contains no internal documents from DOGE or Fox and Cavanaugh at all.

Defendants continue to insist that Plaintiffs must identify "gaps" in the administrative records for Defendants to even consider producing discovery. That is not what the Court ordered, but in any event, the lack of any records or information from the DOGE Defendants is an obvious "gap," given the DOGE Defendants' undisputed central role in carrying out the grant terminations. Defendants have not represented that no such records exist that are relevant to ACLS Plaintiffs' constitutional challenges. Nor could they: they have not even run searches. At its core, Defendants' position is simply that Plaintiffs should not receive any discovery from persons or entities other than NEH, the Court's instructions to the contrary notwithstanding.

Because the Court has already ruled otherwise, it should enter an order enforcing its ruling and compelling Defendants to produce discovery from the DOGE Defendants. To be clear, ACLS Plaintiffs do not seek through this request to compel Defendants to respond to discovery

---

[3] Defendants counsel provided other troubling information at the meet and confer with respect to Defendants' compliance with their discovery obligations. Defense counsel indicated that, *even for NEH*, they had not yet run *any* custodial searches of NEH employees' accounts for materials responsive to Plaintiffs' requests. Although Defendants stated that they would run those searches at some point, they refused to commit to a timeline or a date certain for production. ACLS Plaintiffs continue to seek to remedy these issues without the Court's involvement, but may be compelled to file subsequent motions in relation to these deficiencies.

requests to the extent they have other objections. The ACLS Plaintiffs and Defendants are continuing to meet and confer over such other objections, and any disputes that cannot be resolved through that process may be presented to the Court at a later date. At this time, ACLS Plaintiffs seek only an order reaffirming the Court's prior discovery orders and making clear that Defendants may not refuse to respond to discovery requests as to the DOGE Defendants on the basis that ACLS Plaintiffs are not entitled to documents beyond the administrative record.

**4. The Court Was Correct to Permit Discovery**

Given that the Court has already held that discovery is warranted, ACLS Plaintiffs will only briefly summarize several reasons why that must be the case for ACLS Plaintiffs' claims in particular.

ACLS Plaintiffs' only remaining claims are purely constitutional claims—not brought under the Administrative Procedure (APA)—grounded in the separation of powers and the First Amendment.[4] The legal basis for an administrative record is tied only to the APA, and specifically to the APA's provision that in ruling on an APA claim, "the court shall review the whole record." 5 U.S.C. § 706. Where a case does not fall under the APA's judicial review provisions, the Federal Rules of Civil Procedure govern, under which Plaintiffs "may obtain discovery regarding any nonprivileged matter that is relevant to" their claims "and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Defendants have pointed to various cases that have evaluated the standard for extra-record discovery, but virtually all of those cases were ones in which the plaintiffs brought *both* APA claims *and* constitutional claims, and the courts sought to ensure that the plaintiffs could not tack on "fundamentally similar" constitutional claims as a backdoor way to expand the record for their APA claims. *See Chiayu Chang v. United States Citizenship & Immigr. Servs.*, 254 F. Supp. 3d 160, 162 (D.D.C. 2017). Where there are no APA claims at all, that analysis does not apply.

There is simply no statutory or doctrinal basis for limiting plaintiffs that pursue only non-APA, constitutional claims to an administrative record. This conclusion "accords with the foundational tenet of constitutional adjudication that 'where constitutional rights are in issue,' courts must ensure that 'the controlling legal principles are applied to the *actual facts of the case*.'" *Mayor & City Council*, 429 F. Supp. 3d 128, 138–39 (D. Md. 2019) (quoting *Pickering v. Bd. of Educ. of Twp. of High Sch. Dist. 205, Will Cnty.*, 391 U.S. 563, 578 n.2 (1968) (Douglas, J., concurring)).

Even if ACLS Plaintiffs could somehow be limited to an administrative record where they have no APA claims, that would not be warranted here because one of ACLS Plaintiffs' constitutional challenges is to "the procedural validity of the agency's action," "rather than the substance of its decision." *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 41, 44

---

[4] The ACLS Plaintiffs' remaining claims are: (1) that DOGE chose which grants to terminate and carried out the terminations without any constitutional authority vested in it by Congress, in violation of the separation of powers; and (2) that the terminations violated the First Amendment as viewpoint discrimination.

(D.D.C. 2018) (quotations omitted). Namely, ACLS Plaintiffs allege (and the Court has found plausibly allege) that it was DOGE, and not NEH, that terminated the awards, despite DOGE lacking any constitutional authority to do so. An administrative record of *NEH's* records in taking *its* actions is not responsive to this claim, because the very issue is whether NEH was the decisionmaker at all. To properly adjudicate this claim, documents from the DOGE Defendants—including internal DOGE communications about the grant terminations and any other records from the DOGE Defendants relating to the decisionmaking process—are critical. Denying ACLS Plaintiffs access to these records would deny them any fair opportunity to establish this claim. Indeed, the Court has already generally recognized that "the process that was used to select grants for termination" is an issue of fact for which "full discovery" is appropriate. PI Op. 80, ECF No. 116.

Finally, discovery is independently warranted because evidence has emerged bringing into doubt the veracity of Defendant McDonald's declaration on the key question of whether he, and not DOGE, terminated the awards. ACLS Plaintiffs set forth that evidence in a prior submission and will not belabor it here. *See* ECF No. 139. But in this regard, this case is substantially similar to *Department of Commerce v. New York*, 588 U.S. 752, 781 (2019), where the Supreme Court held that extra-record discovery was appropriate once evidence emerged in the administrative record that contradicted the prior assertions the government had made regarding the challenged actions. *See also* ECF No. 139.

***

For all of these reasons, the Court should order Defendants to comply with the Court's previous directives that they must produce discovery from the DOGE Defendants.

Respectfully submitted,

*/s/Daniel F. Jacobson*
Daniel F. Jacobson
Lynn D. Eisenberg
JACOBSON LAWYERS GROUP PLLC
5100 Wisconsin Ave. NW, Suite 301
Washington DC, 20016
(301) 823-1148
dan@jacobsonlawyersgroup.com

*Counsel for ACLS Plaintiffs*