# Exhibit 4

JAY CLAYTON
United States Attorney for the
Southern District of New York
By:    MARY ELLEN BRENNAN
       RACHAEL L. DOUD
       Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2652/2699
maryellen.brennan@usdoj.gov
rachael.doud@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE AUTHORS GUILD, WILLIAM GOLDSTEIN, ELIZABETH KADETSKY, VALERIE ORLANDO, KATALIN BALOG, BENJAMIN HOLTZMAN, LEE JASPERSE, and NICOLE JENKINS, on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br>   v.<br><br>NATIONAL ENDOWMENT FOR THE HUMANITIES, et al.,<br>         Defendants. | 25 Civ. 3923 (CM)<br><br>Consolidated with No. 25 Civ. 3657 (CM)<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to the Court's September 25, 2025, ruling, *see* Sept. 25, 2025, Minute Entry,

and Federal Rules of Civil Procedure 26 and 34 and Rule 26.3 of the Local Rules of the United

States District Court for the Southern District of New York (the "Local Civil Rules"),

Defendants National Endowment for the Humanities; Michael McDonald, in his Official

Capacity as Acting Chairman of the National Endowment for the Humanities; United States

DOGE Service; Amy Gleason, in her Official Capacity as Acting Administrator of the United

States DOGE Service; Nate Cavanaugh, in his official capacity as an employee of the General

Services Administration; and Justin Fox, in his official capacity as an employee of the General

Services Administration (the "Government"),[1] by their attorney, Jay Clayton, United States

Attorney for the Southern District of New York, hereby object and respond to Plaintiffs' First Set

of Requests for Production of Documents to Defendants dated September 29, 2025 (the

"Document Requests"), as follows:

**GENERAL OBJECTIONS AND RESERVATION OF RIGHTS**

A.    The Government objects to the Document Requests on the ground that this case

challenges agency action and review is therefore limited to the administrative record produced

by the Government.   Plaintiffs have not made any showing, much less "a significant showing,"

that "[they] will find material in the agency's possession indicative of bad faith or an incomplete

record."  *Chang v. United States Citizenship & Immigration Services*, 254 F. Supp. 3d 160, 161

(D.D.C. 2017); *see Nat'l Audubon Soc. v. Hoffman*, 132 F.3d 7, 10, 14 (2d Cir. 1997) ("[A]n

extra-record investigation by the reviewing court may be appropriate when there has been a

strong showing in support of a claim of bad faith or improper behavior on the part of agency

decisionmakers or where the absence of formal administrative findings makes such investigation

necessary in order to determine the reasons for the agency's choice.").   Accordingly, Plaintiffs

are not entitled to any documents beyond the administrative record.   The remainder of the

Government's objections are made without conceding that the Federal Rules of Civil Procedure

---

[1] When a public officer who is a party in an official capacity ceases to hold office while the action is pending, the officer's successor is automatically substituted as a party.   Fed. R. Civ. P. 25(d).   Nate Cavanaugh and Justin Fox no longer occupy the positions in which they were sued in their official capacities, and there is no successor to those positions.   Accordingly, the United States should be substituted for these officials as a defendant.  *See Berenson v. Biden*, 791 F. Supp. 3d 398, 405 (S.D.N.Y. 2025) (substituting United States for defendant sued in their official capacity who no longer held position but for whom no successor had been named).

or Local Civil Rules governing discovery in cases not involving administrative actions are applicable, or that Plaintiffs are entitled to take discovery at all.

B.    The Government objects to the Document Requests to the extent they seek information from the U.S. DOGE Service, the Executive Office of the President, or the White House, without regard to the "special considerations" that control when discovery implicates the Executive Branch.   *See Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 385-89 (2004); *In re U.S. DOGE Service, et al.*, No. 24A1122, June 6, 2025, Dkt. Entry.

C.    The Government objects to Plaintiffs' definition of "DOGE" as vague and ambiguous, including as to the meaning of the phrase "any other affiliated persons or entities," and because Plaintiffs appear to refer to the U.S. DOGE Service, DOGE Teams, and the DOGE Agenda interchangeably.

D.    The Government objects to the Document Requests to the extent they purport to require the disclosure of information beyond the scope required or permitted by the Federal Rules of Civil Procedure, the Local Civil Rules, and any other applicable law.

E.    The Government objects to the Document Requests to the extent they seek information protected from discovery under the attorney-client privilege, the work-product doctrine, the deliberative process privilege, the law enforcement privilege, the investigative privilege, the presidential communications privilege, or any other applicable privilege, immunity, statute, regulation, or rule.   The responses herein are not intended to constitute a waiver of any applicable privilege.   To the extent any privileged documents have been or are produced inadvertently, the Government reserves its right to claw back all such documents.

F.      The Government objects to the Document Requests to the extent they seek information not relevant to a claim or defense in this litigation, are not proportional to the needs of the case, are vague, ambiguous, or overbroad, and/or are unduly burdensome to answer.

G.      The Government objects to the Document Requests to the extent they seek publicly available information, or information that is already in the possession of, or readily obtainable by, Plaintiffs.   With respect to such information, the Document Requests are unduly burdensome.

H.      In providing these responses, the Government reserves the right to supplement, clarify, revise, or correct any or all of the responses herein at any time.

I.      These responses are accurate to the best of the Government's knowledge as of this date.   The Government expressly reserves the right to supplement its responses based on subsequently discovered information.

J.      In providing these responses, the Government does not waive and hereby reserves its right to assert any and all objections as to the admissibility into evidence, at the trial of this action or in any other proceeding, of any response herein or of any documents produced herewith, on any and all grounds, including, but not limited to, competency, relevancy, materiality, and privilege.

K.      In providing these responses, the Government does not in any manner admit or imply that it considers any document request to be relevant or material to the subject matter of this action, nor does the Government in any manner admit or imply that it considers any document request to be relevant to any party's claim or defense or proportional to the needs of the case.

4

L.      The Government expressly reserves the right to object to the use of its responses to the Document Requests or any documents provided in response thereto in any proceeding other than the above-captioned actions.

**RESPONSES AND OBJECTIONS TO THE SPECIFIC DOCUMENT REQUESTS**

**Request for Production No. 1:**

An unredacted copy of the email from Defendant McDonald to Defendant Fox on April 1, 2025, at 10:07 a.m. in the document You produced, stamped NEH_AR_000021-23 at *23.

**Response to Request for Production No. 1:**

The Government objects to this request because it seeks material that is protected by the deliberative process privilege.   The Government further objects to this request because it seeks material beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such material.   The Government also objects to this request on the ground that it seeks information not relevant to the parties' claims or defenses and is not proportional to the needs of the case.

In light of its objections, the Government does not intend to produce documents in response to this request.

**Request for Production No. 2:**

All Documents and Communications of Defendants U.S. DOGE Service, Fox, Cavanaugh, and Gleason Relating To NEH, from January 20, 2025, to April 30, 2025, including but not limited to Documents and Communications Relating To

a.  NEH grants, awards, or funding;

b.  the deployment of Fox and Cavanaugh to NEH;

c.  the work of Fox and Cavanaugh while at NEH; and

5

d.  the relationship and interactions of DOGE, Fox, and Cavanaugh with Defendants NEH

and McDonald.

**Response to Request for Production No. 2**:

The Government objects to this request because it seeks material beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such material.   The Government further objects to this request on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case, including because it seeks all documents and communications among a large number of individuals relating to NEH, regardless of the specific topic.   The Government also objects to this request on the ground that the phrase "relationship and interactions of DOGE, Fox, and Cavanaugh with Defendants NEH and McDonald" is vague and ambiguous.   The Government further objects to this request because it seeks documents not relevant to the parties' claims or defenses, including documents relating exclusively to claims that have been dismissed.   The Government further objects to this request to the extent it seeks documents that are protected by the attorney client privilege, work product protection, deliberative process privilege, or any other applicable privilege.   The Government refers Plaintiffs to the administrative record produced by the Government in this case, which includes documents responsive to this request.

Subject to and without waiving its objections, the Government agrees to undertake a search at NEH to identify responsive, non-privileged documents related to the decisions to terminate NEH grants that are not already included in the administrative record.

**Request for Production No. 3**:

All Documents and Communications Relating To the Mass Termination, including, but not limited to, Documents and Communications Relating To

a. the scope, motivations, rationale, Criteria, and/or bases for terminating NEH grants or awards;

b. any NEH grants considered for termination but not terminated;

c. NEH grants;

d. the application of any policies Relating To "Diversity, Equity, and Inclusion," "gender ideology," and "environmental justice" to Agency-issued grants;

e. Defendants' definitions of "Diversity, Equity, and Inclusion," "gender ideology," and "environmental justice";

f. the application of Executive Orders 14151, 14168, 14190, or 14222 to Agency-issued grants;

g. inter-Agency Communications, including those with any component or Personnel of the Executive Office of the President, or any individuals unaffiliated with an Agency Relating To the Mass Termination; and

h. the Involvement in the Mass Termination of any individuals not employed by or affiliated with DOGE or NEH.

**Response to Request for Production No. 3:**

The Government objects to this request because it seeks material beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such material.   The Government further objects to this request on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case, including because it seeks documents from any Agency, and Agency is defined to mean "any department, office, bureau, division, commission, board, or other component or subdivision of the United States Government, whether permanent or temporary, formal or informal."   The

7

Government further objects to this request because it seeks documents not relevant to the parties' claims or defenses, including documents relating exclusively to claims that have been dismissed. The Government further objects to this request to the extent it seeks documents that are protected by the attorney client privilege, work product protection, deliberative process privilege, or any other applicable privilege.   The Government refers Plaintiffs to the administrative record produced by the Government in this case, which includes documents responsive to this request.

Subject to and without waiving its objections, the Government agrees to undertake a search at NEH to identify responsive, non-privileged documents related to the decisions to terminate NEH grants that are not already included in the administrative record.

**Request for Production No. 4:**

All Documents and Communications Relating To the interpretation or Implementation of Executive Orders 14151, 14168, 14190, or 14222.

**Response to Request for Production No. 4:**

The Government objects to this request because it seeks material beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such material.   The Government further objects to this request on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case, including because it seeks documents from any Agency, and Agency is defined to mean "any department, office, bureau, division, commission, board, or other component or subdivision of the United States Government, whether permanent or temporary, formal or informal."   The Government further objects to this request because it seeks documents not relevant to the parties' claims or defenses, including documents relating exclusively to claims that have been dismissed and documents unrelated to the termination of the grants at issue in this case.   The Government

8

further objects to this request to the extent it seeks documents that are protected by the attorney client privilege, work product protection, deliberative process privilege, or any other applicable privilege.   The Government refers Plaintiffs to the administrative record produced in this case, which contains documents responsive to this request.

Subject to and without waiving its objections, the Government agrees to undertake a search at NEH to identify responsive, non-privileged documents related to the decisions to terminate NEH grants that are not already included in the administrative record.

**Request for Production No. 5:**

All Documents and Communications Relating To Spreadsheets, Keyword lists, Artificial Intelligence, Algorithms, or any other Programs or processes used to flag, review, or evaluate NEH grants or awards for potential termination, including but not limited to, any Criteria.

**Response to Request for Production No. 5:**

The Government objects to this request because it seeks material beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such material.   The Government further objects to this request on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case and seeks documents not relevant to the parties' claims or defenses.   The Government further objects to this request to the extent it seeks documents that are protected by the attorney client privilege, work product protection, deliberative process privilege, or any other applicable privilege.   The Government refers Plaintiffs to the administrative record produced in this case, which contains documents responsive to this request.   The Government also refers Plaintiffs to the Declaration of Michael McDonald included herewith, which was provided to the Plaintiffs in

9

*Thakur v. Trump*, No. 3:25-cv-4737 (N.D. Cal.), as a supplement to the administrative record in that case.

Subject to and without waiving its objections, the Government agrees to undertake a search at NEH to identify responsive, non-privileged documents related to the decisions to terminate NEH grants that are not already included in the administrative record.

**Request for Production No. 6:**

All Documents and Communications Relating To anything sent to NEH grantees and awardees notifying them of the Mass Termination, including but not limited to drafts, redlines, cover memoranda, and internal approval correspondence.

**Response to Request for Production No. 6:**

The Government objects to this request because it seeks material beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such material.   Plaintiffs allege that the termination letters sent to all grantees on April 2, 2025, were form letters, *see* Compl. ¶ 6, and the administrative record includes examples of the emails and letters sent to grantees.   *See* NEH_AR_000091-94. Further, Plaintiffs already have possession of the termination letters they received.   The Government objects to this request to the extent that it seeks copies of the correspondence sent to each grantee as overly broad, unduly burdensome and not proportional to the needs of the case. The Government further objects to this request because it seeks all drafts, redlines, cover memoranda, and internal approval correspondence concerning the termination letters and therefore seeks documents that are protected by the deliberative process privilege and, potentially, other applicable privileges, and in any event are not relevant to the parties' claims or defenses.

10

Subject to and without waiving its objections, the Government is willing to produce the termination notices sent to each of the grantees notifying them of the termination of their grants on or around April 2, 2025, if Plaintiffs want the Government to do so.

**Request for Production No. 7:**

All Documents and Communications Relating To any participation by or consultation with the National Council on the Humanities or any NEH peer-review or advisory panel Relating To the Mass Termination.

**Response to Request for Production No. 7:**

The Government objects to this request because it seeks material beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such material.   The Government further objects to this request because it seeks documents not relevant to the parties' claims or defenses.   The Government further objects to this request to the extent it seeks documents that are protected by the attorney client privilege, work product protection, deliberative process privilege, or any other applicable privilege.   The Government refers Plaintiffs to the administrative record produced in this case, which reflects the process by which grants were selected for termination and those involved.

Without waiving its objections, the Government responds that it is not aware of any documents responsive to this request.

**Request for Production No. 8:**

All Documents and Communications Relating To the instructions, prompts, Keyword lists, training materials, or configuration settings provided to any Artificial Intelligence, Algorithm, or automated Tool used in relation the Mass Termination.

11

**<u>Response to Request for Production No. 8</u>:**

The Government objects to this request because it seeks material beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such material.   The Government further objects to this request as partially duplicative of Request No. 5.   The Government also objects to this request on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case and seeks documents not relevant to the parties' claims or defenses.   The Government further objects to this request to the extent it seeks documents that are protected by the attorney client privilege, work product protection, deliberative process privilege, or any other applicable privilege.   The Government refers Plaintiffs to the administrative record produced in this case and also to the Declaration of Michael McDonald included herewith, which was provided to the Plaintiffs in *Thakur v. Trump*, No. 3:25-cv-4737 (N.D. Cal.), as a supplement to the administrative record in that case.

Without waiving its objections, the Government responds that it is not aware of any documents responsive to this request.

**<u>Request for Production No. 9</u>:**

All Outputs, Reports, Spreadsheets, or summaries generated by Artificial Intelligence, Algorithms, or automated Tools Relating To the Mass Termination.

**<u>Response to Request for Production No. 9</u>:**

The Government objects to this request because it seeks material beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such material.   The Government further objects to this request as partially duplicative of Request No. 5.   The Government also objects to this request on the

ground that it is overly broad, unduly burdensome and not proportional to the needs of the case and seeks documents not relevant to the parties' claims or defenses.   The Government further objects to this request to the extent it seeks documents that are protected by the attorney client privilege, work product protection, deliberative process privilege, or any other applicable privilege.   The Government refers Plaintiffs to the administrative record produced in this case and also to the Declaration of Michael McDonald included herewith, which was provided to the Plaintiffs in *Thakur v. Trump*, No. 3:25-cv-4737 (N.D. Cal.), as a supplement to the administrative record in that case.

Without waiving its objections, the Government responds that it is not aware of any documents responsive to this request.

**Request for Production No. 10:**

Documents sufficient to show the organizational structure of DOGE, including the individuals who have worked for DOGE and their titles, such as an organization chart.

**Response to Request for Production No. 10:**

The Government objects to this request because it seeks material beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such material.   The Government further objects to this request on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case. The Government further objects to this request because it seeks documents not relevant to the parties' claims or defenses, including documents relating to DOGE personnel with no involvement in the grant terminations at issue in this case.

In light of its objections, the Government does not intend to produce documents in response to this request.   However, the Government is available to meet and confer with

13

Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Production No. 11:**

All Documents and Communications Relating To the preparation, contents, and execution of any declarations submitted in this lawsuit or other litigation Relating To NEH grants or awards.

**Response to Request for Production No. 11:**

The Government objects to this request because it seeks material beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such material.   The Government also objects to this request on the ground that it directly seeks documents that are protected by the attorney client privilege and work product protection.   The Government further objects to this request on the grounds that, as Plaintiffs are aware, McDonald has not filed any declarations in this case and declarations filed in any other cases involving the termination of NEH grants or awards are publicly available. The Government also objects to this request on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case and because it seeks documents not relevant to the parties' claims or defenses.

In light of its objections, the Government does not intend to produce documents in response to this request.

**Request for Production No. 12:**

All Documents Relating To the reassignment, termination, or Discipline of any Agency employees In Connection With the Mass Termination.

14

**Response to Request for Production No. 12:**

The Government objects to this request because it seeks material beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such material. The Government further objects to this request on the ground that it seeks documents not relevant to the parties' claims or defenses, as Plaintiffs do not allege that any agency personnel were reassigned, terminated, or disciplined in connection with the termination of grants at issue in this case or assert any claims on that basis. The Government further objects to this request to the extent it seeks documents that are protected by the attorney client privilege, work product protection, deliberative process privilege, or any other applicable privilege.

Without waiving its objections, the Government responds that it is not aware of any documents responsive to this request.

**Request for Production No. 13:**

For the period January 20, 2021, to the present, all Documents prepared for the National Council on the Humanities Relating To grants terminated as part of the Mass Termination, including any committee books or staff write-ups.

**Response to Request for Production No. 13:**

The Government objects to this request because it seeks material beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such material. The Government further objects to this request on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case, including because it seeks documents relating to the process of reviewing and approving the grants, which Plaintiffs do not challenge in this lawsuit. The Government further objects to this

request because, for the same reason, it seeks documents not relevant to the parties' claims or defenses, including documents relating exclusively to claims that have been dismissed.   The Government also objects to this request on the ground that it seeks pre-decisional documents that are subject to the deliberative process privilege, and to the extent it seeks documents that are protected by the attorney client privilege, work product protection, or any other applicable privilege.

In light of its objections, the Government does not intend to produce documents in response to this request.   However, the Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

Dated: New York, New York
       December 2, 2025

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:    /s/ *Rachael L. Doud*
       By:    MARY ELLEN BRENNAN
              RACHAEL L. DOUD
              Assistant United States Attorneys
       86 Chambers Street, 3rd Floor
       New York, New York 10007
       Telephone: (212) 637-2652/2699
       maryellen.brennan@usdoj.gov
       rachael.doud@usdoj.gov

## CERTIFICATE OF SERVICE

I, Rachael L. Doud, an Assistant United States Attorney for the Southern District of New York, hereby certify that on December 2, 2025, I caused a copy of Defendants' Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents to be served upon the following by electronic mail:

> Jamie Crooks
> Michael Lieberman
> Amanda R. Vaughn
> Yinka Onayemi
> Fairmark Partners, LLP
> 400 7th Street, NW, Suite 304
> Washington, DC 20004
> Email: jamie@fairmarklaw.com
>        michael@fairmarklaw.com
>        amanda@fairmarklaw.com
>        yinka@fairmarklaw.com
>
> *Counsel for Plaintiffs*

Dated:        December 2, 2025
              New York, New York

                              *Rachael Doud*
                              RACHAEL L. DOUD