# Exhibit 5

JAY CLAYTON
United States Attorney for the
Southern District of New York
By:    MARY ELLEN BRENNAN
        RACHAEL L. DOUD
        Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2652/2699
maryellen.brennan@usdoj.gov
rachael.doud@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE AUTHORS GUILD, WILLIAM GOLDSTEIN, ELIZABETH KADETSKY, VALERIE ORLANDO, KATALIN BALOG, BENJAMIN HOLTZMAN, LEE JASPERSE, and NICOLE JENKINS, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br>    v.<br><br>NATIONAL ENDOWMENT FOR THE HUMANITIES, et al.,<br><br>                Defendants. | 25 Civ. 3923 (CM)<br><br>Consolidated with No. 25 Civ. 3657 (CM)<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

Pursuant to the Court's September 25, 2025, ruling, *see* Sept. 25, 2025, Minute Entry, and Federal Rules of Civil Procedure 26 and 33 and Rules 26.3 and 33.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Civil Rules"), Defendants National Endowment for the Humanities; Michael McDonald, in his Official Capacity as Acting Chairman of the National Endowment for the Humanities; United States DOGE Service; Amy Gleason, in her Official Capacity as Acting Administrator of the United States DOGE Service; Nate Cavanaugh, in his official capacity as an employee of the

General Services Administration; and Justin Fox, in his official capacity as an employee of the General Services Administration (the "Government"),[1] by their attorney, Jay Clayton, United States Attorney for the Southern District of New York, hereby object and respond to Plaintiffs' First Set of Interrogatories to Defendants dated September 29, 2025 (the "Interrogatories"), as follows:

## GENERAL OBJECTIONS AND RESERVATION OF RIGHTS

A.    The Government objects to the Interrogatories on the ground that this case challenges agency action and review is therefore limited to the administrative record produced by the Government.   Plaintiffs have not made any showing, much less "a significant showing," that "[they] will find material in the agency's possession indicative of bad faith or an incomplete record."  *Chang v. United States Citizenship & Immigration Services*, 254 F. Supp. 3d 160, 161 (D.D.C. 2017); *see Nat'l Audubon Soc. v. Hoffman*, 132 F.3d 7, 10, 14 (2d Cir. 1997) ("[A]n extra-record investigation by the reviewing court may be appropriate when there has been a strong showing in support of a claim of bad faith or improper behavior on the part of agency decisionmakers or where the absence of formal administrative findings makes such investigation necessary in order to determine the reasons for the agency's choice.").   Accordingly, Plaintiffs are not entitled to any information beyond the administrative record.   The remainder of the Government's objections are made without conceding that the Federal Rules of Civil Procedure

---

[1] When a public officer who is a party in an official capacity ceases to hold office while the action is pending, the officer's successor is automatically substituted as a party.   Fed. R. Civ. P. 25(d).   Nate Cavanaugh and Justin Fox no longer occupy the positions in which they were sued in their official capacities, and there is no successor to those positions.   Accordingly, the United States should be substituted for these officials as a defendant.  *See Berenson v. Biden*, 791 F. Supp. 3d 398, 405 (S.D.N.Y. 2025) (substituting United States for defendant sued in their official capacity who no longer held position but for whom no successor had been named).

or Local Civil Rules governing discovery in cases not involving administrative actions are applicable, or that Plaintiffs are entitled to take discovery at all.

      B.      The Government objects to the Interrogatories to the extent they seek information from the United States DOGE Service, the Executive Office of the President, or the White House, without regard to the "special considerations" that control when discovery implicates the Executive Branch. *See Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 385-89 (2004); *In re U.S. DOGE Service, et al.*, No. 24A1122, June 6, 2025, Dkt. Entry.

      C.      The Government objects to Plaintiffs' definition of "DOGE" as vague and ambiguous, including as to the meaning of the phrase "any other affiliated persons or entities," and because Plaintiffs appear to refer to the U.S. DOGE Service, DOGE Teams, and the DOGE Agenda interchangeably.

      D.      The Government objects to the Interrogatories to the extent they purport to require the disclosure of information beyond the scope required or permitted by the Federal Rules of Civil Procedure, the Local Civil Rules, and any other applicable law.

      E.      The Government objects to the Interrogatories to the extent they seek information protected from discovery under the attorney-client privilege, the work-product doctrine, the deliberative process privilege, the law enforcement privilege, the investigative privilege, the presidential communications privilege, or any other applicable privilege, immunity, statute, regulation, or rule.

      F.      The Government objects to the Interrogatories to the extent they seek information not relevant to a claim or defense in this litigation, are not proportional to the needs of the case, are vague, ambiguous, or overbroad, and/or are unduly burdensome to answer.

G.      The Government objects to the Interrogatories to the extent they seek publicly available information, or information that is already in the possession of, or readily obtainable by, Plaintiffs.   With respect to such information, the Interrogatories are unduly burdensome.

H.      In providing these responses, the Government reserves the right to supplement, clarify, revise, or correct any or all of the responses herein at any time.

I.      These responses are accurate to the best of the Government's knowledge as of this date.   The Government expressly reserves the right to supplement its responses based on subsequently discovered information.

J.      In providing these responses, the Government does not waive and hereby reserves its right to assert any and all objections as to the admissibility into evidence, at the trial of this action or in any other proceeding, of any response herein or of any documents produced herewith, on any and all grounds, including, but not limited to, competency, relevancy, materiality, and privilege.

K.      In providing these responses, the Government does not in any manner admit or imply that it considers any interrogatory or information provided in response thereto to be relevant or material to the subject matter of this action, nor does the Government in any manner admit or imply that it considers any interrogatory or response thereto to be relevant to any party's claim or defense or proportional to the needs of the case.

L.      The Government expressly reserves the right to object to the use of its responses to the Interrogatories or any information provided in response thereto in any proceeding other than the above-captioned actions.

4

**RESPONSES AND OBJECTIONS TO INTERROGATORY REQUESTS**

**Interrogatory No. 1:**

Identify by name, title, and office, every individual outside of NEH who participated in the decision to deploy Defendants Fox and Cavanaugh to NEH and in the development and execution of Defendant Fox's and Defendant Cavanaugh's work at NEH.

**Response to Interrogatory No. 1:**

The Government objects to this interrogatory because it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government further objects to this interrogatory on the ground that it is vague and ambiguous, including as to the meaning of the phrase "in the development and execution of Defendant Fox's and Defendant Cavanaugh's work to NEH."   The Government also objects to this interrogatory on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case, and that it seeks information not relevant to the parties' claims or defenses.

In light of its objections, the Government does not intend to respond to this interrogatory. However, the Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Interrogatory No. 2:**

Identify by name, title, and office every individual who participated in any way in the preparation, consideration, decision-making, or execution of the Mass Termination. For each individual, describe that individual's role, and provide the date(s) of their involvement. For the

avoidance of doubt, this Interrogatory includes individuals no matter the Agency at which they are or were employed and no matter if they are or were employed by the U.S. Government at all.

**Response to Interrogatory No. 2:**

The Government objects to this interrogatory because it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government also objects to this interrogatory on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case, and that it seeks information not relevant to the parties' claims or defenses, including because it asks the Government to identify every individual "who participated in any way in the preparation, consideration, decisionmaking, or execution" of the termination of grants at issue in the case.   The Government further objects to this interrogatory on the ground that it seeks to impose obligations outside the scope specified in Local Civil Rule 33.3, which restricts interrogatories at the commencement of discovery to "those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."   The Government refers Plaintiffs to the administrative record produced by the Government in this case, which reflects the individuals involved in the process of selecting grants for termination and terminating grants.

Subject to and without waiving its objections, the Government responds that the following individuals participated in the preparation, consideration, decisionmaking, or execution of the termination of grants in April 2025:

- Michael McDonald, Acting Chairman, NEH
- Adam Wolfson, Assistant Chair for Programs, NEH

6

- Kelsey Coates, Chief of Staff, NEH
- Brett Bobley, Director and Chief Information Officer, Office of Digital Humanities, NEH
- Beth Stewart, Director, Office of Information Technology, NEH
- Richard Brundage, Director, Office of Grant Management, NEH
- Nate Cavanaugh, Advisor, General Services Administration
- Justin Fox, Senior Advisor, General Services Administration
- Stefanie Walker, Director, Office of Challenge Programs, NEH (now serving as Director, Division of Research)
- Tatiana Ausema, Assistant Director, Office of Challenge Programs, NEH
- Carol Peters, Director, Division of Education Programs, NEH (now serving as Director of Special Projects, Office of the Chair)
- Jason Harshman, Deputy Director, Division of Education Programs, NEH (now serving as Director, Division of Federal/State Partnership)
- Hannah Schell, Assistant Director, Division of Education Programs, NEH
- Karen Kenton, Director, Division of Federal/State Partnership, NEH
- Briann Greenfield, Director, Division of Preservation and Access, NEH
- Margaret Walker Clair, Deputy Director, Division of Preservation and Access, NEH (now serving as Director, Division of Collections & Infrastructure)
- Josh Sternfeld, Assistant Director, Division of Preservation and Access, NEH
- Jeff Hardwick, Director, Division of Public Programs, NEH (now serving as Director, Division of Lifelong Learning)
- Patricia Brooks, Deputy Director, Division of Public Programs, NEH (now serving as Deputy Director, Division of Lifelong Learning)
- Peter Fristedt, Assistant Director, Division of Public Programs, NEH
- Christopher Thornton, Director, Division of Research Programs, NEH
- Daniel Sack, Deputy Director, Division of Research Programs, NEH (now serving as Deputy Director, Division of Research)
- Claudia Kinkela, Assistant Director, Division of Research Programs, NEH

**Interrogatory No. 3:**

Identify each and every meeting, phone call, conference call, and videoconference held during the Relevant Time Period relating to the Mass Termination, by identifying the date on which it was held, the participants, and the topics discussed. For the avoidance of doubt, this Interrogatory includes meetings, phone calls, conference calls, and videoconferences in which

7

any individuals participated, no matter the Agency at which they are or were employed and no matter if they are or were employed by the U.S. Government at all.

**Response to Interrogatory No. 3:**

The Government objects to this interrogatory because it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government further objects to this interrogatory on the ground that it seeks to impose obligations outside the scope specified in Local Civil Rule 33.3, which restricts interrogatories at the commencement of discovery to "those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."   The Government also objects to this interrogatory on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case, including because it asks the Government to identify "each and every meeting, phone call, conference call, and videoconference held during the Relevant Time Period relating to the Mass Termination."   The Government also objects to this interrogatory on the ground that it seeks information not relevant to the parties' claims or defenses.

In light of its objections, the Government does not intend to respond to this interrogatory.

**Interrogatory No. 4:**

Identify each and every meeting, phone call, conference call, and videoconference during which Defendants Fox and Cavanaugh, or any other Personnel associated with DOGE or the Executive Office of the President, notified Defendant McDonald that it was DOGE's "decision

8

on whether to discontinue funding of any of the projects on this list" as referenced in Defendant McDonald's April 1, 2025, email in the document that You produced, stamped NEH_AR_000021-23 at *23. Identify each meeting, phone call, conference call, and videoconference by identifying the date on which it was held, the participants, and the topics discussed.

**Response to Interrogatory No. 4:**

The Government objects to this interrogatory because it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information. The Government further objects to this interrogatory on the ground that it seeks to impose obligations outside the scope specified in Local Civil Rule 33.3, which restricts interrogatories at the commencement of discovery to "those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." The Government also objects to this interrogatory on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case, and that it seeks information not relevant to the parties' claims or defenses.

In light of its objections, the Government does not intend to respond to this interrogatory.

**Interrogatory No. 5:**

Identify all individuals who Defendant Fox references as providing "pressure from the top" in his March 31, 2025, email to Defendants McDonald and Cavanaugh in the document that

9

You produced, stamped NEH_AR_000010 at *10. For each individual, state their name, title, and organizational affiliation at the time of Defendant Fox's email.

**<u>Response to Interrogatory No. 5</u>:**

The Government objects to this interrogatory because it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government also objects to this interrogatory on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case, and that it seeks information not relevant to the parties' claims or defenses.

In light of its objections, the Government does not intend to respond to this interrogatory. However, the Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**<u>Interrogatory No. 6</u>:**

List all words, phrases, subject areas, and viewpoints that were used to designate grants or awards for termination while evaluating NEH grants or awards for the Mass Termination. For each, state who designated it, when it was designated, and the rationale given for its designation.

**<u>Response to Interrogatory No. 6</u>:**

The Government objects to this interrogatory because it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government further objects to this interrogatory on the ground that it is vague and ambiguous, including what is meant by the terms "subject areas" and "viewpoints" and what "it" refers to in the second sentence.   The Government further objects to this interrogatory on the ground that it seeks to impose obligations

10

outside the scope specified in Local Civil Rule 33.3, which restricts interrogatories at the commencement of discovery to "those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."   The Government also objects to this interrogatory on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case, and that it seeks information not relevant to the parties' claims or defenses.   The Government refers Plaintiffs to the administrative record produced by the Government in this case, which reflects the criteria and process used in selecting each grant for termination.

In light of its objections, the Government does not intend to respond to this interrogatory.

**Interrogatory No. 7:**

Describe the procedure and process used to determine which NEH grants would be terminated as part of the Mass Termination. As part of Your answer, identify by name, title, and office the individuals with responsibility for developing and Implementation of the procedure or process.

**Response to Interrogatory No. 7:**

The Government objects to this interrogatory because it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government further objects to this interrogatory on the ground that it seeks to impose obligations outside the scope specified in Local Civil Rule 33.3, which restricts interrogatories at the commencement of discovery to "those seeking names of witnesses with knowledge of information relevant to the subject matter

11

of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." The Government also objects to this interrogatory on the ground that it is not proportional to the needs of the case. The Government refers Plaintiffs to the administrative record produced by the Government in this case, which reflects the procedure and process used in selecting each grant for termination and the individuals involved.

In light of its objections, the Government does not intend to respond to this interrogatory.

**Interrogatory No. 8:**

Identify the individual(s) who typed Defendant McDonald's electronic signature on the grant termination letters.

**Response to Interrogatory No. 8:**

The Government objects to this interrogatory because it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information. The Government also objects to this interrogatory on the ground that it is not proportional to the needs of the case and seeks information not relevant to the parties' claims or defenses. The Government refers Plaintiffs to the administrative record produced by the Government in this case, which reflects the process by which grant terminations were carried out.

Subject to and without waiving its objections, the Government responds that Justin Fox and/or Nate Cavanaugh provided draft termination letters to Michael McDonald that included an electronic signature and that McDonald reviewed and approved the letters.

12

**Interrogatory No. 9:**

Identify by name, title, and office, every individual who participated in the preparation or execution of Defendant McDonald's declarations in any litigation Relating To the termination of NEH grants or awards.

**Response to Interrogatory No. 9:**

The Government objects to this interrogatory because it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government further objects to this interrogatory on the ground that it appears intended to permit discovery into information that is protected by the attorney client privilege and work product protection, and potentially other applicable privileges and protections.   The Government also objects to this interrogatory on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case, and that it seeks information not relevant to the parties' claims or defenses.

In light of its objections, the Government does not intend to respond to this interrogatory.

**Interrogatory No. 10:**

State whether the National Council on the Humanities or any other NEH advisory body or peer review panel was consulted about, or informed of, the Mass Termination. If so, identify the individual(s) by name, title, and office, and describe the substance of their involvement, including the dates of all meetings and means of any communication.

**Response to Interrogatory No. 10:**

The Government objects to this interrogatory because it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government further objects to this

13

interrogatory on the ground that it seeks to impose obligations outside the scope specified in Local Civil Rule 33.3, which restricts interrogatories at the commencement of discovery to "those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."   The Government also objects to this interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case and seeks information not relevant to the parties' claims or defenses.   The Government refers Plaintiffs to the administrative record produced by the Government in this case, which reflects the process used in selecting each grant for termination and the individuals involved.

Subject to and without waiving its objections, the Government responds that the National Council on the Humanities and other NEH advisory bodies and peer review panels were not consulted about the grant terminations.

**Interrogatory No. 11:**

Identify every individual, Program, or Tool that populated every cell with text in column K in the spreadsheet you produced, stamped NEH_AR_000024. If an individual, identify them by name, title, and office. If an individual, Program, or Tool is responsible for more than one row, identify the specific rows each individual, Program, or Tool populated.

**Response to Interrogatory No. 11:**

The Government objects to this interrogatory because it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government further objects to this

14

interrogatory on the ground that it seeks to impose obligations outside the scope specified in

Local Civil Rule 33.3, which restricts interrogatories at the commencement of discovery to

"those seeking names of witnesses with knowledge of information relevant to the subject matter

of the action, the computation of each category of damage alleged, and the existence, custodian,

location, and general description of relevant documents, including pertinent insurance

agreements, and other physical evidence, or information of a similar nature."   The Government

also objects to this interrogatory on the ground that it is overly broad, unduly burdensome, and

not proportional to the needs of the case and seeks information not relevant to the parties' claims

or defenses.   The Government refers Plaintiffs to the administrative record produced by the

Government in this case, which reflects the process used in selecting each grant for termination

and the individuals involved.

Subject to and without waiving its objections, the Government responds that, as reflected

in NEH_AR_000021, Justin Fox sent Michael McDonald an earlier version of the spreadsheet

included in the administrative record Bates stamped NEH_AR_000024.   Column K was

populated in that spreadsheet at the point it was sent to McDonald.   In light of its objections, the

Government does not otherwise intend to respond to this interrogatory.

15

<u>AS TO INTERROGATORY RESPONSES ONLY</u>

Pursuant to the provisions of 28 U.S.C. § 1746, Adam Wolfson, Assistant Chairman for

Programs at the National Endowment for the Humanities, declares under penalty of perjury that

the foregoing answers to the above interrogatories are based upon information collected from

individuals with direct knowledge of the events at issue and that the collected information has

been truthfully provided herein to the best of his knowledge, information, and belief.


Dated:  New York, New York
        December 2, 2025

_____
Adam Wolfson
Assistant Chairman for Programs
National Endowment for the Humanities


16

AS TO OBJECTIONS TO INTERROGATORIES

Dated:  New York, New York                  JAY CLAYTON
        December 2, 2025                     United States Attorney for the
                                            Southern District of New York

                            By:    /s/ *Rachael L. Doud*
                                   By:    MARY ELLEN BRENNAN
                                          RACHAEL L. DOUD
                                          Assistant United States Attorneys
                                   86 Chambers Street, 3rd Floor
                                   New York, New York 10007
                                   Telephone: (212) 637-2652/2699
                                   maryellen.brennan@usdoj.gov
                                   rachael.doud@usdoj.gov

17

**CERTIFICATE OF SERVICE**

I, Rachael L. Doud, an Assistant United States Attorney for the Southern District of New York, hereby certify that on December 2, 2025, I caused a copy of Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories to be served upon the following by electronic mail:

> Jamie Crooks
> Michael Lieberman
> Amanda R. Vaughn
> Yinka Onayemi
> Fairmark Partners, LLP
> 400 7th Street, NW, Suite 304
> Washington, DC 20004
> Email: jamie@fairmarklaw.com
>      michael@fairmarklaw.com
>      amanda@fairmarklaw.com
>      yinka@fairmarklaw.com
>
> *Counsel for Plaintiffs*

Dated:      December 2, 2025
            New York, New York

            _Rachael Doud_____
            RACHAEL L. DOUD