# Exhibit 10

JAY CLAYTON
United States Attorney for the
Southern District of New York
By:      MARY ELLEN BRENNAN
         RACHAEL L. DOUD
         Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2652/2699
maryellen.brennan@usdoj.gov
rachael.doud@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| THE AUTHORS GUILD, WILLIAM GOLDSTEIN, ELIZABETH KADETSKY, VALERIE ORLANDO, KATALIN BALOG, BENJAMIN HOLTZMAN, LEE JASPERSE, and NICOLE JENKINS, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br>        v.<br><br>NATIONAL ENDOWMENT FOR THE HUMANITIES, et al.,<br><br>                    Defendants. | 25 Civ. 3923 (CM)<br><br>Consolidated with No. 25 Civ. 3657 (CM)<br><br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION** |

Pursuant to Federal Rules of Civil Procedure 26 and 36, Defendants National Endowment

for the Humanities, Michael McDonald, in his official capacity as Acting Chairman of the

National Endowment for the Humanities, United States DOGE Service, Amy Gleason, in her

official capacity as Acting Administrator of the U.S. DOGE Service, Nate Cavanaugh, in his

official capacity as an employee of the General Services Administration, and Justin Fox, in his

official capacity as an employee of the General Services Administration (together, the

"Government"),[1] by their attorney, Jay Clayton, United States Attorney for the Southern District of New York, hereby object and respond to Plaintiffs' First Requests for Admission, dated September 29, 2025 (the "RFAs"), as follows:

## GENERAL OBJECTIONS AND RESERVATION OF RIGHTS

A.    The Government objects to the RFAs on the ground that this case challenges agency action and review is therefore limited to the administrative record produced by the Government.   Plaintiffs have not made any showing, much less "a significant showing," that "[they] will find material in the agency's possession indicative of bad faith or an incomplete record." *Chang v. United States Citizenship & Immigration Services*, 254 F. Supp. 3d 160, 161 (D.D.C. 2017); *see Nat'l Audubon Soc. v. Hoffman*, 132 F.3d 7, 10, 14 (2d Cir. 1997) ("[A]n extra-record investigation by the reviewing court may be appropriate when there has been a strong showing in support of a claim of bad faith or improper behavior on the part of agency decisionmakers or where the absence of formal administrative findings makes such investigation necessary in order to determine the reasons for the agency's choice.").   The record review rule is founded not merely on the language of the Administrative Procedure Act ("APA"), but on a "fundamental" principle, *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985), that review of an "agency decision" is generally "confined to the administrative record compiled by that agency when it made the decision," *Audubon*, 132 F.3d at 14 (citing *Fla. Power*, 470 U.S. at 743-44).   Courts have repeatedly observed that "even where plaintiffs have asserted

---

[1] When a public officer who is a party in an official capacity ceases to hold office while the action is pending, the officer's successor is automatically substituted as a party.   Fed. R. Civ. P. 25(d).   Nate Cavanaugh and Justin Fox no longer occupy the positions in which they were sued in their official capacities, and there is no successor to those positions.   Accordingly, the United States should be substituted for these officials as a defendant.   *See Berenson v. Biden*, 791 F. Supp. 3d 398, 405 (S.D.N.Y. 2025) (substituting United States for defendant sued in their official capacity who no longer held position but for whom no successor had been named).

constitutional claims, wide-ranging discovery is not blindly authorized at a stage in which . . . an administrative record is being reviewed." *J.L. v. Cissna*, No. 18 Civ. 4914 (NC), 2019 WL 2224851, at *1 (N.D. Cal. Mar. 8, 2019) (quotation marks omitted); *see also Hadwan v. United States Dep't of State*, No. 17 Civ. 578 (VEC), 2021 WL 4037714, at *6 n.9 (S.D.N.Y. Sept. 3, 2021) (collecting cases and stating that "'broad ranging discovery under Rule 26, beyond the administrative record in every case where a plaintiff alleges a constitutional claim, would be inappropriate'") (quoting *Almaklani v. Trump*, 444 F. Supp. 3d 425, 434 (E.D.N.Y. 2020)); *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 43 (D.D.C. 2018) ("[D]istrict courts have been hesitant to permit a plaintiff asserting a constitutional challenge to agency action to avoid the [Administrative Procedure Act ('APA')]'s bar on extra-record evidence."). Indeed, numerous courts have denied extra-record discovery despite plaintiffs' assertions of constitutional claims, including First Amendment claims. *See, e.g.*, *Bellion*, 335 F. Supp. 3d at 43-44 (First Amendment claim); *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 1191, 1239 (D.N.M. 2014) (First Amendment retaliation claim); *Chang*, 254 F. Supp. 3d at 161 (due process and equal protection claims); *Hadwan*, 2021 WL 4037714, at *6 & n.9 (due process claim); *Afianian v. Duke*, No. 17 Civ. 7643 (RAO), 2018 WL 9619346 (C.D. Cal. Nov. 30, 2018) (due process and equal protection claims). The remainder of the Government's objections are made without conceding that the Federal Rules of Civil Procedure or Local Civil Rules governing discovery in cases not involving administrative actions are applicable, or that Plaintiffs are entitled to take discovery at all.

      B.     The Government objects to the RFAs to the extent they seek information from the United States DOGE Service, the Executive Office of the President, or the White House, without regard to the "special considerations" that control when discovery implicates the Executive

Branch.   *See Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 385-89 (2004); *In re U.S. DOGE Service, et al.*, No. 24A1122, June 6, 2025, Dkt. Entry.

C.      The Government objects to Plaintiffs' definition of "DOGE" as vague and ambiguous, including as to the meaning of the phrase "any other affiliated persons or entities," and because Plaintiffs appear to refer to the U.S. DOGE Service, DOGE Teams, and the DOGE Agenda interchangeably.

D.      The Government objects to the RFAs to the extent they purport to require the disclosure of information beyond the scope required or permitted by the Federal Rules of Civil Procedure, the Local Civil Rules, and any other applicable law.

E.      The Government objects to the RFAs to the extent they seek information protected from discovery under the attorney-client privilege, the work-product doctrine, the deliberative process privilege, the law enforcement privilege, the investigative privilege, the presidential communications privilege, or any other applicable privilege, immunity, statute, regulation, or rule.   The responses herein are not intended to constitute a waiver of any applicable privilege.   To the extent any privileged documents are produced inadvertently, the Government reserves its right to claw back all such documents.

F.      The Government objects to the RFAs to the extent they seek information not relevant to a claim or defense in this litigation, are not proportional to the needs of the case, are overbroad, and/or are unduly burdensome to answer or require unreasonable investigation on the Government's part.

G.      The Government objects to the RFAs to the extent they seek publicly available information, or information that is already in the possession of, or readily obtainable by, Plaintiffs.   With respect to such information, the RFAs are unduly burdensome.

4

H. The Government objects to the RFAs to the extent they seek information as to fundamental disagreements between the parties and, thus, are improper under Federal Rule of Civil Procedure 36. *See Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) ("[W]here requests for admission are not designed to identify and eliminate matters on which the parties agree, but to seek information as to fundamental disagreement at the heart of the lawsuit . . . a court may excuse a party from responding to the requests."); *see also Carver v. Bank of New York Mellon*, 2018 WL 4579831, at *3 (S.D.N.Y. Sept. 25, 2018). "While the basic purpose of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was not designed for this purpose. Instead, requests for admission are used to establish admission of facts about which there is no real dispute.'" *Turkey*, 326 F.R.D. at 399 (quoting 7 *Moore's Federal Practice* § 36.02[1] (3d ed. 2013)).

I. The Government objects to the RFAs to the extent they demand that the Government "ratify legal conclusions." *Disability Rights Council v. Wash. Metro. Area*, 64 F.R.D. 1, 3 (D.D.C. 2006); *see also Carver*, 2018 WL 4579831, at *3; *Delgado v. Donald J. Trump for President, Inc.*, No. 19 Civ. 11764 (AT) (KHP), 2024 WL 3219809, at *7 (S.D.N.Y. June 28, 2024).

J. The Government objects to the RFAs to the extent they are vague, ambiguous, improperly complex, and/or convoluted. RFAs must be "simple and direct" and "limited to singular relevant facts" that "can be answered with a simple admit or deny without an explanation, and in certain instances, permit a qualification or explanation for purposes of clarification." *Khurana v. Wahed Invest, LLC*, No. 18 Civ. 233 (LAK) (BCM), 2020 WL 6729124, at *2-3 (S.D.N.Y. Nov. 16, 2020). "Litigants are not required to answer RFAs that 'contain vague and ambiguous wording that does not allow defendants fairly to admit or to deny

5

them.'" *Id.* at *2 (quoting *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989).

K.      In providing these responses, the Government reserves the right to supplement, clarify, revise, or correct any or all of the responses herein at any time.

L.      These responses are accurate to the best of the Government's knowledge as of this date.   The Government's investigation, however, is continuing.   The Government expressly reserves the right to supplement its responses based on subsequently discovered information.

M.      In providing these responses, the Government does not waive and hereby reserves its right to assert any and all objections as to the admissibility into evidence, at the trial of this action or in any other proceeding, of any response herein or of any documents produced herewith, on any and all grounds, including, but not limited to, competency, relevancy, materiality, and privilege.

N.      In providing these responses, the Government does not in any manner admit or imply that it considers any request or the response provided thereto to be relevant or material to the subject matter of this action, nor does the Government in any manner admit or imply that it considers any request or the response provided thereto to be relevant to any party's claim or defense or proportional to the needs of the case.

O.      The Government expressly reserves the right to object to the use of its responses to the RFAs or any response provided thereto in any proceeding other than the above-captioned actions.

## RESPONSES AND OBJECTIONS TO THE SPECIFIC ADMISSION REQUESTS

**Request for Admission No. 1:**

Admit that Nate Cavanaugh and Justin Fox were members of DOGE assigned to NEH.

6

**Response to Request for Admission No. 1:**

The Government objects to this request on the ground that it seeks information already in Plaintiffs possession, *see, e.g.*, Answer, ECF No. 133, ¶¶ 29, 99-100, and, thus, is unnecessarily burdensome. The Government also objects to this request to the extent that it seeks information already reflected in the administrative record produced by the Government in this case.

Subject to and without waiving the foregoing objections, the Government denies the request as phrased, but avers that Nate Cavanaugh and Justin Fox were government employees, that they were associated with DOGE, and that they participated in discussions concerning the termination of NEH grants. The Government denies that Nate Cavanaugh and Justin Fox were employed by the U.S. DOGE Service.

**Request for Admission No. 2:**

Admit that Justin Fox emailed grant termination notices to NEH grantees and/or awardees whose grants or awards were terminated as part of the Mass Termination.

**Response to Request for Admission No. 2:**

The Government objects to this request on the ground that it seeks information already in Plaintiffs possession, *see* Answer, ECF No. 133, ¶¶ 100, 187, and, thus, is unnecessarily burdensome. The Government objects to the request on the ground that it refers to "ACLS Plaintiffs and their members who held NEH grants" and the Government lacks knowledge as to the ACLS Plaintiffs' membership.

Subject to and without waiving the foregoing objections, the Government denies the request as phrased, but avers that Nate Cavanaugh and Justin Fox emailed the grant termination notices signed by NEH Acting Chairman Michael McDonald to NEH grantees and/or awardees whose grants or awards were terminated as part of the Mass Termination.

**<u>Request for Admission No. 3</u>:**

Admit that Nate Cavanaugh emailed grant termination notices to NEH grantees and/or awardees whose grants or awards were terminated as part of the Mass Termination.

**<u>Response to Request for Admission No. 3</u>:**

The Government objects to this request on the ground that it seeks information already in Plaintiffs possession, *see* Answer, ECF No. 133, ¶¶ 100, 187, and, thus, is unnecessarily burdensome.   The Government objects to the request on the ground that it refers to "ACLS Plaintiffs and their members who held NEH grants" and the Government lacks knowledge as to the ACLS Plaintiffs' membership.

Subject to and without waiving the foregoing objections, the Government denies the request as phrased, but avers that Nate Cavanaugh and Justin Fox emailed the grant termination notices signed by NEH Acting Chairman Michael McDonald to NEH grantees and/or awardees whose grants or awards were terminated as part of the Mass Termination.

**<u>Request for Admission No. 4</u>:**

Admit that Nate Cavanaugh, Justin Fox, or other DOGE personnel emailed grant termination notices to NEH grantees and/or awardees whose grants or awards were terminated as part of the Mass Termination.

**<u>Response to Request for Admission No. 4</u>:**

The Government objects to this request on the ground that it seeks information already in Plaintiffs possession, *see* Answer, ECF No. 133, ¶¶ 100, 187, and, thus, is unnecessarily burdensome.   The Government objects to the request on the ground that it refers to "ACLS Plaintiffs and their members who held NEH grants" and the Government lacks knowledge as to the ACLS Plaintiffs' membership.

Subject to and without waiving the foregoing objections, the Government denies the request as phrased, but avers that Nate Cavanaugh and Justin Fox emailed the grant termination notices signed by NEH Acting Chairman Michael McDonald to NEH grantees and/or awardees whose grants or awards were terminated as part of the Mass Termination.

**Request for Admission No. 5:**

Admit that Justin Fox chose the grants or awards considered for termination as part of the Mass Termination.

**Response to Request for Admission No. 5:**

The Government objects to this request on the basis that it is vague and ambiguous, and not simple and direct, as required.   Among other things, the meaning of the phrases "chose the grants or awards" and "considered for termination" is unclear; and, even if the meaning of such terms was clear, it is not clear whether the request seeks an admission that Justin Fox "chose" all, or only some, of the "grants or awards considered for termination."   The administrative record in this case reflects that multiple individuals, including Justin Fox, conferred concerning which NEH grants should be terminated, and that various lists of grants were circulated.   *See* NEH_AR_000003, NEH_AR_000004, NEH_AR_000005, NEH_AR_000006, NEH_AR_000007, NEH_AR_000009, NEH_AR_000011, NEH_AR_000013, NEH_AR_000021-23, NEH_AR_000024, NEH_AR_000085.   The Government also objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.

For the aforementioned reasons, the Government is not required to respond to this request, but directs Plaintiffs to the administrative record produced by the Government in this

9

case, which reflects the procedure and process used in selecting each grant for termination and the individuals involved.   The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 6:**

Admit that Nate Cavanaugh chose the grants or awards considered for termination as part of the Mass Termination.

**Response to Request for Admission No. 6:**

The Government objects to this request on the basis that it is vague and ambiguous, and not simple and direct, as required.   Among other things, the meaning of the phrases "chose the grants or awards" and "considered for termination" is unclear; and, even if the meaning of such terms was clear, it is not clear whether the request seeks an admission that Nate Cavanaugh "chose" all, or only some, of the "grants or awards considered for termination."   The administrative record in this case reflects that multiple individuals, including Nate Cavanaugh, conferred concerning which NEH grants should be terminated, and that various lists of grants were circulated.   *See* NEH_AR_000003, NEH_AR_000004, NEH_AR_000005, NEH_AR_000006, NEH_AR_000007, NEH_AR_000009, NEH_AR_000011, NEH_AR_000013, NEH_AR_000021-23, NEH_AR_000024, NEH_AR_000085.   The Government also objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.

For the aforementioned reasons, the Government is not required to respond to this request, but directs Plaintiffs to the administrative record produced by the Government in this

case, which reflects the procedure and process used in selecting each grant for termination and the individuals involved.   The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 7:**

Admit that Justin Fox, Nate Cavanaugh, or other DOGE personnel chose the grants or awards considered for termination as part of the Mass Termination.

**Response to Request for Admission No. 7:**

The Government objects to this request on the basis that it is vague and ambiguous, and not simple and direct, as required.   Among other things, the meaning of the phrases "other DOGE personnel," "chose the grants or awards," and "considered for termination" is unclear; and, even if the meaning of such terms was clear, it is not clear whether the request seeks an admission that the referenced individuals "chose" all, or only some, of the "grants or awards considered for termination."   The administrative record in this case reflects that multiple individuals, including Justin Fox and Nate Cavanaugh, conferred concerning which NEH grants should be terminated, and that various lists of grants were circulated.   *See* NEH_AR_000003, NEH_AR_000004, NEH_AR_000005, NEH_AR_000006, NEH_AR_000007, NEH_AR_000009, NEH_AR_000011, NEH_AR_000013, NEH_AR_000021-23, NEH_AR_000024, NEH_AR_000085.   The Government also objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.

For the aforementioned reasons, the Government is not required to respond to this request, but directs Plaintiffs to the administrative record produced by the Government in this

case, which reflects the procedure and process used in selecting each grant for termination and the individuals involved. The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 8:**

Admit that Michael McDonald did not affirmatively choose the grants or awards considered for termination as part of the Mass Termination.

**Response to Request for Admission No. 8:**

The Government objects to this request on the basis that it is vague, ambiguous, and confusingly phrased, and not simple and direct, as required. Among other things, the meaning of the phrases "affirmatively choose" and "considered for termination" is not clear; and, even if the meaning of such terms was clear, it is not clear whether the request seeks an admission that Michael McDonald "did not affirmatively choose" any of the grants or awards "considered for termination," or an admission that there are certain specific grants that he "did not affirmatively choose" to consider for termination. The administrative record in this case reflects that multiple individuals, including Michael McDonald, conferred concerning which NEH grants should be terminated, and that various lists of grants were circulated, and that Michael McDonald ultimately terminated the grants. *See* NEH_AR_000003, NEH_AR_000004, NEH_AR_000005, NEH_AR_000006, NEH_AR_000007, NEH_AR_000009, NEH_AR_000011, NEH_AR_000013, NEH_AR_000021-23, NEH_AR_000024, NEH_AR_000085. The Government also objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.

For the aforementioned reasons, the Government is not required to respond to this request, but directs Plaintiffs to the administrative record produced by the Government in this case, which reflects the procedure and process used in selecting each grant for termination and the individuals involved.   The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 9:**

Admit that Justin Fox terminated grants or awards that were terminated as part of the Mass Termination.

**Response to Request for Admission No. 9:**

The Government objects to this request because it seeks an admission pertaining to a fundamental disagreement at the heart of one of Plaintiff's claims.   *See Carver*, 2018 WL 4579831, at *2 (explaining that "Rule 36 can be misused" and that where RFAs are not designed "to identify and eliminate matters on which the parties agree, but to seek information as to the fundamental disagreement at the heart of the lawsuit . . . a court may excuse a party from responding to the requests").   Here, the Court has stated that to satisfy the "rigorous standard" necessary to establish their claim that DOGE "terminated the grants and that in doing so it acted *ultra vires*," Plaintiffs "must prove that Cavanaugh and Fox effectively usurped the legal authority to terminate grants that Congress had expressly conferred on the NEH Chairperson." ECF No. 116, at 67-68.   (The Court also observed that Plaintiffs are unlikely to succeed on their *ultra vires* claim.   *Id*. at 67.)   The Government further objects to the request to the extent it demands that the Government ratify a legal conclusion.

13

Subject to and without waiving the foregoing objections, the Government denies this request.   As the Government has maintained, and still maintains, Michael McDonald terminated the grants at issue in this action after receiving input from Nate Cavanaugh and Justin Fox.   The Government refers Plaintiffs to the administrative record produced by the Government in this case, which reflects the procedure and process used in selecting each grant for termination and the individuals involved.

**Request for Admission No. 10:**

Admit that Justin Fox terminated at least one grant or award that was terminated as part of the Mass Termination.

**Response to Request for Admission No. 10:**

The Government objects to this request because it seeks an admission pertaining to a fundamental disagreement at the heart of one of Plaintiff's claims.   *See Carver*, 2018 WL 4579831, at *2.   Here, the Court has stated that to satisfy the "rigorous standard" necessary to establish their claim that DOGE "terminated the grants and that in doing so it acted *ultra vires*," Plaintiffs "must prove that Cavanaugh and Fox effectively usurped the legal authority to terminate grants that Congress had expressly conferred on the NEH Chairperson."   ECF No. 116, at 67-68.   (The Court also observed that Plaintiffs are unlikely to succeed on their *ultra vires* claim.   *Id*. at 67.)   The Government also objects to the request to the extent it demands that the Government ratify a legal conclusion.

Subject to and without waiving the foregoing objections, the Government denies this request.   As the Government has maintained, and still maintains, Michael McDonald terminated the grants at issue in this action after receiving input from Nate Cavanaugh and Justin Fox.   The Government refers Plaintiffs to the administrative record produced by the Government in this

14

case, which reflects the procedure and process used in selecting each grant for termination and the individuals involved.

**Request for Admission No. 11:**

Admit that Nate Cavanaugh terminated grants or awards that were terminated as part of the Mass Termination.

**Response to Request for Admission No. 11:**

The Government objects to this request because it seeks an admission pertaining to a fundamental disagreement at the heart of one of Plaintiff's claims. *See Carver*, 2018 WL 4579831, at *2. Here, the Court has stated that to satisfy the "rigorous standard" necessary to establish their claim that DOGE "terminated the grants and that in doing so it acted *ultra vires*," Plaintiffs "must prove that Cavanaugh and Fox effectively usurped the legal authority to terminate grants that Congress had expressly conferred on the NEH Chairperson." ECF No. 116, at 67-68. (The Court also observed that Plaintiffs are unlikely to succeed on their *ultra vires* claim. *Id*. at 67.) The Government also objects to the request to the extent it demands that the Government ratify a legal conclusion.

Subject to and without waiving the foregoing objections, the Government denies this request. As the Government has maintained, and still maintains, Michael McDonald terminated the grants at issue in this action after receiving input from Nate Cavanaugh and Justin Fox. The Government refers Plaintiffs to the administrative record produced by the Government in this case, which reflects the procedure and process used in selecting each grant for termination and the individuals involved.

**Request for Admission No. 12:**

Admit that Nate Cavanaugh terminated at least one grant or award that was terminated as

15

part of the Mass Termination.

**Response to Request for Admission No. 12:**

The Government objects to this request because it seeks an admission pertaining to a fundamental disagreement at the heart of one of Plaintiff's claims. *See Carver*, 2018 WL 4579831, at *2. Here, the Court has stated that to satisfy the "rigorous standard" necessary to establish their claim that DOGE "terminated the grants and that in doing so it acted *ultra vires*," Plaintiffs "must prove that Cavanaugh and Fox effectively usurped the legal authority to terminate grants that Congress had expressly conferred on the NEH Chairperson." ECF No. 116, at 67-68. (The Court also observed that Plaintiffs are unlikely to succeed on their *ultra vires* claim. *Id*. at 67.) The Government also objects to the request to the extent it demands that the Government ratify a legal conclusion.

Subject to and without waiving the foregoing objections, the Government denies this request. As the Government has maintained, and still maintains, Michael McDonald terminated the grants at issue in this action after receiving input from Nate Cavanaugh and Justin Fox. The Government refers Plaintiffs to the administrative record produced by the Government in this case, which reflects the procedure and process used in selecting each grant for termination and the individuals involved.

**Request for Admission No. 13:**

Admit that Justin Fox, Nate Cavanaugh or other DOGE personnel terminated grants or awards that were terminated as part of the Mass Termination.

**Response to Request for Admission No. 13:**

The Government objects to this request because it seeks an admission pertaining to a fundamental disagreement at the heart of one of Plaintiff's claims. *See Carver*, 2018 WL

4579831, at *2.   Here, the Court has stated that to satisfy the "rigorous standard" necessary to establish their claim that DOGE "terminated the grants and that in doing so it acted *ultra vires*," Plaintiffs "must prove that Cavanaugh and Fox effectively usurped the legal authority to terminate grants that Congress had expressly conferred on the NEH Chairperson."   ECF No. 116, at 67-68.   (The Court also observed that Plaintiffs are unlikely to succeed on their *ultra vires* claim.   *Id*. at 67.)   The Government also objects to the request to the extent it demands that the Government ratify a legal conclusion.

Subject to and without waiving the foregoing objections, the Government denies this request.   As the Government has maintained, and still maintains, Michael McDonald terminated the grants at issue in this action after receiving input from Nate Cavanaugh and Justin Fox.   The Government refers Plaintiffs to the administrative record produced by the Government in this case, which reflects the procedure and process used in selecting each grant for termination and the individuals involved.

**Request for Admission No. 14:**

Admit that Justin Fox, Nate Cavanaugh or other DOGE personnel terminated at least one grant or award that was terminated as part of the Mass Termination.

**Response to Request for Admission No. 14:**

The Government objects to this request because it seeks an admission pertaining to a fundamental disagreement at the heart of one of Plaintiff's claims.   *See Carver*, 2018 WL 4579831, at *2.   Here, the Court has stated that to satisfy the "rigorous standard" necessary to establish their claim that DOGE "terminated the grants and that in doing so it acted *ultra vires*," Plaintiffs "must prove that Cavanaugh and Fox effectively usurped the legal authority to terminate grants that Congress had expressly conferred on the NEH Chairperson."   ECF No.

17

116, at 67-68.   (The Court also observed that Plaintiffs are unlikely to succeed on their *ultra vires* claim.   *Id*. at 67.)   The Government also objects to the request to the extent it demands that the Government ratify a legal conclusion.

Subject to and without waiving the foregoing objections, the Government denies this request.   As the Government has maintained, and still maintains, Michael McDonald terminated the grants at issue in this action after receiving input from Nate Cavanaugh and Justin Fox.   The Government refers Plaintiffs to the administrative record produced by the Government in this case, which reflects the procedure and process used in selecting each grant for termination and the individuals involved.

**Request for Admission No. 15:**

Admit that Michael McDonald did not terminate grants or awards that were terminated as part of the Mass Termination.

**Response to Request for Admission No. 15:**

The Government objects to this request because it seeks an admission pertaining to a fundamental disagreement at the heart of one of Plaintiff's claims.   *See Carver*, 2018 WL 4579831, at *2.   Here, the Court has stated that to satisfy the "rigorous standard" necessary to establish their claim that DOGE "terminated the grants and that in doing so it acted *ultra vires*," Plaintiffs "must prove that Cavanaugh and Fox effectively usurped the legal authority to terminate grants that Congress had expressly conferred on the NEH Chairperson."   ECF No. 116, at 67-68.   (The Court also observed that Plaintiffs are unlikely to succeed on their *ultra vires* claim.   *Id*. at 67.)   The Government also objects to the request to the extent it demands that the Government ratify a legal conclusion.   The Government further objects to this request

18

on the basis that it is vague, ambiguous, and confusingly phrased, and not simple and direct, as required.

Subject to and without waiving the foregoing objections, the Government denies this request.   As the Government has maintained, and still maintains, Michael McDonald terminated the grants at issue in this action after receiving input from Nate Cavanaugh and Justin Fox.   The Government refers Plaintiffs to the administrative record produced by the Government in this case, which reflects the procedure and process used in selecting each grant for termination and the individuals involved.

**Request for Admission No. 16:**

Admit that Michael McDonald did not email grant termination notices to NEH grantees and/or awardees whose grants or awards were terminated as part of the Mass Termination.

**Response to Request for Admission No. 16:**

The Government objects to this request on the ground that it seeks information already in Plaintiffs possession, *see* Answer, ECF No. 133, ¶¶ 100, 187, and, thus, is unnecessarily burdensome.

Subject to and without waiving the foregoing objections, the Government denies the request as phrased, but avers that Michael McDonald did not personally send out the emails containing the grant termination notices for NEH grantees and/or awardees whose grants or awards were terminated as part of the Mass Termination.

**Request for Admission No. 17:**

Admit that Michael McDonald did not want to terminate the grants or awards that were terminated as part of the Mass Termination.

19

**Response to Request for Admission No. 17:**

The Government objects to this request on the basis that it is vague and ambiguous, and is not simple and direct, as required.   Among other things, the meaning of the phrase "did not want to terminate" is unclear.   Moreover, even if that term was clear, it is not clear whether the request seeks an admission as to whether McDonald did not want to terminate any of the referenced grants or whether McDonald did not want to terminate some unspecified number of grants.   Rule 36 "is not a discovery device," but, rather, is intended to "confirm facts such that they do not need to be established at trial."   *Delgado*, 2024 WL 3219809, at *7.   The Government also objects to this request because it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government further objects to this request on the ground that it is not proportional to the needs of the case and seeks information not relevant to the parties' claims or defenses.

For the aforementioned reasons, the Government is not required to respond to this request, but directs Plaintiffs to the administrative record produced by the Government in this case, which reflects the procedure, process, and criteria used in selecting each grant for termination and the individuals involved.   The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 18:**

Admit that Michael McDonald did not want to terminate all of the grants or awards that were terminated as part of the Mass Termination.

20

**Response to Request for Admission No. 18:**

The Government objects to this request on the basis that it is vague, ambiguous, and confusingly phrased, and is not simple and direct, as required. Among other things, the meaning of the phrase "did not want to terminate" is unclear. Rule 36 "is not a discovery device," but, rather, is intended to "confirm facts such that they do not need to be established at trial." *Delgado*, 2024 WL 3219809, at *7. The Government also objects to this request because it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information. The Government further objects to this request on the ground that it is not proportional to the needs of the case and seeks information not relevant to the parties' claims or defenses.

For the aforementioned reasons, the Government is not required to respond to this request, but directs Plaintiffs to the administrative record produced by the Government in this case, which reflects the procedure, process, and criteria used in selecting each grant for termination and the individuals involved. The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 19:**

Admit that Justin Fox, Nate Cavanaugh, or other DOGE personnel notified Michael McDonald that Fox, Cavanaugh, or other DOGE personnel would make the decision on which NEH grants or awards to terminate.

**Response to Request for Admission No. 19:**

The Government objects to this request on the basis that it is vague, ambiguous, and unnecessarily burdensome. It also is not simple and direct, as required. Among other things,

21

the meanings of "other DOGE personnel" and "make the decision" are unclear, and the temporal scope of the request is vague.   Rule 36 "is not a discovery device," but, rather, is intended to "confirm facts such that they do not need to be established at trial."   *Delgado*, 2024 WL 3219809, at *7.   The Government also objects to this request because it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.

For the aforementioned reasons, the Government is not required to respond to this request, but directs Plaintiffs to the administrative record produced by the Government in this case, which reflects the procedure, process, and criteria used in selecting each grant for termination and the individuals involved.   The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 20:**

Admit that Justin Fox, Nate Cavanaugh, or other DOGE personnel notified Michael McDonald that it was the decision of Fox, Cavanaugh, or other DOGE personnel on whether to discontinue funding of any of the projects listed in the spreadsheet that Michael McDonald emailed to Justin Fox on April 1, 2025 at 10:07 AM. See NEH_AR_000023.

**Response to Request for Admission No. 20:**

The Government objects to this request because it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government also objects to this request on the basis that it is vague and ambiguous, in that the meaning of "other DOGE personnel" and

"notified Michael McDonald that it was the decision" is unclear, and the temporal scope of the request is vague.

Subject to and without waiving the foregoing objections, the Government denies the request as phrased, but avers that, as reflected in the administrative record, on April 1, 2025, at 10:07 a.m., Michael McDonald stated in an email to Justin Fox, "Either way, as you've made clear, it's your decision on whether to discontinue funding any of the projects on this list." NEH_AR_000023.   The Government also refers Plaintiffs to the entirety of the email chain at NEH_AR_000021-23 for a complete and accurate representation of its contents and to the entire administrative record produced by the Government in this case, which reflects the procedure and process used in selecting each grant for termination and the individuals involved.   The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 21:**

Admit that it was Justin Fox's decision whether to terminate grants or awards that were terminated as part of the Mass Termination.

**Response to Request for Admission No. 21:**

The Government objects to this request on the basis that it is vague and ambiguous and not simple and direct, as required.   Among other things, it is unclear whether this request seeks an admission that Justin Fox was the ultimate decisionmaker, the only decisionmaker, or one of many individuals involved in the decisionmaking process, with respect to grant terminations.   It is also unclear whether it seeks an admission that "it was Justin Fox's decision to terminate" all grants or only some of grants that were part of the Mass Termination.   The administrative record

in this case reflects that multiple individuals, including Justin Fox, conferred concerning which NEH grants should be terminated. *See* NEH_AR_000003, NEH_AR_000004, NEH_AR_000005, NEH_AR_000006, NEH_AR_000007, NEH_AR_000009, NEH_AR_000011, NEH_AR_000013, NEH_AR_000021-23, NEH_AR_000024, NEH_AR_000085. The Government also objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information. The Government further objects to this request to the extent it seeks an admission as to a fundamental disagreement between the parties.

For the aforementioned reasons, the Government is not required to respond to this request, but directs Plaintiffs to the administrative record produced by the Government in this case, which reflects the procedure, process, and criteria used in selecting each grant for termination and the individuals involved. To the extent Plaintiff seeks an admission that Justin Fox made the ultimate determination to terminate any grants, the Government has maintained, and still maintains, that Michael McDonald terminated the grants at issue in this action after receiving input from Nate Cavanaugh and Justin Fox. The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 22:**

Admit that it was Justin Fox's decision whether to terminate at least one grant or award that was terminated as part of the Mass Termination.

24

**Response to Request for Admission No. 22**:

The Government objects to this request on the basis that it is vague and ambiguous and not simple and direct, as required.   Among other things, it is unclear whether this request seeks an admission that Justin Fox was the ultimate decisionmaker, the only decisionmaker, or one of many individuals involved in the decisionmaking process, with respect to grant terminations. The administrative record in this case reflects that multiple individuals, including Justin Fox, conferred concerning which NEH grants should be terminated.   *See* NEH_AR_000003, NEH_AR_000004, NEH_AR_000005, NEH_AR_000006, NEH_AR_000007, NEH_AR_000009, NEH_AR_000011, NEH_AR_000013, NEH_AR_000021-23, NEH_AR_000024, NEH_AR_000085.   The Government also objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government further objects to this request to the extent it seeks an admission as to a fundamental disagreement between the parties.

For the aforementioned reasons, the Government is not required to respond to this request, but directs Plaintiffs to the administrative record produced by the Government in this case, which reflects the procedure, process, and criteria used in selecting each grant for termination and the individuals involved.   To the extent Plaintiff seeks an admission that Justin Fox made the ultimate determination to terminate any grants, the Government has maintained, and still maintains, that Michael McDonald terminated the grants at issue in this action after receiving input from Nate Cavanaugh and Justin Fox.   The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 23:**

Admit that it was Nate Cavanaugh's decision whether to terminate grants or awards that were terminated as part of the Mass Termination.

**Response to Request for Admission No. 23:**

The Government objects to this request on the basis that it is vague and ambiguous and not simple and direct, as required.   Among other things, it is unclear whether this request seeks an admission that Nate Cavanaugh was the ultimate decisionmaker, the only decisionmaker, or one of many individuals involved in the decisionmaking process, with respect to grant terminations.   It is also unclear whether it seeks an admission that "it was Nate Cavanaugh's decision to terminate" all grants or only some of grants that were part of the Mass Termination. The administrative record in this case reflects that multiple individuals, including Nate Cavanaugh, conferred concerning which NEH grants should be terminated.   *See* NEH_AR_000003, NEH_AR_000004, NEH_AR_000005, NEH_AR_000006, NEH_AR_000007, NEH_AR_000009, NEH_AR_000011, NEH_AR_000013, NEH_AR_000021-23, NEH_AR_000024, NEH_AR_000085.   The Government also objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government further objects to this request to the extent it seeks an admission as to a fundamental disagreement between the parties.

For the aforementioned reasons, the Government is not required to respond to this request, but directs Plaintiffs to the administrative record produced by the Government in this case, which reflects the procedure, process, and criteria used in selecting each grant for termination and the individuals involved.   To the extent Plaintiff seeks an admission that Nate

26

Cavanaugh made the ultimate determination to terminate any grants, the Government has maintained, and still maintains, that Michael McDonald terminated the grants at issue in this action after receiving input from Nate Cavanaugh and Justin Fox. The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 24:**

Admit that it was Nate Cavanaugh's decision whether to terminate at least one grant or award that was terminated as part of the Mass Termination.

**Response to Request for Admission No. 24:**

The Government objects to this request on the basis that it is vague and ambiguous and not simple and direct, as required. Among other things, it is unclear whether this request seeks an admission that Nate Cavanaugh was the ultimate decisionmaker, the only decisionmaker, or one of many individuals involved in the decisionmaking process, with respect to grant terminations. The administrative record in this case reflects that multiple individuals, including Nate Cavanaugh, conferred concerning which NEH grants should be terminated. *See* NEH_AR_000003, NEH_AR_000004, NEH_AR_000005, NEH_AR_000006, NEH_AR_000007, NEH_AR_000009, NEH_AR_000011, NEH_AR_000013, NEH_AR_000021-23, NEH_AR_000024, NEH_AR_000085. The Government also objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information. The Government further objects to this request to the extent it seeks an admission as to a fundamental disagreement between the parties.

27

For the aforementioned reasons, the Government is not required to respond to this request, but directs Plaintiffs to the administrative record produced by the Government in this case, which reflects the procedure, process, and criteria used in selecting each grant for termination and the individuals involved.   To the extent Plaintiff seeks an admission that Nate Cavanaugh made the ultimate determination to terminate any grants, the Government has maintained, and still maintains, that Michael McDonald terminated the grants at issue in this action after receiving input from Nate Cavanaugh and Justin Fox.   The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 25:**

Admit that it was the decision of Justin Fox, Nate Cavanaugh, or other DOGE personnel whether to terminate grants or awards that were terminated as part of the Mass Termination.

**Response to Request for Admission No. 25:**

The Government objects to this request on the basis that it is vague and ambiguous and not simple and direct, as required.   Among other things, it is unclear whether this request seeks an admission that one or more individuals at DOGE were the ultimate decisionmakers, the only decisionmakers, or involved in the decisionmaking process, with respect to grant terminations. It is also unclear whether it seeks an admission that "it was the decision of" one or more DOGE employees to terminate all of the referenced grants or only some of the referenced grants.   The administrative record in this case reflects that multiple individuals, including Nate Cavanaugh and Justin Fox, conferred concerning which NEH grants should be terminated.   *See* NEH_AR_000003, NEH_AR_000004, NEH_AR_000005, NEH_AR_000006, NEH_AR_000007, NEH_AR_000009, NEH_AR_000011, NEH_AR_000013,

28

NEH_AR_000021-23, NEH_AR_000024, NEH_AR_000085.   The Government also objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government further objects to this request to the extent it seeks an admission as to a fundamental disagreement between the parties.

For the aforementioned reasons, the Government is not required to respond to this request, but directs Plaintiffs to the administrative record produced by the Government in this case, which reflects the procedure, process, and criteria used in selecting each grant for termination and the individuals involved.   To the extent Plaintiff seeks an admission that someone other than Michael McDonald made the ultimate determination to terminate any grants, the Government has maintained, and still maintains, that Michael McDonald terminated the grants at issue in this action after receiving input from Nate Cavanaugh and Justin Fox.   The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 26:**

Admit that it was the decision of Justin Fox, Nate Cavanaugh, or other DOGE personnel whether to terminate at least one grant or award that was terminated as part of the Mass Termination.

**Response to Request for Admission No. 26:**

The Government objects to this request on the basis that it is vague and ambiguous and not simple and direct, as required.   Among other things, it is unclear whether this request seeks an admission that one or more individuals at DOGE were the ultimate decisionmakers, the only

29

decisionmakers, or involved in the decisionmaking process, with respect to grant terminations. The administrative record in this case reflects that multiple individuals, including Nate Cavanaugh and Justin Fox, conferred concerning which NEH grants should be terminated. *See* NEH_AR_000003, NEH_AR_000004, NEH_AR_000005, NEH_AR_000006, NEH_AR_000007, NEH_AR_000009, NEH_AR_000011, NEH_AR_000013, NEH_AR_000021-23, NEH_AR_000024, NEH_AR_000085. The Government also objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information. The Government further objects to this request to the extent it seeks an admission as to a fundamental disagreement between the parties.

For the aforementioned reasons, the Government is not required to respond to this request, but directs Plaintiffs to the administrative record produced by the Government in this case, which reflects the procedure, process, and criteria used in selecting each grant for termination and the individuals involved. To the extent Plaintiff seeks an admission that someone other than Michael McDonald made the ultimate determination to terminate any grants, the Government has maintained, and still maintains, that Michael McDonald terminated the grants at issue in this action after receiving input from Nate Cavanaugh and Justin Fox. The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 27:**

Admit that it was Justin Fox's decision whether to discontinue funding on any of the projects listed in the spreadsheet that Michael McDonald emailed to Justin Fox on April 1, 2025

30

at 10:07 AM. See NEH_AR_000023.

**Response to Request for Admission No. 27:**

The Government objects to this request on the basis that it is vague and ambiguous, and not simple and direct, as required.   Among other things, it is unclear whether this request seeks an admission that Justin Fox was the ultimate decisionmaker, the only decisionmaker, or one of many individuals involved in the decisionmaking process, with respect to the discontinuation of funding.   The Government also objects to this request because it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government further objects to this request to the extent it seeks an admission as to a fundamental disagreement between the parties.

For the aforementioned reasons, the Government is not required to respond to this request, but directs Plaintiffs to the administrative record produced by the Government in this case, which reflects the procedure, process, and criteria used in selecting each grant for termination and the individuals involved.   To the extent Plaintiff seeks an admission that someone other than Michael McDonald made the ultimate determination to terminate any grants, the Government has maintained, and still maintains, that Michael McDonald terminated the grants at issue in this action after receiving input from Nate Cavanaugh and Justin Fox.   The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 28:**

Admit that it was Nate Cavanaugh's decision whether to discontinue funding on any of the projects listed in the spreadsheet that Michael McDonald emailed to Justin Fox on April 1,

31

2025 at 10:07 AM. See NEH_AR_000023.

**Response to Request for Admission No. 28:**

The Government objects to this request on the basis that it is vague and ambiguous, and not simple and direct, as required.   Among other things, it is unclear whether this request seeks an admission that Nate Cavanaugh was the ultimate decisionmaker, the only decisionmaker, or one of many individuals involved in the decisionmaking process, with respect to the discontinuation of funding.   The Government also objects to this request because it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government further objects to this request to the extent it seeks an admission as to a fundamental disagreement between the parties.

For the aforementioned reasons, the Government is not required to respond to this request, but directs Plaintiffs to the administrative record produced by the Government in this case, which reflects the procedure, process, and criteria used in selecting each grant for termination and the individuals involved.   To the extent Plaintiff seeks an admission that someone other than Michael McDonald made the ultimate determination to terminate any grants, the Government has maintained, and still maintains, that Michael McDonald terminated the grants at issue in this action after receiving input from Nate Cavanaugh and Justin Fox.   The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 29:**

Admit that it was the decision of Justin Fox, Nate Cavanaugh, or other DOGE personnel

32

whether to discontinue funding on any of the projects listed in the spreadsheet that Michael McDonald emailed to Justin Fox on April 1, 2025 at 10:07 AM. See NEH_AR_000023.

**Response to Request for Admission No. 29:**

The Government objects to this request on the basis that it is vague and ambiguous. Among other things, it is unclear whether this request seeks an admission that Justin Fox, Nate Cavanaugh, or other unspecified "DOGE personnel" were the ultimate decisionmakers, the only decisionmakers, or one or more of many individuals involved in the decisionmaking process, with respect to the discontinuation of funding.   The Government also objects to this request because it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government further objects to this request to the extent it seeks an admission as to a fundamental disagreement between the parties.

For the aforementioned reasons, the Government is not required to respond to this request, but directs Plaintiffs to the administrative record produced by the Government in this case, which reflects the procedure, process, and criteria used in selecting each grant for termination and the individuals involved.   To the extent Plaintiff seeks an admission that someone other than Michael McDonald made the ultimate determination to terminate any grants, the Government has maintained, and still maintains, that Michael McDonald terminated the grants at issue in this action after receiving input from Nate Cavanaugh and Justin Fox.   The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

33

**Request for Admission No. 30:**

Admit that it was not Michael McDonald's decision whether to terminate grants or awards that were terminated as part of the Mass Termination.

**Response to Request for Admission No. 30:**

The Government objects to this request on the basis that it is vague, ambiguous, and confusingly phrased, and not simple and direct, as required.   Among other things, it is not clear what precisely is meant by the phrase "decision whether to terminate."   The Government also objects to this request because it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government further objects to this request to the extent it seeks an admission as to a fundamental disagreement between the parties.

Subject to and without waiving the foregoing objections, the Government denies this request.   To the extent Plaintiff seeks an admission that someone other than Michael McDonald was responsible for making the ultimate determination to terminate any grants, the Government has maintained, and still maintains, that Michael McDonald terminated the grants at issue in this action after receiving input from Nate Cavanaugh and Justin Fox.   The Government also directs Plaintiffs to the administrative record produced by the Government in this case, which reflects the procedure, process, and criteria used in selecting each grant for termination and the individuals involved.   The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 31:**

Admit that it was not Michael McDonald's decision whether to terminate at least one

34

grant or award that was terminated as part of the Mass Termination.

**Response to Request for Admission No. 31:**

The Government objects to this request on the basis that it is vague, ambiguous, and confusingly phrased, and not simple and direct, as required. Among other things, it is not clear what precisely is meant by the phrase "decision whether to terminate." The Government also objects to this request because it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information. The Government further objects to this request to the extent it seeks an admission as to a fundamental disagreement between the parties.

Subject to and without waiving the foregoing objections, the Government denies this request. To the extent Plaintiff seeks an admission that someone other than Michael McDonald was responsible for making the ultimate determination to terminate any grants, the Government has maintained, and still maintains, that Michael McDonald terminated the grants at issue in this action after receiving input from Nate Cavanaugh and Justin Fox. The Government also directs Plaintiffs to the administrative record produced by the Government in this case, which reflects the procedure, process, and criteria used in selecting each grant for termination and the individuals involved. The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 32:**

Admit that it was the decision of Justin Fox, Nate Cavanaugh, or other DOGE personnel to choose grants and awards for termination based on the Presidential administration in which the grants were issued.

**Response to Request for Admission No. 32:**

The Government objects to this request on the basis that it is vague, ambiguous, and confusingly phrased, and not simple and direct, as required.   Among other things, it is not clear whether the word "decision" refers to deciding which specific grants to terminate or deciding on particular criteria for terminating grants, and the request appears premised on an assumption that grants were chosen for termination "based on the Presidential administration in which the grants were issued."   The Government also objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government further objects to this request on the ground that it is not proportional to the needs of the case and seeks information not relevant to the parties' claims or defenses.   The Government further objects to this request to the extent it seeks an admission as to a fundamental disagreement between the parties.

For the aforementioned reasons, the Government is not required to respond to this request, but directs Plaintiffs to the administrative record produced by the Government in this case, which reflects the procedure, process, and criteria used in selecting each grant for termination and the individuals involved.   The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 33:**

Admit that it was the decision of Justin Fox, Nate Cavanaugh, or other DOGE personnel to use the list of all outstanding NEH grants and awards issued during the Biden administration as the baseline list of grants to terminate.

36

**Response to Request for Admission No. 33:**

The Government objects to this request on the basis that it is vague, ambiguous, and confusingly phrased, and not simple and direct, as required.   Among other things, the meaning of "the baseline list of grants to terminate" is unclear, and the request is premised on an assumption that a decision was made by someone "to use the list of all outstanding NEH grants issued during the Biden administration as the baseline list of grants to terminate."   Rule 36 "is not a discovery device," but, rather, is intended to "confirm facts such that they do not need to be established at trial."   *Delgado*, 2024 WL 3219809, at *7.   The Government also objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government further objects to this request on the ground that it is not proportional to the needs of the case and seeks information not relevant to the parties' claims or defenses.

For the aforementioned reasons, the Government is not required to respond to this request, but directs Plaintiffs to the administrative record produced by the Government in this case, which reflects the procedure, process, and criteria used in selecting each grant for termination and the individuals involved.   The Government avers that, as reflected in the administrative record, Nate Cavanaugh sent Michael McDonald an email on March 12, 2025, which stated, "Attached is a list of grants that were awarded during President Biden's administration (Jan 20, 2021 through Jan 19, 2025) at NEH," NEH_AR_000003, and attached a spreadsheet titled "NEH Grants (Biden Admin)," *see* NEH_AR_000004.   The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the

37

administrative record produced by the Government and whether any additional materials might fill such gaps.

**<u>Request for Admission No. 34</u>:**

Admit that it was not the decision of Michael McDonald or any other NEH personnel to use the list of all outstanding grants and awards issued during the Biden administration as the baseline list of grants to terminate.

**<u>Response to Request for Admission No. 34</u>:**

The Government objects to this request on the basis that it is vague, ambiguous, and confusingly phrased, and not simple and direct, as required.   Among other things, the meaning of "the baseline list of grants to terminate" is unclear, and the request is premised on an assumption that a decision was made by someone "to use the list of all outstanding NEH grants issued during the Biden administration as the baseline list of grants to terminate."   Rule 36 "is not a discovery device," but, rather, is intended to "confirm facts such that they do not need to be established at trial."   *Delgado*, 2024 WL 3219809, at *7.   The Government also objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government further objects to this request on the ground that it is not proportional to the needs of the case and seeks information not relevant to the parties' claims or defenses.

For the aforementioned reasons, the Government is not required to respond to this request, but directs Plaintiffs to the administrative record produced by the Government in this case, which reflects the procedure, process, and criteria used in selecting each grant for termination and the individuals involved.   The Government avers that, as reflected in the

administrative record, Nate Cavanaugh sent Michael McDonald an email on March 12, 2025, which stated, "Attached is a list of grants that were awarded during President Biden's administration (Jan 20, 2021 through Jan 19, 2025) at NEH," NEH_AR_000003, and attached a spreadsheet titled "NEH Grants (Biden Admin)," *see* NEH_AR_000004.   The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 35:**

Admit that Justin Fox, Nate Cavanaugh, or other DOGE personnel drafted the termination letter template that was used for sending grant termination notices in April 2025.

**Response to Request for Admission No. 35:**

The Government objects to this request on the basis that it is vague and ambiguous, including with respect to the phrase "termination letter template."   The Government objects to this request on the ground that it seeks information already in Plaintiffs possession, *see* Answer, ECF No. 133, ¶ 187, and, thus, is unduly burdensome.   The Government also objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government further objects to this request on the ground that it seeks information not relevant to the parties' claims or defenses.

Subject to and without waiving the foregoing objections, the Government denies the request as phrased, but avers that Nate Cavanaugh and/or Justin Fox drafted the April 2025 termination notices in coordination with NEH personnel.

39

**Request for Admission No. 36:**

Admit that Justin Fox, Nate Cavanaugh, or other DOGE personnel added Michael McDonald's signature to the termination letters sent in April 2025.

**Response to Request for Admission No. 36:**

The Government objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government further objects to this request on the ground that it seeks information not relevant to the parties' claims or defenses.

Subject to and without waiving the foregoing objections, the Government denies this request as phrased, but avers that Justin Fox or Nate Cavanaugh typed Michael McDonald's electronic signature on the grant notification letters sent in April 2025, after Michael McDonald reviewed and approved the letters and gave Justin Fox and Nate Cavanaugh permission to send the letters with his typed signature.

**Request for Admission No. 37:**

Admit that neither Michael McDonald nor any NEH personnel drafted the grant termination letters sent in April 2025.

**Response to Request for Admission No. 37:**

The Government objects to this request on the ground that it seeks information already in Plaintiffs possession, *see* Answer, ECF No. 133, ¶ 187, and, thus, is unduly burdensome.   T The Government also objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government further objects to this request on the ground that it seeks information not relevant to the parties' claims or defenses.

40

Subject to and without waiving the foregoing objections, the Government denies the request as phrased, and avers that Nate Cavanaugh and/or Justin Fox drafted the April 2025 termination notices in coordination with NEH personnel, subject to review by Michael McDonald.

**Request for Admission No. 38:**

Admit that Michael McDonald did not personally add his signature to the grant termination letters used in April 2025.

**Response to Request for Admission No. 38:**

The Government also objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government further objects to this request on the ground that it seeks information not relevant to the parties' claims or defenses.

Subject to and without waiving the foregoing objections, the Government denies this request as phrased, but avers that Justin Fox or Nate Cavanaugh typed Michael McDonald's electronic signature on the grant notification letters sent in April 2025, after Michael McDonald reviewed and approved the letters and gave Justin Fox and Nate Cavanaugh permission to send the letters with his typed signature.

**Request for Admission No. 39:**

Admit that on April 3, 2025, Michael McDonald held a meeting with NEH staff in which he answered questions about grant terminations.

41

**Response to Request for Admission No. 39:**

The Government objects to this request because it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.

Subject to and without waiving the foregoing objections, the Government admits the request.

**Request for Admission No. 40:**

Admit that the Recording is a recording of part of the April, 3, 2025 meeting referenced in Request No. 39.

**Response to Request for Admission No. 40:**

The Government objects to this request because it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.

Subject to and without waiving the foregoing objections, the Government admits that the Recording appears to be a recording of part of the April 3, 2025 meeting referenced in Request No. 39.

**Request for Admission No. 41:**

Admit that Michael McDonald is one of the individuals speaking in the Recording.

**Response to Request for Admission No. 41:**

The Government objects to this request because it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.

42

Subject to and without waiving the foregoing objections, the Government admits that McDonald appears to be one of the individuals speaking in the Recording.

**Request for Admission No. 42:**

Admit that at the April 3, 2025 meeting, in response to a question about the rationale for grant terminations, Michael McDonald stated that the "rationale was simply because that's the way DOGE had operated at other agencies and they applied the same methodology here."

**Response to Request for Admission No. 42:**

The Government objects to this request because it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information. The Government further objects to this request on the ground that it appears to characterize a recording, which speaks for itself and is the best representation of its contents. The Government further objects to the request as unduly burdensome and impractical, to the extent it demands an admission from McDonald as to the precise words he used when speaking at a meeting more than six months ago.

For these reasons, the Government is not required to respond to this request, but refers Plaintiffs to the Recording for a complete and accurate representation of its contents.

**Request for Admission No. 43:**

Admit that the statement referenced in Request No. 42 is a true and accurate statement of Michael McDonald's understanding of the rationale for the grant terminations.

**Response to Request for Admission No. 43:**

The Government objects to this request because it is vague and ambiguous, and not clear and precise, as required. Among other things, it is not clear whether Plaintiffs seek an admission that the referenced statement encapsulates McDonald's understanding of the entire

43

rationale for every termination of every grant at issue in their case, or something else.   Rule 36 "is not a discovery device," but, rather, is intended to "confirm facts such that they do not need to be established at trial."   *Delgado*, 2024 WL 3219809, at *7.   The Government further objects to this request because it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.

For these reasons, the Government is not required to respond to this request, but refers Plaintiffs to the administrative record produced by the Government in this case, which reflects the criteria and process used in selecting each grant for termination. The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 44:**

Admit that the National Council on the Humanities was not consulted regarding the Mass Termination.

**Response to Request for Admission No. 44:**

The Government objects to this request on the basis that it is vague and ambiguous, and not simple and direct, as required.   Among other things, the meaning of the phrase "consulted regarding the Mass Termination" is unclear, and the request does not contain any temporal specifications.   The Government objects to this request because it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government also objects to this request on the ground that it seeks information not relevant to the parties' claims or defenses.

44

Subject to and without waiving the foregoing objections, the Government denies the request as phrased, but avers that NEH's authorizing statute does not require the Chairman to obtain the National Council on the Humanities' advice before terminating or rescinding grant awards, and the National Council was not involved in discussions regarding which grants would be terminated as part of the Mass Termination.   The Government refers Plaintiffs to the administrative record produced by the Government in this case, which reflects the process used in selecting each grant for termination and the individuals involved.

**Request for Admission No. 45:**

Admit that it was the decision of Justin Fox, Nate Cavanaugh, or other DOGE personnel to choose grants and awards for termination based on the content of the funded project.

**Response to Request for Admission No. 45:**

The Government objects to this request on the basis that it is vague, ambiguous, and confusingly phrased, and is not simple and direct, as required.   Among other things, it is not clear whether the word "decision" refers to deciding which specific grants to terminate or deciding on particular criteria for terminating grants.   The Government also objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government further objects to this request to the extent it seeks an admission as to a fundamental disagreement between the parties.

For these reasons, the Government is not required to respond to this request, but refers Plaintiffs to the administrative record produced by the Government in this case, which reflects the criteria and process used in selecting each grant for termination. The Government is available

45

to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 46:**

Admit that it was the decision of Justin Fox, Nate Cavanaugh, or other DOGE personnel to choose grants and awards for termination based on the viewpoint of the funded project.

**Response to Request for Admission No. 46:**

The Government objects to this request on the basis that it is vague, ambiguous, and confusingly phrased, and is not simple and direct, as required.   Among other things, it is not clear whether the word "decision" refers to deciding which specific grants to terminate or deciding on particular criteria for terminating grants.   The Government also objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government further objects to this request to the extent it seeks an admission as to a fundamental disagreement between the parties.

For these reasons, the Government is not required to respond to this request, but refers Plaintiffs to the administrative record produced by the Government in this case, which reflects the criteria and process used in selecting each grant for termination. The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 47:**

Admit that grants and awards terminated as part of the Mass Termination were terminated because they had been issued by the Biden administration.

46

**Response to Request for Admission No. 47:**

The Government objects to this request because it is vague and ambiguous, and not simple and direct, as required.   Among other things, it is not clear whether the request seeks an admission that grants and awards were terminated solely because they had been issued by the Biden administration, an admission that certain grants' issuance during the Biden administration played a role in those grants being terminated, or an admission that certain grants' issuance during the Biden administration played a role in those grants being considered for termination. The Government also objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government also objects to this request to the extent it seeks information that can already be ascertained from the administrative record produced by the Government in this case, which reflects the criteria and process used in selecting each grant for termination.   The Government further objects to this request to the extent it seeks an admission as to a fundamental disagreement between the parties.

For these reasons, the Government is not required to respond to this request, but refers Plaintiffs to the administrative record produced by the Government in this case, which reflects the criteria and process used in selecting each grant for termination. The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 48:**

Admit that grants and awards terminated as part of the Mass Termination were terminated, at least in part, because they had been issued by the Biden administration.

47

**Response to Request for Admission No. 48:**

The Government objects to this request because it is vague and ambiguous.   The Government further objects to this request because it is not simple and direct, as required. Among other things, it is not clear whether the request seeks an admission that certain grants' issuance during the Biden administration played a role in those grants being terminated, or an admission that certain grants' issuance during the Biden administration played a role in those grants being considered for termination.   The Government also objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government also objects to this request to the extent it seeks information that can already be ascertained from the administrative record produced by the Government in this case, which reflects the criteria and process used in selecting each grant for termination.   The Government further objects to this request to the extent it seeks an admission as to a fundamental disagreement between the parties.

For these reasons, the Government is not required to respond to this request, but refers Plaintiffs to the administrative record produced by the Government in this case, which reflects the criteria and process used in selecting each grant for termination. The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 49:**

Admit that grants and awards terminated as part of the Mass Termination were terminated because of the subject matter of the project for which the grant or award was given.

48

**Response to Request for Admission No. 49:**

The Government objects to this request because it is vague and ambiguous, and not simple and direct, as required.   The Government also objects to this request to the extent it demands that the Government ratify a legal conclusion.   The Government further objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government also objects to this request to the extent it seeks information that can already be ascertained from the administrative record produced by the Government in this case, which reflects the criteria and process used in selecting each grant for termination.   The Government further objects to this request to the extent it seeks an admission as to a fundamental disagreement between the parties.

For these reasons, the Government is not required to respond to this request, but refers Plaintiffs to the administrative record produced by the Government in this case, which reflects the criteria and process used in selecting each grant for termination. The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 50:**

Admit that grants and awards terminated as part of the Mass Termination were terminated, at least in part, because of the subject matter of the project for which the grant or award was given.

**Response to Request for Admission No. 50:**

The Government objects to this request because it is vague and ambiguous, and not simple and direct, as required.   The Government also objects to this request to the extent it

49

demands that the Government ratify a legal conclusion.   The Government further objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government also objects to this request to the extent it seeks information that can already be ascertained from the administrative record produced by the Government in this case, which reflects the criteria and process used in selecting each grant for termination.   The Government further objects to this request to the extent it seeks an admission as to a fundamental disagreement between the parties.

For these reasons, the Government is not required to respond to this request, but refers Plaintiffs to the administrative record produced by the Government in this case, which reflects the criteria and process used in selecting each grant for termination. The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 51:**

Admit that grants and awards terminated as part of the Mass Termination were terminated because of the viewpoint of the project for which the grant or award was given.

**Response to Request for Admission No. 51:**

The Government objects to this request because it is vague and ambiguous, and not simple and direct, as required.   The Government also objects to this request to the extent it demands that the Government ratify a legal conclusion.   The Government further objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government also objects to this request to the extent it seeks information that

can already be ascertained from the administrative record produced by the Government in this case, which reflects the criteria and process used in selecting each grant for termination. The Government further objects to this request to the extent it seeks an admission as to a fundamental disagreement between the parties.

For these reasons, the Government is not required to respond to this request, but refers Plaintiffs to the administrative record produced by the Government in this case, which reflects the criteria and process used in selecting each grant for termination. The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 52:**

Admit that grants and awards terminated as part of the Mass Termination were terminated, at least in part, because of the viewpoint of the project for which the grant or award was given.

**Response to Request for Admission No. 52:**

The Government objects to this request because it is vague and ambiguous, and not simple and direct, as required. The Government also objects to this request to the extent it demands that the Government ratify a legal conclusion. The Government also objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information. The Government also objects to this request to the extent it seeks information that can already be ascertained from the administrative record produced by the Government in this case, which reflects the criteria and process used in selecting each grant for termination. The

Government further objects to this request to the extent it seeks an admission as to a fundamental disagreement between the parties.

For these reasons, the Government is not required to respond to this request, but refers Plaintiffs to the administrative record produced by the Government in this case, which reflects the criteria and process used in selecting each grant for termination. The Government is available to meet and confer with Plaintiffs to discuss whether there are any gaps in the administrative record produced by the Government and whether any additional materials might fill such gaps.

**Request for Admission No. 53:**

Admit that grants and awards terminated as part of the Mass Termination were identified as candidates for termination using Artificial Intelligence.

**Response to Request for Admission No. 53:**

The Government objects to this request on the basis that it is vague and ambiguous, particularly as to the phrase "candidates for termination."   The Government also objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government also objects to this request to the extent it seeks information that can already be ascertained from the administrative record produced by the Government in this case, which reflects the criteria and process used in selecting each grant for termination. The Government further objects to this request because it seeks information that is not relevant the parties' claims or defenses.

Subject to and without waiving the foregoing objections, the Government denies this request.

**<u>Request for Admission No. 54</u>:**

Admit that at least one grant or award terminated as part of the Mass Termination was identified as a candidate for termination using Artificial Intelligence.

**<u>Response to Request for Admission No. 54</u>:**

The Government objects to this request on the basis that it is vague and ambiguous, particularly as to the phrase "candidates for termination."   The Government also objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government also objects to this request to the extent it seeks information that can already be ascertained from the administrative record produced by the Government in this case, which reflects the criteria and process used in selecting each grant for termination. The Government further objects to this request because it seeks information that is not relevant the parties' claims or defenses.

Subject to and without waiving the foregoing objections, the Government denies this request.

**<u>Request for Admission No. 55</u>:**

Admit that grants and awards terminated as part of the Mass Termination were identified as candidates for termination using Algorithms.

**<u>Response to Request for Admission No. 55</u>:**

The Government objects to this request on the basis that it is vague and ambiguous, particularly as to the phrase "candidates for termination" and the term "Algorithms."   The Government also objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a

showing of entitlement to such information.   The Government also objects to this request to the extent it seeks information that can already be ascertained from the administrative record produced by the Government in this case, which reflects the criteria and process used in selecting each grant for termination. The Government further objects to this request because it seeks information that is not relevant the parties' claims or defenses.

Subject to and without waiving the foregoing objections, the Government denies this request.

**Request for Admission No. 56:**

Admit that at least one grant or award terminated as part of the Mass Termination was identified as a candidate for termination using an Algorithm.

**Response to Request for Admission No. 56:**

The Government objects to this request on the basis that it is vague and ambiguous, particularly as to the phrase "candidate for termination" and the term "Algorithm."   The Government also objects to this request to the extent it seeks information beyond the administrative record produced by the Government in this case, without Plaintiffs having made a showing of entitlement to such information.   The Government also objects to this request to the extent it seeks information that can already be ascertained from the administrative record produced by the Government in this case, which reflects the criteria and process used in selecting each grant for termination. The Government further objects to this request because it seeks information that is not relevant the parties' claims or defenses.

Subject to and without waiving the foregoing objections, the Government denies this request.

Dated:  New York, New York
        December 2, 2025

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:    /s/ Mary Ellen Brennan
        By:    MARY ELLEN BRENNAN
                RACHAEL L. DOUD
                Assistant United States Attorneys
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Telephone: (212) 637-2652/2699
        maryellen.brennan@usdoj.gov
        rachael.doud@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Mary Ellen Brennan, an Assistant United States Attorney for the Southern District of New York, hereby certify that on December 2, 2025, I caused a copy of Defendants' Responses and Objections to Plaintiffs' First Requests for Admission to be served upon the following by electronic mail:

> Jamie Crooks
> Michael Lieberman
> Amanda R. Vaughn
> Yinka Onayemi
> Fairmark Partners, LLP
> 400 7th Street, NW, Suite 304
> Washington, DC 20004
> Email: jamie@fairmarklaw.com
>       michael@fairmarklaw.com
>       amanda@fairmarklaw.com
>       yinka@fairmarklaw.com

Dated:      December 2, 2025
            New York, New York

            /s/ Mary Ellen Brennan
            MARY ELLEN BRENNAN