| | |
|---|---|
| **From:** | Dan Jacobson |
| **To:** | Doud, Rachael (USANYS); Brennan, Mary Ellen (USANYS) 1; Amanda Vaughn; Nina Cahill; Kyla Snow |
| **Cc:** | John Robinson; Lynn Eisenberg; Jamie Crooks; Michael Lieberman; Yinka Onayemi |
| **Subject:** | [EXTERNAL] Re: Discovery follow up |
| **Date:** | Wednesday, December 31, 2025 4:35:53 PM |

Rachael,

With respect to the ROGs we flagged, and in particular ROGs 1, 2, 5, and 9, we and the Authors Guild intend to move to compel on Friday afternoon unless Defendants commit to getting us complete responses to these four ROGs by EOD Monday. These ROGs seek the identity of relevant persons exactly as Local Rule 33.3 calls to be disclosed at the beginning of discovery, and we need this information to be able to put forward additional RFPs and deposition notices based on the information you provide, including RFPs such that you can provide the records by the court-ordered deadline of 1/16. The objections you put forward appear to have been all overruled by the court, but if you believe you still have valid objections to these four ROGs – consistent with the court's order – please let us know what they are.

We decline to file our motion as a joint submission – we'll plan to file a Rule 37 motion as the rules provide, and Defendants can respond. We'll likely seek fees and other appropriate relief in the motion, given the lack of any substantial basis for Defendants refusing to provide this basic information following the court's order.

With respect to search terms, it is not reasonable or consistent with Defendants' discovery obligations to limit the search to their own self-selected terms, especially where those terms will not produce any results unless one specific word is used. If you have any precedent stating that a party may limit its ESI search to require that one specific word be used, please let us know. Regardless, we ask that you provide us a hit report by EOD Monday showing the number of unique/de-duplicated hits produced from the search terms you proposed, and the number of additional unique/de-duplicated hits associated with each of the terms that we and the Authors Guild proposed. Courts routinely require this. *See, e.g., Oakley v. MSG Networks, Inc.*, No. 17-CV-6903 (RJS), 2024 WL 4134903, at *4 (S.D.N.Y. Sept. 10, 2024) (granting motion to compel where "defendants have not even provided a hit reportidentifying the number of responsive records for Oakley's proposed search terms to help illustrate the potential burden imposed by his request"); *In re Allergan PLC Sec. Litig.*, No. 18CIV12089CMGWG, 2020 WL 4034751, at *1 (S.D.N.Y. Mar. 30, 2020) ("As part of the negotiation process over search terms, the defendants must provide the plaintiff with the hit counts for searches run with proposed terms — regardless of whether the defendants believe the terms are proper. The Court is concerned that the defendants are not being sufficiently forthcoming about the search process. The effort to arrive at appropriate search terms must be part of a collaborative process in which the defendants must provide to plaintiff the maximum information possible. If the defendants are not sufficiently forthcoming, the result may be that the Court finds that defendants have waived any possible arguments regarding the burdensomeness of reviewing documents generated by search terms.").

With respect to depositions, we and the Authors Guild propose the following schedule:.

Cavanaugh – Jan 23 (NY)
Fox and Wolfson – Jan 26 and 28, at Defendants' choice as to which is each date (TBD and DC)
McDonald – Jan 30 (DC)

Please confirm whether this schedule will work for Defendants.

Best,
Dan

---

**From:** "Doud, Rachael (USANYS)" <Rachael.Doud@usdoj.gov>
**Date:** Tuesday, December 30, 2025 at 5:12 PM
**To:** Dan Jacobson <dan@jacobsonlawyersgroup.com>, "Brennan, Mary Ellen (USANYS) 1" <MaryEllen.Brennan@usdoj.gov>, Amanda Vaughn <amanda@fairmarklaw.com>, Nina Cahill <nina@jacobsonlawyersgroup.com>, Kyla Snow <kyla@jacobsonlawyersgroup.com>
**Cc:** John Robinson <john@jacobsonlawyersgroup.com>, Lynn Eisenberg <lynn@jacobsonlawyersgroup.com>, Jamie Crooks <jamie@fairmarklaw.com>, Michael Lieberman <michael@fairmarklaw.com>, Yinka Onayemi <yinka@fairmarklaw.com>
**Subject:** RE: Discovery follow up

Dan,

We are still developing our search parameters for agencies other than NEH and will share those once they are finalized.

As to the NEH documents, your explanation for failing to respond to our proposed search parameters for a week and a half does not make sense; as you note, at the point we sent the email you supposedly relied on in delaying, which did not relate to search parameters, it had already been a week.  We had already told you we would search NEH and never suggested we no longer planned to do so.  In any event, we believe that our search parameters are reasonable and, given the large number of documents we are already reviewing from NEH alone and the fact that we only have about two weeks to produce everything, we need to proceed with our review.  Furthermore, the terms you are requesting that we add are plainly overbroad because it is not the case that *any* NEH record mentioning DOGE, Fox, Cavanaugh, or the anti-DEI Executive Order would be relevant to the remaining claims in the case.  We told you that we believed the parties should engage in further meet-and-confers before raising issues to the Court, but you were unwilling to do so, and we now need to focus on doing what we need to to meet the Court's deadline.  That being said, we will look into how adding your proposed searches would affect the volume.

Our responses to your discovery requests are not overdue—we provided them by the deadline set by the Court.  And as discussed, we objected to those requests on grounds other than those the Court overruled.  As I said, we will provide amended discovery responses by the January 16 deadline set by the Court, as appropriate.  We will provide responses before the deadline to the extent we can, but again we are doing a lot on a tight timeframe and need to gather information in order to provide the amended responses.

Regarding deposition availability, Nate Cavanaugh said that he is available after the 23rd, when his deposition is currently set for, but he needs to know as soon as possible what the date will be. Michael McDonald is available January 23 and 26-30, and Adam Wolfson is available all of those days other than Tuesday January 27.  We expect both of those depositions to take place in DC.  If you want to move the dates for those depositions we likewise need to pin the new dates down promptly.  We have not heard back from Justin Fox yet regarding his availability.

We don't think there is a need to meet and confer but if there are particular issues you want to discuss we can do so.  If you do decide to move to compel we ask that the parties file a joint letter so we can set forth our position.  Please note that any time we need to spend dealing with another motion to compel will divert our time and attention from reviewing and producing responsive documents and updating our other discovery responses.  Accordingly, we suggest, for the sake of efficiently moving this case forward, you wait to get the documents and responses you are seeking before you determine whether you need further relief from the court.

Thanks,

Rachael

**From:** Dan Jacobson <dan@jacobsonlawyersgroup.com>
**Sent:** Monday, December 29, 2025 10:31 PM
**To:** Doud, Rachael (USANYS) <Rachael.Doud@usdoj.gov>; Brennan, Mary Ellen (USANYS) 1 <MaryEllen.Brennan@usdoj.gov>; Amanda Vaughn <amanda@fairmarklaw.com>; Nina Cahill <nina@jacobsonlawyersgroup.com>; Kyla Snow <kyla@jacobsonlawyersgroup.com>
**Cc:** John Robinson <john@jacobsonlawyersgroup.com>; Lynn Eisenberg <lynn@jacobsonlawyersgroup.com>; Jamie Crooks <jamie@fairmarklaw.com>; Michael Lieberman <michael@fairmarklaw.com>; Yinka Onayemi <yinka@fairmarklaw.com>
**Subject:** [EXTERNAL] Re: Discovery follow up

Rachael,

Your response raises a number of questions and concerns:

1. **Search Terms:**

Non-NEH Custodians: Other than Fox and Cavanaugh, for searches of non-NEH agencies such as GSA, DOGE, OMB, and the White House Office, Defendants never sent us proposed search terms and custodians, because your position until the Court's order was that you would not search these agencies' records. Your email states that you'll "bear in mind" our proposed search terms for these agencies, but it appears that you are refusing to tell us the search terms you will use and the custodians you will search. There is no basis to refuse to provide that information; without it, Plaintiffs can't possibly assess whether Defendants have conducted an appropriate search.

Please provide us this information as soon as possible. And to the extent you continue to maintain that our proposed search terms for these entities "are clearly overbroad in a number of respects," please let us know how that is so, and we'd be happy to consider narrowing them as appropriate.

NEH and Fox/Cavanaugh: You emailed us proposed search terms for NEH on the night of Dec. 11. On Dec. 19, you emailed us that Defendants would not be providing amended discovery responses as planned, until after the court issued its order effectuating its opinion on the motion to compel. That suggested Defendants were not going forward with discovery until receiving the court's order. In any event, we provided suggested additions to the terms seven business days after you provided them to us. Your proposed terms are clearly deficient– most notably, it will not return records unless "grant*" appears in the record. It is unreasonable to only search for results is one specific term is used, and here especially, there is no reason to believe that term would always appear in responsive records. For example, there are synonyms such as "award*", and *any* NEH record in that time period mentioning DOGE, Fox, Cavanaugh, or the anti-DEI Executive Order would be relevant to our claims. If your existing search is as comprehensive as you suggest, there should not be many additional records to review after de-duplicating hits from the records you've already collected.

Please confirm as soon as possible that you will enlarge and amend your search terms, and let us know whether you'll use our proposed terms or alternative ones that address the issues we've raised. We are very willing to confer and revise our requested terms if appropriate, but given Plaintiffs' claims, there cannot be at appropriate search of NEH that would not return records mentioning DOGE or the anti-DEI executive order.

2. **Overdue ROG and RFA Responses:**

Your email states that Defendants will provide "updated discovery responses, as appropriate, by the deadline set by the court." But the Court did not extend the period for ROG and RFA responses, it only provided deadlines for the production of records and for depositions. Defendants' responses were due 14 days from when we served them, and the Court has now overruled Defendants' principal objection to the ones we have followed up about. Defendants' responses to these ROGs and RFPs are now long overdue.

Defendants' failure to provide timely responses is significantly prejudicing our ability to conduct discovery. In particular, Defendants' refusal to responded to the ROGs I flagged – including but not limited to not providing the names of people outside of NEH and Fox/Cavanaugh who were connected in any way to the termination decisions --- is preventing us from seeking additional records or depositions of such persons, as opposite. At a minimum, please response to all of ROGs flagged as soon as possible.

3. **Depositions**:

Please let us know when you expect to have an update on Fox. We need to make preparations on where and when he'll be deposed.

Speaking ACLS Plaintiffs, that is fine to take Cavanaugh's in NY, but we may need to alter the date from the one we noticed in that case, while still having it prior to Jan. 30. In that regard, we likely need to push back all of the depos by a few days if Defendants aren't produced any more records until Jan. 16. Can you let us know the availability for each of the four individuals between Jan. 23-30.

For the issues involving Search Terms and ROGs/RFAs described above, we are available to meet and confer in the next few days, but unless this information is provided or we otherwise amend our requests following a meet and confer, we'll plan to move to compel at the end of the week or early next week.

Best,
Dan

---

**From:** "Doud, Rachael (USANYS)" <Rachael.Doud@usdoj.gov>
**Date:** Monday, December 29, 2025 at 5:13 PM
**To:** Dan Jacobson <dan@jacobsonlawyersgroup.com>, "Brennan, Mary Ellen (USANYS) 1" <MaryEllen.Brennan@usdoj.gov>, Amanda Vaughn <amanda@fairmarklaw.com>, Nina Cahill <nina@jacobsonlawyersgroup.com>, Kyla Snow <kyla@jacobsonlawyersgroup.com>
**Cc:** John Robinson <john@jacobsonlawyersgroup.com>, Lynn Eisenberg <lynn@jacobsonlawyersgroup.com>, Jamie Crooks <jamie@fairmarklaw.com>, Michael Lieberman <michael@fairmarklaw.com>, Yinka Onayemi <yinka@fairmarklaw.com>
**Subject:** RE: Discovery follow up

All,

We write in response to Dan's email below and the Authors Guild Plaintiffs' December 23 emails.

We sent you our proposed search terms on December 11 and you did not provide any feedback for a week and a half, during which time you filed a motion to compel. Given the tight timeframe we were working toward, and the even tighter timeframe we are on now, we went ahead with our NEH search and collection with the search parameters we had provided. This already results in over 10,000 hits for NEH documents alone. We will bear your proposed search parameters in mind when crafting our other searches but note that they are clearly overbroad in a number of respects. We are planning to search Fox and Cavanaugh's GSA phones and produce responsive materials by the deadline to the extent there are any.

As we have told you, Fox and Cavanaugh's personal phones are not within our custody or control. Cavanaugh has given us permission to accept service of the December 22 subpoena on his behalf and has asked us to pass along that he does not have any responsive materials. He has also asked that his deposition take place here in New York, which is where he lives, rather than in D.C. Please confirm. We do not currently have an update with respect to Fox.

With respect to NEH_AR_000021, we do not agree that the redacted material is covered by the Court's ruling, as the redacted material falls squarely within the category of "deliberative materials

antecedent to the agency's decision," which "fall outside the administrative record." *Comprehensive Community Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 312 (S.D.N.Y. 2012).  The Court's ruling acknowledges the principle that deliberative materials that were not relied on by the ultimate decisionmaker and that did not form the basis for the ultimate decision do not constitute part of the administrative record.  Moreover, the Court has not reviewed the redacted text and did not address it in the decision.  However, we will provide an unredacted copy of the email, which is attached.  This should not be taken as a waiver of deliberative process protection to the extent it applies to other materials.

We will provide updated discovery responses, as appropriate, by the deadline set by the court.

Rachael

**From:** Dan Jacobson <dan@jacobsonlawyersgroup.com>
**Sent:** Monday, December 22, 2025 11:09 PM
**To:** Doud, Rachael (USANYS) <Rachael.Doud@usdoj.gov>; Brennan, Mary Ellen (USANYS) 1 <MaryEllen.Brennan@usdoj.gov>; Amanda Vaughn <amanda@fairmarklaw.com>; Nina Cahill <nina@jacobsonlawyersgroup.com>; Kyla Snow <kyla@jacobsonlawyersgroup.com>
**Cc:** John Robinson <john@jacobsonlawyersgroup.com>; Lynn Eisenberg <lynn@jacobsonlawyersgroup.com>; Jamie Crooks <jamie@fairmarklaw.com>; Michael Lieberman <michael@fairmarklaw.com>; Yinka Onayemi <yinka@fairmarklaw.com>
**Subject:** [EXTERNAL] Discovery follow up

Rachael and Mary Ellen,

We look forward to receiving your discovery responses in light of the court's order. As you are working on sending those responses, and consistent with the court's directions in its order, we're following up on a number of discovery issues.

**Search terms**
The search terms you've proposed do not capture the full range of documents relevant to our claims and requested in our RFPs. We ask for the following modified search terms and custodian lists to be applied. For each of these requests, we agree with the date range of January 20, 2025 through April 30, 2025:

1. NEH Custodians

- *Custodians*
    - All individuals listed in response to each party's Interrogatory No. 2, except for Fox and Cavanaugh, who are addressed separately below
    - Shelly Lowe

- *Search terms*
    - Fox OR Cavanaugh OR DOGE OR USDS

- (grant* OR award*) AND (terminat* OR cancel* OR review*)
- (grant* OR award*) AND ("Diversity, Equity, and Inclusion" OR "Diversity, Equity and Inclusion" OR DEI OR "gender ideology" OR "environmental justice" OR Biden)
- (Interpretation OR meaning OR application) AND Executive Order* AND (14151 OR 14168 OR 14190 OR 14222)

2. GSA Custodians
   - *Custodians*
     - Justin Fox
     - Nate Cavanaugh
     - Any other custodians identified as having potentially relevant information after a good faith inquiry.
   - *Search terms*
       (grant* OR award*) AND (terminat* OR cancel* OR review*) AND (NEH OR humanities)
       And each of the other search strings above

3. U.S. DOGE Service Custodians
   - *Custodians*
     - All of U.S. DOGE Service.
   - *Search terms*
     - NEH or humanities

4. OMB and the White House Office (WHO) Custodians
   - *Custodians*
     - For OMB, the senior political official responsible for oversight of NEH on a day-to-day basis, i.e. the Program Associate Director of equivalent position
     - Anyone else the government identifies after a good faith inquiry into individuals who have potentially relevant information.
   - *Search terms*
     - (NEH OR humanities) AND (grant* OR award*) AND (terminat* OR cancel* OR review*)

**Please tell us by Friday, December 26 whether you agree to use these search terms**

<u>**Searches of Fox and Cavanaugh's phones**</u>
Previously, we asked you to explain the basis for not searching the work and personal phones, including any messaging apps. You said that you are looking into whether Nate Cavanaugh and Justin Fox had GSA-issued phones that would be likely to contain additional relevant materials and could be searched.

Please confirm (1) whether Fox or Cavanaugh have relevant, responsive information on government-issued phones, and (2) whether Fox or Cavanaugh have any government records on their personal

phones. For #2, please confirm that you have inquired with Fox and Cavanaugh whether they used their personal phones, including but not limited to messaging apps on their phones, for official purposes.

Please also confirm that, in light of the Court's order, you are searching all government-issued phones and any desktop or phone messaging applications of all of the custodians.

**Please provide an update on these issues by Monday, December 29**

**RFP 1 and DPP**
We are still waiting on your response to the emails from the Authors Guild and us regarding your improper deliberative process privilege assertion to redact a portion of the email at issue in RFP 1.

**Please provide your response by Monday, December 29, or by any earlier date that the Authors Guild has requested or does request**

**Specific discovery requests discussed in our December 8 meet and confer**
There are several items still pending after our meet and confer to discuss specific discovery responses and objections, which we expect the government's updated discovery responses to address. The Court's order resolves some of the disputes discussed in our meet and confer, in Plaintiffs' favor, as noted below. Below are some the specific issues discussed on during the parties' meet and confer, including certain narrowing proposals, updated as appropriate in light of the Court's order. However, we ask that Defendants re-evaluate all of their existing responses in light of the court's order, to ensure the responses are consistent with the court's directies.

*Interrogatories*

1. Rog 1: We clarified that there seems to be a typo in our request, and that it should read: "Identify by name, title, and office, every individual outside of NEH who participated in the decision to deploy Defendants Fox and Cavanaugh to NEH **and** in the development and execution of Defendant Fox's and Defendant Cavanaugh's work to NEH." The court has now overruled Defendants' objections to producing information on persons outside of NEH and Fox and Cavanaugh. Given that you no longer have a valid objection, we look forward to your response to this interrogatory.

2. Rog 2: The court has now overruled Defendants' objections to producing information on persons outside of NEH and Fox and Cavanaugh. Given that you no longer have a valid objection, we look forward to your response to this interrogatory.

3. Rog 3: To narrow this request, the parties agreed that (a) the request does not ask for a search of all government employees' records but instead only of NEH, U.S. DOGE Service, the White House, and GSA, (b) the request seeks only the meeting date and time and list of participants. ACLS Plaintiffs now clarify that this request includes OMB as part of the White

House. The revised request is therefor:

> Identify each and every meeting, phone call, conference call, and videoconference held during the Relevant Time Period relating to the Mass Termination, by identifying the date on which it was held and the participants. For the avoidance of doubt, this Interrogatory includes meetings, phone calls, conference calls, and videoconferences in which any individuals from NEH, U.S. DOGE Service, OMB, the White House Office, and/or GSA participated.

4. Rog 5: You represented that the government would get back to us about whether it could respond to this interrogatory. The court's order on the parties' motions to compel confirms the relevance of the information sought in this interrogatory and that plaintiffs are entitled to the information regardless of what is contained in the already produced version of the administrative record. Given that you no longer have a valid objection, we look forward to your response to this interrogatory.

5. Rog 9: We clarified that this request does not seek the names of DOJ attorneys who helped prepare the declaration.

**Please provide us your overdue responses to these ROGs by Tuesday, December 30.**

*RFPs*

1. RFP 1: Again, we await your response providing the basis for your DPP objection.

2. RFPs 2 & 6: If the government agrees to the search parameters provided above, that would resolve the dispute over the government's response to this request.

3. RFP 10: You have represented that you do not believe there is a standard org chart that would respond to this request, but you have not confirmed. Please confirm and produce an org chart if there is one. If there is not one, please produce other documents that are "sufficient to show the organizational structure of DOGE, including the individuals who have worked for DOGE and their titles." This can include phone directories, email listservs, or other documents that identify names and/or titles of DOGE employees.

4. RFP 11: We clarified that we are not seeking documents from DOJ attorneys but instead NEH internal emails about the preparation of the declarations.

*RFAs*
We included modified RFA language for specific RFAs in an email following the meet and confer, but we are including them here as well for completeness. Please provide responses to the following modified RFAs:

- RFA 4: Admit that Justin Fox affirmatively decided to include ACLS Plaintiffs' grants among those that would be terminated.

- RFA 5: Admit that Nate Cavanaugh affirmatively decided to include ACLS Plaintiffs' grants among those that would be terminated.

- RFA 6: Admit that Justin Fox, Nate Cavanaugh, or other DOGE personnel affirmatively decided to include ACLS Plaintiffs' grants among those that would be terminated.

- RFA 7: Admit that Michael McDonald did not affirmatively decide to include ACLS Plaintiffs' grants among those that would be terminated.

- RFA 33: Admit that it was the decision of Justin Fox, Nate Cavanaugh, or other DOGE personnel to use the list of all outstanding NEH grants issued during the Biden administration as the starting point for determining which grants to terminate.

- RFA 34: Admit that it was not the decision of Michael McDonald or any other NEH personnel to use the list of all outstanding grants issued during the Biden administration as the starting point for determining which grants to terminate.

**Please provide us your overdue responses to these RFAs by Tuesday, December 30.**

Depositions:

Please let us know if you will be the attorneys we should coordinate with on the location and other details of the Fox and Cavanaugh depositions, or if there is anyone else we should work with.

For the McDonald and Wolfson depositions, please let us know if you have a preference on location.

We reserve the right to seek additional depositions based on information produced in discovery, and also reserve the right to seek a Rule 30(b)(6) deposition from the U.S. DOGE Service.

Best,
Dan