

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

January 2, 2026

**BY ECF**

The Honorable Colleen McMahon
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

1/5/2026
I think I can handle this for now.

Re:  *American Council of Learned Societies v. National Endowment for the Humanities*, No. 25 Civ. 3657 (CM), and *The Authors Guild v. National Endowment for the Humanities*, No. 25 Civ. 3923 (CM)

Dear Judge McMahon:

MEMO ENDORSED

This Office represents the Government in the above-referenced cases. We write in accordance with the Court's Individual Practices, Section V.B, to request referral to Magistrate Judge Moses to resolve a pending discovery dispute as well as anticipated future disputes. We believe such a referral will allow the parties to most efficiently resolve their disputes so that the Government can focus on meeting the deadlines for the completion of discovery set by the Court in its December 22, 2025, order (the "Discovery Order"). Dkt. No, 169.

The Government has been working diligently, including through the holidays, to be able to produce the required discovery by the January 16, 2026, deadline. This includes searching, collecting, and reviewing records of multiple agencies or components of the Government and amending the Government's responses to Plaintiffs' discovery requests, which have required significant coordination with agency counsel. However, Plaintiffs have repeatedly demanded that the Government meet various interim deadlines of their choosing and have threatened to move to compel if it does not do so. Attempting to respond to Plaintiffs' demands—which have been relayed on the eve of holidays, impose unreasonably short deadlines, and demand the Government undertake additional discovery measures beyond what the Court has ordered—are detracting from the Government's efforts to comply with the Court's deadlines. Most recently, Plaintiffs emailed Government counsel at 4:36 pm on December 31, the day before a federal holiday, and stated that if the Government did not commit to producing amended responses to certain interrogatories by Monday, January 5, 2026, they will move to compel this afternoon. *See* Exhibit A, attached. Despite our request that Plaintiffs abstain from filing a motion to compel until we have had an opportunity to confer with our client and engage with Plaintiffs in a dialogue about the requested information, they have made clear that they intend to move to compel if we cannot commit to providing them with certain information by the deadline they have set. The Government is not in a position to commit to providing the amended responses by Monday, given the holiday yesterday and the fact that relevant agency personnel are out of the office. As we informed Plaintiffs, the

The Honorable Colleen McMahon
Page 2

Government will provide the responses as soon as it is able to—and certainly by the Court's January 16 deadline.[1] To the extent Plaintiffs want this additional information so that they can then supplement their already broad requests for production, the Government should be entitled to additional time—beyond January 16—to search for, review, and produce documents responsive to such supplemental requests to the extent they would even be appropriate. Accordingly, there is no exigency to justify a motion to compel. Further, having to respond to a motion to compel amended responses to interrogatories by the date Plaintiffs prefer will serve only to delay the Government's efforts to comply with the Court's order. Accordingly, we respectfully submit that referral of this issue to Magistrate Judge Moses will allow the parties to resolve this dispute more efficiently so that the Government can continue to focus on completing the requested discovery.

There are also a number of other discovery disputes likely to require resolution in the near future. Prior to the Discovery Order, the Government had agreed to search the records of the National Endowment for the Humanities ("NEH") and, on Thursday, December 11, emailed proposed search parameters to Plaintiffs. Plaintiffs had asked the Government to propose a deadline for completion of the production of responsive records, and Government counsel stated that the Government should be able to complete the production by January 30 if the Government promptly proceeded with its proposed search. *See* Exhibit B, attached. The ACLS Plaintiffs and Authors Guild Plaintiffs did not respond to these proposed search parameters for well over a week—until the evenings of December 22 and December 23 respectively. *See* Exhibit A at 6; Exhibit C, attached. By that time, the Government had already proceeded with its search and collection of records from NEH to meet its commitment to produce responsive documents by January 30. The search yielded over 10,000 documents that the Government is currently reviewing, in addition to conducting searches of other Government agencies and components. Plaintiffs now belatedly assert that the Government's search is inadequate and needs to be substantially expanded, and have indicated they will likely move to compel if the Government does not agree to their search parameters. While the Government is certainly willing to meet and confer with Plaintiffs in an effort to reach an agreement on any additional searches that are likely to yield documents responsive to Plaintiffs' requests, the Government simply does not have time to accommodate Plaintiffs' requests for expanded searches (some of which are plainly overly broad) and meet the Court's January 16, 2026 deadline. Again, to the extent Plaintiffs remain unwilling to meet and confer with the Government in good faith to reach an agreement on the timing and necessity of any expended search, the Governments submits that referral to Magistrate Judge Moses will allow the parties to most efficiently resolve this dispute.

There is also likely to be a dispute concerning the four depositions Plaintiffs have noticed or for which they have issued subpoenas. Plaintiffs assert that they reserve the right to reopen the

---

[1] Despite Plaintiffs' repeated suggestions, the Government timely responded to all of Plaintiffs' discovery requests by the 14-business-day deadline initially set by the Court. Plaintiffs served their discovery requests two days before the 43-day Government shutdown began, and, as this Court repeatedly made clear, discovery was stayed for the 43-day shutdown, *see* ECF Nos. 144, 149, during which relevant Government personnel, including the undersigned attorneys, were furloughed and not permitted to work on this matter, *see* ECF No. 148. Since the Court issued the Discovery Order, the Government has been working diligently to submit amended responses by January 16.

The Honorable Colleen McMahon
Page 3

depositions, given the tight timeframe between the Government's production deadline and the deposition dates, but this is a plainly inefficient way to conduct discovery and imposes an undue burden on the Government and third parties to be available for serial depositions. To the extent Plaintiffs do not believe they will have adequate time to prepare for the depositions after receiving the Government's productions, they should instead seek additional time from the Court for the completion of those depositions. Plaintiffs have also indicated that they are likely to seek additional depositions, including potentially a 30(b)(6) deposition, and we anticipate disputes concerning the appropriateness of these depositions as well.

The Government submits that it should be permitted to proceed with the comprehensive search and review efforts it is already undertaking to comply with the Court's deadline, after which Plaintiffs can raise any purported deficiencies they may identify in an orderly fashion. Plaintiffs have refused, however, and apparently intend to move to compel on individual issues every time the Government does not accede to one of their demands or deadlines. Accordingly, the Government seeks referral to Judge Moses to assist the parties with resolving current and anticipated issues in a more efficient manner.

We thank the Court for its consideration of this request.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _s/ Rachael Doud_
MARY ELLEN BRENNAN
RACHAEL DOUD
Assistant United States Attorneys
86 Chambers St., 3rd Floor
New York, New York 10007
(212) 637-2699
(212) 637-2652

cc:    All counsel of record (via ECF)