**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

January 29, 2026

**BY ECF**

The Honorable Colleen McMahon
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

*In-person conference scheduled for Monday, 2/2/2026 at 11:00 am.*

*Colleen McMahon*

*1/29/2026*

> Re:   *American Council of Learned Societies v. National Endowment for the Humanities*, No. 25 Civ. 3657 (CM), and *The Authors Guild v. National Endowment for the Humanities*, No. 25 Civ. 3923 (CM)

Dear Judge McMahon:

This Office represents the Government in the above-referenced cases. We write to request a case management conference to discuss further steps in the cases, including what, if any, additional discovery Plaintiffs may be permitted to take and the applicable schedule for any such discovery and the limited discovery the Government needs with respect to Plaintiffs' claim for damages. We additionally request that the Court adjourn an additional deposition Plaintiffs have noticed for February 10, 2026, pending a case management conference. Plaintiffs stated that they take no position on the need for a case management conference but oppose any request that seeks to circumscribe their ability to seek discovery. They did not agree to postpone the deposition pending a case management conference.

At the initial conference held on September 25, 2025, the Court ordered that Plaintiffs could serve discovery requests, and the Government would then have fourteen business days to respond. *See* Sept. 25, 2025, Minute Entry. The Court did not enter a scheduling order. On September 29, 2025, the Plaintiffs served comprehensive requests for production, interrogatories, and requests for admission and deposition notices or subpoenas for four individuals, including Michael McDonald, Justin Fox, and Nate Cavanaugh, who are named as defendants in their official capacities. The Government timely responded on December 2, 2025.[1]

Plaintiffs subsequently filed a motion to compel requesting that two of the Government's objections be overruled, and the Court ordered that the Government conduct comprehensive searches and produce any relevant materials by January 16, 2026, and make the four individuals available for depositions by January 30. Dkt. No. 169. In its order, the Court made clear that it

---

[1] Plaintiffs served their discovery requests two days before the beginning of the 43-day Government shutdown, during which the case was stayed. *See* ECF Nos. 144, 149.

Case 1:25-cv-03657-CM    Document 201    Filed 01/29/26    Page 2 of 3

The Honorable Colleen McMahon
Page 2

was ordering the Government to produce the referenced materials based on the Court's finding that the administrative record produced in the case was not complete and the Government had not "undertaken a good faith review of the files of all person and agencies that were involved in the process of deciding to terminate the grants at issue in these cases." *Id.* at 1. The Government produced the materials required by the Court's order—including nearly 3,700 documents—on January 16, 2026, and the four depositions are proceeding and expected to be completed by January 30.

The Court did not order that Plaintiffs would be permitted to take further discovery beyond that required to be produced by January 16 or proceed with additional depositions. On Monday, January 26, 2026, however, each set of Plaintiffs served a deposition notice for an additional individual. Further, the Government understands that Plaintiffs plan to pursue additional discovery, likely including a number of additional depositions.

The facts relevant to a decision on Plaintiffs' claims are essentially undisputed. Indeed, Plaintiffs themselves have argued that the record, even before they received discovery, contains "stark and unmistakable" evidence of viewpoint-based discrimination. Dkt. No. 158 at 5-6. Defendants do not dispute that NEH grants were terminated based on their perceived relation to DEI—grants were explicitly identified for termination on that basis pursuant to an Executive Order. *See, e.g.*, NEH_AR_000001, NEH_AR_000005, NEH_AR_000007, NEH_AR_000010, NEH_AR_000013. Thus, the Government submits that Plaintiffs should not be permitted to proceed with additional discovery without demonstrating that it is warranted. For example, if, after reviewing the documents the Government has produced and completing the scheduled depositions, Plaintiffs identify an outstanding factual dispute which they believe further discovery will assist in resolving, the Court may find that additional limited discovery is necessary. Short of that, however, any additional discovery Plaintiffs seek at this juncture amounts to a fishing expedition. Further, if the Court were to conclude that additional discovery is warranted, the Government submits that a scheduling order specifying the deadlines and parameters for any such discovery is needed.[2]

---

[2] Without such a schedule in place, Plaintiffs will continue to create inefficiencies by demanding that the Government respond to serial requests for more discovery within timelines of their own choosing under threats to move to compel instead of working with the Government in good faith to resolve any outstanding disputes. Indeed, within the past three weeks, Plaintiffs have filed a motion to compel and a motion challenging privilege withholdings. They also lodged a formal objection to the majority of the Government's confidentiality designations (which the Government applied sparingly to a limited number of documents, the majority of which contained the personally identifiable information of third-party grantees), triggering the Government's 21-day deadline under the Protective Order to submit briefing to the Court justifying the designations. Despite repeated good faith attempts to provide Plaintiffs with additional information they sought and to engage in conversations in an effort to avoid unnecessary motion practice, Plaintiffs failed to give the Government the courtesy of waiting for the information they requested before filing their motions. Moreover, Plaintiffs have refused to explain why they need to challenge the Government's limited confidentiality designations at this juncture—before any documents need to be filed with the Court or otherwise made publicly available. While Plaintiffs filed one of those

The Honorable Colleen McMahon
Page 3

Additionally, the Government served a narrow set of requests for production and interrogatories on Plaintiffs on January 28, 2026, in light of the Court's statement during the September 25, 2025, conference that, if Plaintiffs prevail on their claims, they may be entitled to damages. *See* Tr. 4:4-23. The Government also formally demanded that Plaintiffs disclose the names of the anonymous witnesses from whom Plaintiffs previously submitted evidence, as Plaintiffs have not disclosed such witnesses' identities to date. The Government will be prepared to discuss a timeline for any further discovery as to damages that the Government identifies as necessary after receiving Plaintiffs' responses to the Government's initial requests.

Accordingly, the Government respectfully requests a case management conference and the entry of a case management plan should Plaintiffs establish a need for additional discovery. The Government additionally requests that the Court adjourn the deposition Plaintiffs have noticed for February 10, 2026, so that these issues may be resolved before Plaintiffs proceed with that deposition, if they are permitted to do so. We thank the Court for its consideration of this request.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: *s/ Rachael Doud*
MARY ELLEN BRENNAN
RACHAEL DOUD
JONAKI SINGH
Assistant United States Attorneys
86 Chambers St., 3rd Floor
New York, New York 10007
(212) 637-2699

cc:    All counsel of record (via ECF)

---

documents—a list of U.S. DOGE Service employees—under seal as an attachment to their reply in further support of their motion to compel, they appear to have done so only to trigger the Government's obligation to file yet another submission with the Court explaining why the documents needs to remain sealed. The purported reason for attaching the document was to demonstrate that Nate Cavanaugh and Justin Fox were not U.S. DOGE Service employees, but the Government had already stated as much in its opposition to the motion to compel—to which Plaintiffs were replying. In an effort to avoid the unnecessary filing of a document under seal, the Government asked Plaintiffs to explain why they needed to submit the document to the Court with their reply and Plaintiffs declined to respond. Thus, the Government submits that a court conference and case management plan is necessary to ensure that any further discovery and issues related to discovery be completed and addressed in an efficient manner to bring this case to a resolution.