| | |
|---|---|
| **From:** | Brennan, Mary Ellen (USANYS) 1 |
| **To:** | "Dan Jacobson"; Kyla Snow; Amanda Vaughn; Nina Cahill; john@jacobsonlawyersgroup.com; lynn@jacobsonlawyersgroup.com; jamie@fairmarklaw.com; michael@fairmarklaw.com; yinka@fairmarklaw.com |
| **Cc:** | Doud, Rachael (USANYS); Singh, Jonaki (USANYS); Poscablo, Christine (USANYS) |
| **Subject:** | RE: Proposed Protective Order |
| **Date:** | Thursday, January 15, 2026 1:07:32 PM |

Dan,

Thank you for your response.  The government will of course act in good faith in determining whether documents need to be marked confidential.  As far as your understanding that the type of personal and intimate information intended to be covered is "similar" to the listed examples, as I note below, we are still reviewing documents (and may be reviewing additional documents in the future), and there may be personal/intimate information in the documents that do not fit squarely within the listed examples.  While we expect that most of the confidential information will fall into the listed categories, we need to have the ability to protect under the order other personal or intimate information that implicates the privacy interest of third parties should that circumstance arise.  We trust that our representation that we are acting in good faith is sufficient, and, again, should you disagree with any marking, we can discuss.

We'll submit the proposed order shortly.  Authors Guild – can we sign for you as well?

Thanks,

Mary Ellen

---

**From:** Dan Jacobson <dan@jacobsonlawyersgroup.com>
**Sent:** Thursday, January 15, 2026 12:26 PM
**To:** Brennan, Mary Ellen (USANYS) 1 <MaryEllen.Brennan@usdoj.gov>; Kyla Snow <kyla@jacobsonlawyersgroup.com>; Amanda Vaughn <amanda@fairmarklaw.com>; Nina Cahill <nina@jacobsonlawyersgroup.com>; john@jacobsonlawyersgroup.com; lynn@jacobsonlawyersgroup.com; jamie@fairmarklaw.com; michael@fairmarklaw.com; yinka@fairmarklaw.com
**Cc:** Doud, Rachael (USANYS) <Rachael.Doud@usdoj.gov>; Singh, Jonaki (USANYS) <Jonaki.Singh@usdoj.gov>; Poscablo, Christine (USANYS) <Christine.Poscablo@usdoj.gov>
**Subject:** [EXTERNAL] Re: Proposed Protective Order

Mary Ellen,

We'll agree to your current language on this issue, based on our understanding that the type of

personal and intimate information intended to be covered is similar to the examples listed, and that the government will act in good faith on this front.

Feel free to add my signature to the order. We've conferred with the Authors Guild and they are in alignment on this, and the above understanding, as well.

Best,
Dan

**From:** Brennan, Mary Ellen (USANYS) 1 <MaryEllen.Brennan@usdoj.gov>
**Sent:** Thursday, January 15, 2026 12:10 PM
**To:** Dan Jacobson <dan@jacobsonlawyersgroup.com>; Kyla Snow <kyla@jacobsonlawyersgroup.com>; Amanda Vaughn <amanda@fairmarklaw.com>; Nina Cahill <nina@jacobsonlawyersgroup.com>; john@jacobsonlawyersgroup.com <john@jacobsonlawyersgroup.com>; lynn@jacobsonlawyersgroup.com <lynn@jacobsonlawyersgroup.com>; jamie@fairmarklaw.com <jamie@fairmarklaw.com>; michael@fairmarklaw.com <michael@fairmarklaw.com>; yinka@fairmarklaw.com <yinka@fairmarklaw.com>
**Cc:** Doud, Rachael (USANYS) <Rachael.Doud@usdoj.gov>; Singh, Jonaki (USANYS) <Jonaki.Singh@usdoj.gov>; Poscablo, Christine (USANYS) <Christine.Poscablo@usdoj.gov>
**Subject:** RE: Proposed Protective Order

All,

We plan to submit the proposed order within the next hour – please let us know your position as soon as possible.  Again, we are available to discuss if that would be helpful.

Mary Ellen

**From:** Brennan, Mary Ellen (USANYS) 1
**Sent:** Thursday, January 15, 2026 10:00 AM
**To:** Dan Jacobson <dan@jacobsonlawyersgroup.com>; Kyla Snow <kyla@jacobsonlawyersgroup.com>; Amanda Vaughn <amanda@fairmarklaw.com>; Nina Cahill <nina@jacobsonlawyersgroup.com>; john@jacobsonlawyersgroup.com; lynn@jacobsonlawyersgroup.com; jamie@fairmarklaw.com; michael@fairmarklaw.com; yinka@fairmarklaw.com
**Cc:** Doud, Rachael (USANYS) <Rachael.Doud@usdoj.gov>; Singh, Jonaki (USANYS) <Jonaki.Singh@usdoj.gov>; Poscablo, Christine (USANYS) <Christine.Poscablo@usdoj.gov>
**Subject:** RE: Proposed Protective Order

Dan,

We cannot agree to these limitations because we are still reviewing documents and therefore do not yet know the entire universe of potentially personal/intimate information that may be in the employees' text messages and emails. Furthermore, as a matter of precedent, our office cannot agree to a limitation that is outside the norm of protective orders we enter. Again, you still have not articulated a reason for insisting on this language. Your client will in no way be prejudiced if we mark a document confidential that you think is improperly marked. You will still have the document and, to the extent that you want to try to get the confidential marking removed, you can discuss with us and, if necessary, apply to the court for relief. There is absolutely no reason to be holding up the entry of the protective order on this issue right now, and this back and forth is taking away from our ability to finish reviewing and producing documents.

We would prefer not to have to bother the court with this issue, as we would like to continue focusing on a review and production of documents by tomorrow's deadline. If you still have concerns, we're available for a call this morning. But if you cannot articulate a reason for why you need this language, given all the other protections your client has, and continue to insist on it, then we'll have no choice but to go to the court and ask her to enter the protective order over your objection.

Authors Guild Plaintiffs – could you let us know your position on this issue this morning so we can indicate to the court as well?

Mary Ellen

---

**From:** Dan Jacobson <dan@jacobsonlawyersgroup.com>
**Sent:** Wednesday, January 14, 2026 10:45 PM
**To:** Brennan, Mary Ellen (USANYS) 1 <MaryEllen.Brennan@usdoj.gov>; Kyla Snow <kyla@jacobsonlawyersgroup.com>; Amanda Vaughn <amanda@fairmarklaw.com>; Nina Cahill <nina@jacobsonlawyersgroup.com>; john@jacobsonlawyersgroup.com; lynn@jacobsonlawyersgroup.com; jamie@fairmarklaw.com; michael@fairmarklaw.com; yinka@fairmarklaw.com
**Cc:** Doud, Rachael (USANYS) <Rachael.Doud@usdoj.gov>; Singh, Jonaki (USANYS) <Jonaki.Singh@usdoj.gov>; Poscablo, Christine (USANYS) <Christine.Poscablo@usdoj.gov>
**Subject:** [EXTERNAL] Re: Proposed Protective Order

Mary Ellen,

Speaking just for ACLS Plaintiffs, and without committing to this language before we are able to think about it overnight and consult with our clients in the morning, would you agree to the

following formulation, which would address your concerns and the example you raised?

"personal or intimate information in which any individual possesses a reasonable expectation of privacy, limited to personal financial, tax, employment, personnel, medical, or other information that is similarly personal or intimate in nature"

We are endeavoring to find a compromise that works here, and please bear in mind that we have been responding quickly to all of your emails regarding the protective order. The reason for the time crunch is that, after we sent edits on January 8, the government did not respond with revisions until 5 days later, at close to 5pm yesterday afternoon.

Best,
Dan

---

**From:** Brennan, Mary Ellen (USANYS) 1 <MaryEllen.Brennan@usdoj.gov>
**Sent:** Wednesday, January 14, 2026 9:28 PM
**To:** Dan Jacobson <dan@jacobsonlawyersgroup.com>; Kyla Snow <kyla@jacobsonlawyersgroup.com>; Amanda Vaughn <amanda@fairmarklaw.com>; Nina Cahill <nina@jacobsonlawyersgroup.com>; john@jacobsonlawyersgroup.com <john@jacobsonlawyersgroup.com>; lynn@jacobsonlawyersgroup.com <lynn@jacobsonlawyersgroup.com>; jamie@fairmarklaw.com <jamie@fairmarklaw.com>; michael@fairmarklaw.com <michael@fairmarklaw.com>; yinka@fairmarklaw.com <yinka@fairmarklaw.com>
**Cc:** Doud, Rachael (USANYS) <Rachael.Doud@usdoj.gov>; Singh, Jonaki (USANYS) <Jonaki.Singh@usdoj.gov>; Poscablo, Christine (USANYS) <Christine.Poscablo@usdoj.gov>
**Subject:** RE: Proposed Protective Order

Dan,

A purely hypothetical example would be a situation where an employee discusses in an email a medical, familial, or otherwise private personal issue that impacted their ability to attend or participate in a work meeting.  As I mentioned last night, we believe this circumstance would be rare, but we need to have leeway to designate such information as confidential, and the language you propose is unnecessary, given the various provisions in the order about good faith and the ability to challenge designations.  Please let us know your position tonight, as we need to file to ensure we will meet the production deadline.

Mary Ellen

**From:** Dan Jacobson <dan@jacobsonlawyersgroup.com>
**Sent:** Wednesday, January 14, 2026 8:51 PM
**To:** Brennan, Mary Ellen (USANYS) 1 <MaryEllen.Brennan@usdoj.gov>; Kyla Snow <kyla@jacobsonlawyersgroup.com>; Amanda Vaughn <amanda@fairmarklaw.com>; Nina Cahill <nina@jacobsonlawyersgroup.com>; john@jacobsonlawyersgroup.com; lynn@jacobsonlawyersgroup.com; jamie@fairmarklaw.com; michael@fairmarklaw.com; yinka@fairmarklaw.com
**Cc:** Doud, Rachael (USANYS) <Rachael.Doud@usdoj.gov>; Singh, Jonaki (USANYS) <Jonaki.Singh@usdoj.gov>; Poscablo, Christine (USANYS) <Christine.Poscablo@usdoj.gov>
**Subject:** [EXTERNAL] Re: Proposed Protective Order

Mary Ellen,

To help understand your position, can you give an example of personally private information that is also related to, or probative of, the official work or activities of NEH or any other part of the federal government?

Best,

Dan

---

**From:** Brennan, Mary Ellen (USANYS) 1 <MaryEllen.Brennan@usdoj.gov>
**Sent:** Wednesday, January 14, 2026 8:46 PM
**To:** Dan Jacobson <dan@jacobsonlawyersgroup.com>; Kyla Snow <kyla@jacobsonlawyersgroup.com>; Amanda Vaughn <amanda@fairmarklaw.com>; Nina Cahill <nina@jacobsonlawyersgroup.com>; john@jacobsonlawyersgroup.com <john@jacobsonlawyersgroup.com>; lynn@jacobsonlawyersgroup.com <lynn@jacobsonlawyersgroup.com>; jamie@fairmarklaw.com <jamie@fairmarklaw.com>; michael@fairmarklaw.com <michael@fairmarklaw.com>; yinka@fairmarklaw.com <yinka@fairmarklaw.com>
**Cc:** Doud, Rachael (USANYS) <Rachael.Doud@usdoj.gov>; Singh, Jonaki (USANYS) <Jonaki.Singh@usdoj.gov>; Poscablo, Christine (USANYS) <Christine.Poscablo@usdoj.gov>
**Subject:** RE: Proposed Protective Order

Dan,

This seems essentially the same as your two previous suggestions, and it is unacceptable to us for the same reasons. As I've stated, we have never seen any carve-out like this in a protective order involving the federal government, and we see no justification to include it here. As I've also noted, the order only permits parties to designate information when they determine, in good faith, that the information constitutes personally private information. And it permits the receiving party to challenge any designation.

Given Friday's deadline, it would be most efficient if you could just accept our last version and if, upon review of the documents we produce, you believe anything has been designated confidential when it should not have been, we can discuss then and take it up with the Court if necessary. Otherwise, you are simply presuming - with no basis - that we are not acting in good faith. If you are not willing to proceed in this most efficient manner, please let us know tonight the reason for your insistence on this language so we may inform the Court of the dispute when we submit our request to the Court to enter the version of the protective order we last sent you.

Mary Ellen

---

**From:** Dan Jacobson <dan@jacobsonlawyersgroup.com>
**Sent:** Wednesday, January 14, 2026 7:17 PM
**To:** Brennan, Mary Ellen (USANYS) 1 <MaryEllen.Brennan@usdoj.gov>; Kyla Snow <kyla@jacobsonlawyersgroup.com>; Amanda Vaughn <amanda@fairmarklaw.com>; Nina Cahill <nina@jacobsonlawyersgroup.com>; john@jacobsonlawyersgroup.com; lynn@jacobsonlawyersgroup.com; jamie@fairmarklaw.com; michael@fairmarklaw.com; yinka@fairmarklaw.com
**Cc:** Doud, Rachael (USANYS) <Rachael.Doud@usdoj.gov>; Singh, Jonaki (USANYS) <Jonaki.Singh@usdoj.gov>; Poscablo, Christine (USANYS) <Christine.Poscablo@usdoj.gov>
**Subject:** [EXTERNAL] Re: Proposed Protective Order

Mary Ellen,

We could agree to your language with the following addition. Please let us konw if this works.

"any personal or intimate information in which any individual possesses a reasonable expectation of privacy, including, but not limited to, personal financial, tax, employment, personnel, medical, or other private or personally identifiable information, <u>so long as the information is not related to, or probative of, the official work or activities of NEH or any other part of the federal government</u>."

Best,

Dan

---

**From:** Brennan, Mary Ellen (USANYS) 1 <MaryEllen.Brennan@usdoj.gov>
**Sent:** Wednesday, January 14, 2026 4:19 PM
**To:** Dan Jacobson <dan@jacobsonlawyersgroup.com>; Kyla Snow <kyla@jacobsonlawyersgroup.com>; Amanda Vaughn <amanda@fairmarklaw.com>; Nina Cahill <nina@jacobsonlawyersgroup.com>; john@jacobsonlawyersgroup.com <john@jacobsonlawyersgroup.com>; lynn@jacobsonlawyersgroup.com <lynn@jacobsonlawyersgroup.com>; jamie@fairmarklaw.com <jamie@fairmarklaw.com>; michael@fairmarklaw.com <michael@fairmarklaw.com>; yinka@fairmarklaw.com <yinka@fairmarklaw.com>
**Cc:** Doud, Rachael (USANYS) <Rachael.Doud@usdoj.gov>; Singh, Jonaki (USANYS) <Jonaki.Singh@usdoj.gov>; Poscablo, Christine (USANYS) <Christine.Poscablo@usdoj.gov>
**Subject:** RE: Proposed Protective Order

Dan,

We cannot accept the new edits to the definition of Confidential Information for the same reasons I laid out in my email last night. We have not seen a protective order involving the government where the definition of confidential information is limited to the categories in Rule 5.2 or carves out broad categories of information in this way. And particularly in this case, where we have been ordered to produce sweeping discovery over a short time frame, including personal cell phone data, we need to be able to protect sensitive personal information about individuals. To be clear, we will be producing all responsive, non-privileged documents to you, whether we mark them with a confidentiality designation or not. If you disagree with any confidentiality designation, you will be able to challenge it.

We also do not understand what you mean when you say that you cannot agree to the language we propose "in the context of this case where the government is the producing party providing records about government business." Isn't that true in virtually any case involving the government? The language our Office typically uses in protective orders, which is consistent with the model protective orders of numerous SDNY judges, is far broader than the language

we are agreeing to include in this case—but we've narrowed our standard language in the interest of reaching an agreement.

In any event, we've included one final proposed compromise in the attached.  Let me know if this works.  Your refusal to agree to these protections for sensitive private information is impeding our ability to ensure that we produce documents to you consistent with the deadlines set out in Judge McMahon's order.  If we can't reach an agreement by close of business today, we will need to submit our proposal to Judge McMahon and ask her to enter it.

Mary Ellen

**From:** Dan Jacobson <dan@jacobsonlawyersgroup.com>
**Sent:** Wednesday, January 14, 2026 1:51 PM
**To:** Brennan, Mary Ellen (USANYS) 1 <MaryEllen.Brennan@usdoj.gov>; Kyla Snow <kyla@jacobsonlawyersgroup.com>; Amanda Vaughn <amanda@fairmarklaw.com>; Nina Cahill <nina@jacobsonlawyersgroup.com>; john@jacobsonlawyersgroup.com; lynn@jacobsonlawyersgroup.com; jamie@fairmarklaw.com; michael@fairmarklaw.com; yinka@fairmarklaw.com
**Cc:** Doud, Rachael (USANYS) <Rachael.Doud@usdoj.gov>; Singh, Jonaki (USANYS) <Jonaki.Singh@usdoj.gov>; Poscablo, Christine (USANYS) <Christine.Poscablo@usdoj.gov>
**Subject:** [EXTERNAL] Re: Proposed Protective Order

Mary Ellen,

On behalf of both sets of plaintiffs, attached are edits and explanatory comments on the revised protective order. Happy to chat through any of them.

Best,

Dan

**From:** Brennan, Mary Ellen (USANYS) 1 <MaryEllen.Brennan@usdoj.gov>
**Sent:** Tuesday, January 13, 2026 6:55 PM

**To:** Dan Jacobson <dan@jacobsonlawyersgroup.com>; Kyla Snow <kyla@jacobsonlawyersgroup.com>; Amanda Vaughn <amanda@fairmarklaw.com>; Nina Cahill <nina@jacobsonlawyersgroup.com>; john@jacobsonlawyersgroup.com <john@jacobsonlawyersgroup.com>; lynn@jacobsonlawyersgroup.com <lynn@jacobsonlawyersgroup.com>; jamie@fairmarklaw.com <jamie@fairmarklaw.com>; michael@fairmarklaw.com <michael@fairmarklaw.com>; yinka@fairmarklaw.com <yinka@fairmarklaw.com>
**Cc:** Doud, Rachael (USANYS) <Rachael.Doud@usdoj.gov>; Singh, Jonaki (USANYS) <Jonaki.Singh@usdoj.gov>; Poscablo, Christine (USANYS) <Christine.Poscablo@usdoj.gov>
**Subject:** RE: Proposed Protective Order

Dan,

We have never seen language like that in a protective order and do not think it is necessary to carve out specific information that would *not* be protected. The current draft of the order restricts confidential information to the following two categories: (1) information prohibited from disclosure by law, and (2) information "of a personal or intimate nature" regarding an individual. Consistent with Judge McMahon's addendum and the language in the order, we only intend to designate information that we determine in good faith falls under those two categories. We do not see how government employee names would. The remainder of the language you proposed is too broad as it does not allow for situations in which, for example, communications regarding official work may contain personal/intimate information about the employee or another individual. We would expect any such circumstance to be rare, but we need to be able designate such information as confidential. To the extent you disagree with any such designation, we can certainly discuss.

Mary Ellen

**From:** Dan Jacobson <dan@jacobsonlawyersgroup.com>
**Sent:** Tuesday, January 13, 2026 5:15 PM
**To:** Brennan, Mary Ellen (USANYS) 1 <MaryEllen.Brennan@usdoj.gov>; Kyla Snow <kyla@jacobsonlawyersgroup.com>; Amanda Vaughn <amanda@fairmarklaw.com>; Nina Cahill <nina@jacobsonlawyersgroup.com>; john@jacobsonlawyersgroup.com; lynn@jacobsonlawyersgroup.com; jamie@fairmarklaw.com; michael@fairmarklaw.com; yinka@fairmarklaw.com
**Cc:** Doud, Rachael (USANYS) <Rachael.Doud@usdoj.gov>; Singh, Jonaki (USANYS) <Jonaki.Singh@usdoj.gov>; Poscablo, Christine (USANYS) <Christine.Poscablo@usdoj.gov>
**Subject:** [EXTERNAL] Re: Proposed Protective Order

Thanks Mary Ellen. We'll review and get back to you as soon as we can. We'd definitely have more questions and thoughts, but one immediate question just on a quick skim — we had suggested a paragraph providing that the names of federal employees and discussions of the official work they were performing couldn't be designated confidential information. I don't see that in here. Would the government agree to add that in, or does the government intend to designate the names of government employees and discussions of their official NEH-related work as Confidential Information?

Best,

Dan

---

**From:** Brennan, Mary Ellen (USANYS) 1 <MaryEllen.Brennan@usdoj.gov>
**Sent:** Tuesday, January 13, 2026 4:50 PM
**To:** Kyla Snow <kyla@jacobsonlawyersgroup.com>; Dan Jacobson <dan@jacobsonlawyersgroup.com>; Amanda Vaughn <amanda@fairmarklaw.com>; Nina Cahill <nina@jacobsonlawyersgroup.com>; john@jacobsonlawyersgroup.com <john@jacobsonlawyersgroup.com>; lynn@jacobsonlawyersgroup.com <lynn@jacobsonlawyersgroup.com>; jamie@fairmarklaw.com <jamie@fairmarklaw.com>; michael@fairmarklaw.com <michael@fairmarklaw.com>; yinka@fairmarklaw.com <yinka@fairmarklaw.com>
**Cc:** Doud, Rachael (USANYS) <Rachael.Doud@usdoj.gov>; Singh, Jonaki (USANYS) <Jonaki.Singh@usdoj.gov>; Poscablo, Christine (USANYS) <Christine.Poscablo@usdoj.gov>
**Subject:** RE: Proposed Protective Order

All,

Thanks for your response on this. We are fine with many of your edits, but tweaked some, as outlined below. And in light of your stated concerns about whether Judge McMahon will be willing to enter the order, we adjusted certain edits to track the language of a protective order that Judge McMahon previously entered in a case handled by our Office (see attached).

Regarding the definition of Confidential Information (changed to better align with Judge McMahon's addendum), your proposed edits essentially limit the information protected by the order to the categories of PII referenced in FRCP 5.2. That is too narrow, and the language we previously included in that regard is typical of protective orders that judges have entered in cases our office has handled, as well as language included in model protective orders used by SDNY judges. That said, in the interest of reaching an agreement, we've included revised

narrowing language in the draft. The proposed definition in the attached draft is similar to the definition in the Omnicare order that Judge McMahon entered (except omitting certain categories of information that are not relevant here), and it also incorporates language from model orders used by other judges in this district.

Second, we've reinstated the language about disclosure of privileged materials. Your primary objection to that language seems to be that procedures for handling the disclosure of privileged information "don't fit" with an order regarding protection of confidential information—but judges in this district, including Judge McMahon, have entered orders that contain provisions on both subjects (see attached Omnicare order). We've included an additional "whereas" paragraph in the preamble to address this. We've also added a footnote clarifying that the referenced privileges are listed without prejudice to any party's argument that such privilege should not be recognized.

To ensure that we are able to comply with Friday's production deadline, we will need to submit the proposed order to Judge McMahon as soon as possible. For that reason, we ask that you let us know by **noon tomorrow** whether these edits work for you.

Thanks,

Mary Ellen

**From:** Kyla Snow <kyla@jacobsonlawyersgroup.com>
**Sent:** Thursday, January 8, 2026 4:36 PM
**To:** Brennan, Mary Ellen (USANYS) 1 <MaryEllen.Brennan@usdoj.gov>; Dan Jacobson <dan@jacobsonlawyersgroup.com>; Amanda Vaughn <amanda@fairmarklaw.com>; Nina Cahill <nina@jacobsonlawyersgroup.com>; john@jacobsonlawyersgroup.com; lynn@jacobsonlawyersgroup.com; jamie@fairmarklaw.com; michael@fairmarklaw.com; yinka@fairmarklaw.com
**Cc:** Doud, Rachael (USANYS) <Rachael.Doud@usdoj.gov>; Singh, Jonaki (USANYS) <Jonaki.Singh@usdoj.gov>; Poscablo, Christine (USANYS) <Christine.Poscablo@usdoj.gov>
**Subject:** [EXTERNAL] Re: Proposed Protective Order

Mary Ellen,

The ACLS and Authors Guild Plaintiffs have reviewed the proposed protective order and have noted edits in the attached redline version. Many of the edits are intended to clarify terms and the procedures governing any disputes. We've included comments explaining some of those edits. Let us know if you would like to discuss any of these changes. There may be some lingering formatting errors from inputting the edits.

Best,

Kyla

---

**From:** Brennan, Mary Ellen (USANYS) 1 <MaryEllen.Brennan@usdoj.gov>
**Sent:** Wednesday, January 7, 2026 6:00 PM
**To:** Dan Jacobson <dan@jacobsonlawyersgroup.com>; Amanda Vaughn <amanda@fairmarklaw.com>; Nina Cahill <nina@jacobsonlawyersgroup.com>; Kyla Snow <kyla@jacobsonlawyersgroup.com>; john@jacobsonlawyersgroup.com <john@jacobsonlawyersgroup.com>; lynn@jacobsonlawyersgroup.com <lynn@jacobsonlawyersgroup.com>; jamie@fairmarklaw.com <jamie@fairmarklaw.com>; michael@fairmarklaw.com <michael@fairmarklaw.com>; yinka@fairmarklaw.com <yinka@fairmarklaw.com>
**Cc:** Doud, Rachael (USANYS) <Rachael.Doud@usdoj.gov>; Singh, Jonaki (USANYS) <Jonaki.Singh@usdoj.gov>; Poscablo, Christine (USANYS) <Christine.Poscablo@usdoj.gov>
**Subject:** Proposed Protective Order

All,

We're ready to begin productions, and we anticipate that certain materials we'll be producing will include PII and other confidential or sensitive information. Consequently, we will need to ask the Court to enter a protective order before we start producing. I've attached a proposed draft protective order. If this looks okay to you, could you please sign and return it to us, so that we can ask Judge McMahon to enter it, and, once it's entered, start making productions?

Thanks,

Mary Ellen