

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

February 10, 2026

**BY ECF**

The Honorable Colleen McMahon
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

        Re:    *American Council of Learned Societies v. National Endowment for the Humanities*, No. 25 Civ. 3657 (CM), and *The Authors Guild v. National Endowment for the Humanities*, No. 25 Civ. 3923 (CM)

Dear Judge McMahon:

      This Office represents the Government in the above-referenced cases. We write in response to the Court's direction in its February 5, 2026, Opinion and Order (Dkt. No. 203) that the Government, by the close of business on February 10, explain why it could not de-duplicate 6,298 documents identified using an additional search requested by Plaintiffs. The Government has now completed the de-duplication process but sets forth below the reason the Government did not agree to do so in response to Plaintiffs' initial request. The Government further submits the documents the Government has already produced—obtained through a search reasonably calculated to identify documents responsive to Plaintiffs' requests and an additional search requested by the ACLS Plaintiffs—plainly satisfy its discovery obligations. Requiring the Government to produce to Plaintiffs the results of the search at issue would require the Government to review nearly 5,000 additional documents for responsiveness and privilege—a time consuming process that would delay summary judgment motion practice. That would be unduly burdensome as the search terms are not adequately tailored to identify documents relevant to the remaining issues in the case.

      On December 11, the Government emailed Plaintiffs with proposed custodians and search terms for its search of the National Endowment for the Humanities. *See* Dkt. No. 182 at 2. That search, which yielded over 10,000 documents, included the following search string: grant* AND terminat* AND (Fox OR Cavanaugh OR DOGE). *Id.*; Dkt. No. 182-1 at 2. The ACLS and Authors Guild Plaintiffs did not respond to the Government's proposal for well over a week, until December 22 and 23, respectively. Dkt. No. 182 at 2. In response to the Government's proposed terms, the ACLS Plaintiffs proposed four different broad search strings for NEH, Dkt. No. 182-2 at 1, and the Authors Guild Plaintiffs proposed their own, separate set of four broad searches. Dkt. No. 182-3 at 8.

The Honorable Colleen McMahon
Page 2

By the time Plaintiffs sent these proposals, this Office had already asked NEH to export the results of the Government's searches and begun processing them to ensure that it would be able to produce the documents by the end of January, as the Government had agreed to do. Further, on December 22, 2025, the Court issued its order requiring the Government to complete productions by January 16, 2026. Dkt. No. 169. The Government agreed to run Plaintiffs' additional requested search strings to see how many documents they generated. The Government explained to Plaintiffs, however, that NEH did not have a way to de-duplicate the searches against each other or against the documents already exported to this Office. Dkt. No. 182 at 2-3. Thus, the only way for the Government to provide de-duplicated search hits would be for NEH to export all of the documents hitting on Plaintiffs' proposed terms and upload them to this Office's Relativity platform—a process that frequently takes multiple business days.

Once NEH conducted the requested searches, it became clear that the number of documents hitting on Plaintiffs' proposed searches was so large that the results would be unduly burdensome for the Government to review even once de-duplicated. For example, just one of the ACLS Plaintiffs' proposed searches yielded 26,532 hits, and just one of the Authors Guild Plaintiffs' proposed searches yielded 64,646 hits. Dkt. No. 182-4 at 12-13. Even if these documents were de-duplicated, this would still leave tens of thousands of additional documents to review. And the Government was already reviewing more than 10,000 documents, identified through a search that was plainly adequate to satisfy its discovery obligations and was working to meet the January 16, 2026 deadline set by the Court.

After the Government provided the hits for Plaintiffs' proposed searches, the parties exchanged various emails wherein Plaintiffs proposed modifications to some of their proposed searches and the Government provided the number of hits for those revised searches. *See* Dkt. No. 182-4. Throughout this time, Plaintiffs repeatedly refused to explain why the searches the Government had already conducted were insufficient, or why Plaintiffs' proposed searches were reasonable or proportionate—particularly given that Plaintiffs' proposed searches lacked appropriate limiting terms and would therefore bring in documents totally unrelated to the claims at issue.

The Government explained to Plaintiffs that de-duplicating each of their requested searches each time Plaintiffs requested a modification would have required NEH to export the documents to this Office and for this Office to upload each set to its Relativity database—a multi-day process for each iteration. Given the large number of documents at issue, repeatedly undertaking this process while already working to meet the January 16 deadline would have been extremely burdensome. Nonetheless, the Government did agree to run, review and produce responsive documents from one additional search the ACLS Plaintiffs had requested. Specifically, because the ACLS Plaintiffs raised a concern that communications discussing grant terminations might use the term "award" rather than grant, the Government added the following search and produced the responsive results: award* AND (terminat* OR cancel*) NOT grant*. Dkt. No. 182-4 at 3.

In its January 9, 2026, motion to compel, the ACLS Plaintiffs (joined by the Authors Guild Plaintiffs) asked the Court to require the Government to provide de-duplicated hits for one of the eight additional searches Plaintiffs had proposed—"Fox," or "Cavanaugh," or "DOGE," or "USDS". Dkt. No. 179. After the Court issued its February 5, 2026, Opinion and Order, the

The Honorable Colleen McMahon
Page 3

Government asked NEH to run Plaintiffs' requested search for "Fox," "Cavanaugh," "DOGE," or "USDS" and export the results to the Government. The Government then uploaded those 6,298 documents to its database. After deduplication, that search yields 4,702 documents that the Government has not yet reviewed or produced.

Plaintiffs' motion to compel only asked the Court to require the Government to provide de-duplicated hits for this search, which the Government has now done. Accordingly, pursuant to the Court's February 5, 2026, fact discovery should be considered closed. Dkt. No. 203.

If Plaintiffs ask the Court to require the Government to review and produce documents from this very large search, the Court should not do so. Plaintiffs' January 9, 2026 motion to compel makes no effort to explain why the Government's searches were inadequate or why Plaintiffs' proposed search, which is not designed to limit the results to documents concerning grant terminations, is reasonably calculated to lead to the discovery of relevant evidence and proportional to the needs of the case. Notably, as explained above, the Government already reviewed and produced the results of a search that includes many of the same terms: grant* AND terminat* AND (Fox OR Cavanaugh OR DOGE). The Government's search, unlike Plaintiffs' search, appropriately limits the search to documents relating to grant terminations—which is what Plaintiffs' remaining claims in this case are about. Plaintiffs' proposed search, by contrast, brings in documents unrelated to grant terminations, including all documents that include the common names "Cavanaugh" and "Fox." Predictably, a spot check of these documents reveals hits for grantees named "Fox" or "Cavanaugh" and news reports from Fox News.

As the Government explained in its January 12, 2026 response to Plaintiffs' motion to compel, "[t]he party seeking discovery has the initial burden of demonstrating relevance and proportionality." *GMO Gamecenter USA, Inc. v. Whinstone U.S.,* No. 22 Civ. 5974 (JPC) (KHP), 2025 WL 722853, at *1 (S.D.N.Y. Mar. 5, 2025); *see also Lam v. State St. Corp.,* No. 24 Civ. 6098 (NRB), 2025 WL 834885, at *2 (S.D.N.Y. Mar. 17, 2025); *Oakley v. MSG Networks, Inc.*, No. 17 Civ. 903 (RJS), 2024 WL 4134903, at *4 (S.D.N.Y. Sept. 10, 2024) (rejecting certain email searches where plaintiffs did not make "*prima facie* showing that the discovery sought is more than merely a fishing expedition"). Moreover, parties requesting discovery "do not need, and are not entitled under the rules of proportionality, to every single [relevant] document." *In re Morgan Stanley Mortgage Pass-Through Certificates Litig.*, No. 09 Civ. 02137 (LTS) (SN), 2013 WL 4838796 (S.D.N.Y. Sept. 11, 2013).

The Government crafted a reasonable search designed to identify relevant documents and produced over 3,700 documents to Plaintiffs. As the Court stated at the February 2, 2026 case management conference, it is time to move on to merits briefing. If, on the other hand, the Court were to require the Government to review the additional 4,702 documents—which, as of now, Plaintiffs have not actually asked the Government to do—this would take a substantial amount of additional time. As a benchmark, it took the Government team four weeks of work throughout the holidays and around the clock to review and produce the documents produced on January 16. Additionally, having to review a large additional set of documents at this juncture, in addition to responding to Plaintiffs' impending motion to amend the complaint and motion for spoliation, would delay the Government's ability to proceed with summary judgment briefing.

The Honorable Colleen McMahon
Page 4

      We thank the Court for its consideration of this submission.

                                                   Respectfully submitted,

                                                   JAY CLAYTON
                                                   United States Attorney for the
                                                   Southern District of New York

                                  By:  *s/ Rachael Doud*
                                                 MARY ELLEN BRENNAN
                                                 RACHAEL DOUD
                                                 JONAKI SINGH
                                                 Assistant United States Attorneys
                                                 86 Chambers St., 3rd Floor
                                                 New York, New York 10007
                                                 (212) 637-2699

cc:      All counsel of record (via ECF)