

Jacobson
Lawyers
Group

**BY ECF**

The Honorable Colleen McMahon
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:  *American Council of Learned Societies v. Michael McDonald*, No. 25-cv-3657 (CM)
    *The Authors Guild v. Nat'l Endowment for the Humanities*, No. 25-cv-3923 (CM)

Dear Judge McMahon:

MEMO ENDORSED

    Plaintiffs write in response to the Government's letter of February 10, 2026. *See* Dkt. No. 206. In that letter, the Government states that it has now run the de-duplication process on the search terms that Plaintiffs first requested the government use weeks ago, on December 22. The Government now reports that the de-duplication process has shown that there are 4,702 additional, unique documents in the possession of NEH custodians that hit on the search terms "Fox OR Cavanaugh OR DOGE OR USDS." This Court has already held that such documents are a proper focus of discovery, given "the centrality of these custodians and terms to the case." ECF No. 203 at 21. Plaintiffs therefore respectfully request the Court should order the Government to produce them forthwith.[1]

    This Court's order gave the Government two options: "explain why it cannot de-duplicate these materials, or alternatively, how it proposes to manage the production in a way that avoids unnecessary duplication." *Id.* Unable to provide an explanation of why it could not de-duplicate the materials, the Government has chosen a third option that the Court did not contemplate: de-duplicate the materials but then refuse to propose a manageable schedule for producing the records. Government counsel has now de-duplicated the records and has possession of them, and there is no legitimate basis why they will not produce these records of "central" importance to Plaintiffs' claims. Indeed, there is simply *no* reason why NEH employees would be communicating with or about "Fox OR Cavanaugh OR DOGE OR USDS" unless they were communicating about issues directly relevant to DOGE's involvement in grant terminations at NEH.

---

[1] Plaintiffs make this request by letter given that Defendants submitted their report and position by letter, and that the Court is already deeply familiar with this discovery issue. If the Court would prefer that Plaintiffs make this request in a formal motion to compel, however, Plaintiffs will file such a motion immediately. Undersigned counsel for the ACLS Plaintiffs has conferred with counsel for the Authors Guild Plaintiffs, who join this letter in full.

Case 1:25-cv-03657-CM    Document 210    Filed 02/11/26    Page 2 of 3

The Government does not deny in its letter that the documents likely contain responsive, relevant information that has not yet been produced. The Government instead argues that it would be burdensome and time-consuming to review and produce the documents now. But even by the Government's own estimation, that does not appear to be the case. The Government states that it took "four weeks" to review the over 10,000 documents that resulted in the Government's initial production of about 3,700 documents. Dkt. 206 at 3. Applying that same rate to the 4,702 additional documents would suggest that the Government could review and produce documents in less than two weeks, which would still be well before the parties' March 6 deadline to file motions for summary judgment.[2]

To the extent the Government believes that producing relevant documents would "delay the Government's ability to proceed with summary judgment briefing," *id.*, that is not true as described below, but even if it were, that is a problem of the Government's own making. There was no basis for the Government to refuse to run this search when Plaintiff requested it nearly two months ago, and there was no basis for the government to refuse to de-duplicate the results once they did run the search. Taking "multiple business days" to complete a discovery task is not unduly burdensome, Dkt. No. 206 at 2; it is the nature of civil discovery. The Government should not be permitted to leverage their own refusal to timely comply with discovery obligations to now claim it is too late for them to do so.[3]

In any event, Plaintiffs have already proposed to the Government a slight modification to the summary judgment schedule for the parties to potentially present to the Court, which would push back the government's date for moving for summary judgment without unduly delaying completion of briefing. The schedule would allow each side to file two briefs rather than three, and would be as follows:

- March 6: Plaintiffs file motions for summary judgment
- March 27: Government files combined cross-motion for summary judgment and opposition
- April 6: Plaintiffs file combined oppositions and replies
- April 13: Government files reply

If the Court were to adopt this schedule, the Government's opening brief would not be due until March 27, providing the Government more than enough time to prepare their brief after producing the relevant documents. Such a schedule would still allow for expeditious

---

[2] In counsel's experience, attorneys can generally review documents at a rate of at least 100 documents an hour, which would suggest that three reviewers could review all of the documents in two days.

[3] Instead of timely producing this discovery to facilitate resolution of this case, the Government has taken up its and the Court's resources with actual and *de facto* motions for reconsideration, *see* Dkt. Nos. 177, 207, and a motion to keep confidential documents that are patently not entitled to protection under the protective order, Dkt. No. 204. ACLS Plaintiffs will respond to the latter motion by the default deadline provided for in the rules, unless the Court prefers an earlier response.

consideration of the parties' cross-motions for summary judgment, without depriving Plaintiffs of relevant discovery to which they are entitled.

Accordingly, Plaintiffs respectfully request that the Government promptly produce any of the 4,702 documents that are responsive to Plaintiffs' requests.

Respectfully submitted,

*/s/Daniel F. Jacobson*
Daniel F. Jacobson
Lynn D. Eisenberg*
John Robinson
Kyla M. Snow*
JACOBSON LAWYERS GROUP PLLC
5100 Wisconsin Ave. NW, Suite 301
Washington DC, 20016
(301) 823-1148
dan@jacobsonlawyersgroup.com

*Counsel for ACLS Plaintiffs*

*Admitted *pro hac vice*