JAY CLAYTON
United States Attorney for the
Southern District of New York
By:    MARY ELLEN BRENNAN
       RACHAEL DOUD
       JONAKI SINGH
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2652/2699
E-mail:  MaryEllen.Brennan@usdoj.gov
         Rachael.Doud@usdoj.gov
         Jonaki.Singh@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

AMERICAN COUNCIL OF LEARNED
SOCIETIES,                                        :

                                                  :

AMERICAN HISTORICAL ASSOCIATION,                  :

                                                  :

MODERN LANGUAGE ASSOCIATION,                      :

                                                  :          25 Civ. 3657 (CM)

                            Plaintiffs,           :

                                                  :

            -against-                             :          **ANSWER**

ADAM WOLFSON, in his official capacity as
Acting Chairman of the National Endowment for
the Humanities,                                   :

NATIONAL ENDOWMENT FOR THE                        :

HUMANITIES,                                       :

UNITED STATES DOGE SERVICE,                       :

                                                  :

AMY GLEASON, in her official capacity as
Acting Administrator of the United States DOGE    :
Service,

NATE CAVANAUGH, in his official capacity as       :
an employee of the U.S. DOGE Service or the
General Services Administration,                  :

JUSTIN FOX, in his official capacity as an
employee of the U.S. DOGE Service or the
General Services Administration,

                 Plaintiffs.

:
:
:
:

------------------------------------x

## <u>ANSWER</u>

Defendants Adam Wolfson, in his official capacity as Acting Chairman of the National
Endowment for the Humanities ("NEH"), NEH, United States DOGE Service, Amy Gleason, in
her official capacity as Acting Administrator of the U.S. DOGE Service, Nate Cavanaugh, in his
official capacity as an employee of the U.S. DOGE Service or the General Services
Administration, and Justin Fox, in his official capacity as an employee of the U.S. DOGE
Service of the General Services Administration ("Defendants"), by their attorney, Jay Clayton,
United States Attorney for the Southern District of New York, hereby answer the allegations in
the amended complaint ("Amended Complaint") of Plaintiffs American Council of Learned
Societies, American Historical Association, and Modern Language Association (collectively,
"Plaintiffs") upon information and belief as follows:

1.       Paragraph 1 of the Amended Complaint consists of Plaintiffs' characterization of
this action, to which no response is required.  To the extent a response is deemed required,
Defendants admit that NEH is a federal agency that was created by statute in 1965 to further the
purpose of the encouragement and support of national progress and scholarship in the
humanities.  Defendants deny that NEH was "dismantle[ed]."

2.       Paragraph 2 of the Amended Complaint consists of quotations from NEH's
establishing statute, to which no response is required.  Defendants respectfully refer the Court to
the statute for a true and complete statement of its contents.

3.       The first sentence of Paragraph 3 of the Amended Complaint consists of qualitative statements concerning support for NEH and its prestige, rather than factual allegations that can be admitted or denied.  With respect to the second sentence, Defendants admit that since its founding NEH has awarded over $6 billion in grants to various organizations and individuals, including of the types alleged.  Defendants lack knowledge or information concerning the extent to which particular organizations or individuals "rely on NEH" to fund projects and research that could not otherwise be accomplished.

4.       Defendants deny the allegations in Paragraph 4 of the Amended Complaint as written, but admit that, since its founding, Congress has funded NEH and its programs and that in March 2025, Congress appropriated $207 million to NEH, the majority of which is designated for use on grant programs.

5.       Defendants deny that NEH's history came to a "crashing halt" in April or May 2025 and that it was "dismantle[d]."  Defendants lack knowledge or information as to the accounts purportedly provided by former or current NEH staff.  Defendants admit that Cavanaugh and Fox requested and received access to lists of open grants and participated in discussions as to which grants to terminate but deny that they terminated the grants.  Defendants aver that Justin Fox used artificial intelligence tools to help search grant descriptions for open grants and identify grants potentially implicated by Executive Order 14151, but also aver that Michael McDonald, Adam Wolfson, Justin Fox, Nate Cavanaugh, and other NEH personnel personally reviewed grant descriptions, and when deemed necessary, the full application, for open grants when selecting grants for termination.  Defendants admit that emails terminating grants in April 2025 came from the identified email address Grant_Notifications@nehemail.onmicrosoft.com and that Cavanaugh and Fox emailed the

termination notices to recipients.  Defendants aver that the identified email address is a government email address and went through NEH's server.  The fourth sentence of Paragraph 5 of the Amended Complaint appears to characterize and quote from statements of McDonald purportedly reflected in a recording, *see* Compl. ¶ 67 & n.12, and Defendants respectfully refer the Court to the recording for a true and complete statement of its contents.  The last sentence of Paragraph 5 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.  Defendants otherwise deny the allegations in this paragraph.

6.      Paragraph 6 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-43; as such no response is required.

7.      Paragraph 7 of the Amended Complaint consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny that NEH was dismantled and that the grant terminations were unlawful.  The remainder of the allegations in Paragraph 7 relate solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-43; as such no response is required.

8.      Paragraph 8 of the Amended Complaint consists of Plaintiffs' legal conclusions, to which no response is required, and also relate solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-43, to which no response is required.

9.      Defendants admit that certain actions Plaintiffs allege were taken in conjunction with the U.S. DOGE Service ("DOGE") and that DOGE was not created by statute.  The remainder of Paragraph 9 of the Amended Complaint consists of Plaintiffs' legal conclusions and characterization of case law, to which no response is required.

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 10 of the Amended Complaint and the extent to which projects and research will not be completed.  Defendants deny that NEH has been "illegally dismantle[d]" but admit that NEH is the only federal agency specifically dedicated to funding the humanities.  The last two clauses of the last sentence of Paragraph 10 of the Amended Complaint relate solely to claims that have been dismissed, *see* Dkt. No. 116 at 42-43; as such, no response is required.

11.     Paragraph 11 of the Amended Complaint consists of Plaintiffs' characterization of the purpose of this action and the relief Plaintiffs seek, to which no response is required.

## PARTIES[1]

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Amended Complaint except admit that ACLS and its members have received grant awards from NEH, deny that ACLS has received a total of 144 awards, and aver that ACLS has received a total of 143 awards.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Amended Complaint except admit that AHA and its members have received grant awards from NEH and aver that AHA itself has received forty-four awards.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Amended Complaint admit that MLA and its

---

[1] For ease of reference, Defendants' Answer replicates the headings contained in the Amended Complaint.  Defendants assert that no response is required to such headings, which do not contain factual allegations.

members have received grant awards from NEH and aver that MLA itself has received forty-seven awards.

15.     Defendants admit that Michael McDonald was the Acting Chairman of the National Endowment of the Humanities and Plaintiffs have indicated they are suing him only in his official capacity.

16.     Admit.

17.     Admit.

18.     Defendants admit that Amy Gleason is the Acting Administrator of the United States DOGE Service and its highest ranking official. Defendants object to the allegation that she is therefore "responsible for activities of the organization" as vague and ambiguous, particularly as the allegation does not specify to which actions it refers. As such, Defendants assert that no response to this allegation is required.

19.     Defendants admit that Nate Cavanaugh was associated with DOGE and an employee of the General Services Administration. Defendants lack knowledge or information as to what has been "reported" concerning Cavanaugh's activities. Defendants deny the remaining allegations in this paragraph.

20.     Defendants admit that Justin Fox was associated with DOGE and an employee of the General Services Administration. Defendants lack knowledge or information as to what has been "reported" concerning Fox's activities. Defendants deny the remaining allegations in this paragraph.

**JURISDICTION AND VENUE**

21.    Paragraph 21 of the Amended Complaint consists of Plaintiffs' legal conclusion concerning jurisdiction, to which no response is required.

22.    Paragraph 22 of the Amended Complaint consists of Plaintiffs' characterization of the Court's authority and available relief, to which no response is required.

23.    Paragraph 23 of the Amended Complaint consists of Plaintiffs' legal conclusions concerning venue, to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to where Plaintiffs ACLS and MLA reside.

**FACTUAL AND LEGAL BACKGROUND**

*Congress Established the National Endowment for the Humanities to Broadly Fund Research, Scholarly Work, and the Advancement and Promotion of the Humanities[2]*

24.    Paragraph 24 of the Amended Complaint consists of Plaintiffs' characterization of NEH's establishing statute and quotations from the statute, to which no response is required. Defendants respectfully refer the Court to the statute for a true and complete statement of its contents.

25.    Paragraph 25 of the Amended Complaint consists of Plaintiffs' characterization of NEH's establishing statute and quotations from the statute, to which no response is required. Defendants respectfully refer the Court to the statute for a true and complete statement of its contents.

---

[2] For ease of reference, Defendants' Answer replicates the sub-headings contained in the Amended Complaint.  Defendants' inclusion of these sub-headings does not constitute an admission concerning the contents of the sub-headings.  For further avoidance of doubt, all facts contained in the sub-headings are denied.

26.    Paragraph 26 of the Amended Complaint consists of Plaintiffs' characterization of NEH's establishing statute, to which no response is required.  Defendants respectfully refer the Court to the statute for a true and complete statement of its contents.

27.    Paragraph 27 of the Amended Complaint consists of Plaintiffs' characterization of Congress's intent in passing NEH's establishing statute, based on the text of the statute, to which no response is required.  Defendants respectfully refer the Court to the statute for a true and complete statement of its contents.

28.    Paragraph 28 of the Amended Complaint consists of Plaintiffs' characterization of Congress's intent in passing NEH's establishing statute and quotations from the text of the statute, to which no response is required.  Defendants respectfully refer the Court to the statute for a true and complete statement of its contents.

29.    Paragraph 29 of the Amended Complaint consists of Plaintiffs' characterization of NEH's establishing statute and quotations from the text of the statute, to which no response is required.  Defendants respectfully refer the Court to the statute for a true and complete statement of its contents.

30.    Paragraph 30 of the Amended Complaint consists of Plaintiffs' characterization of NEH's establishing statute and quotations from the text of the statute, to which no response is required.  Defendants respectfully refer the Court to the statute for a true and complete statement of its contents.

31.    Paragraph 31 of the Amended Complaint consists of Plaintiffs' characterization of Congress's intent in passing NEH's establishing statute and quotations from the legislative history of the statute, to which no response is required.  Defendants respectfully refer the Court to the statute and its legislative history for a true and complete statement of their contents.

32.    Paragraph 32 of the Amended Complaint consists of Plaintiffs' characterization of NEH's establishing statute and quotations from the text of the statute, to which no response is required.  Defendants respectfully refer the Court to the statute for a true and complete statement of its contents.

33.    Defendants admit that NEH has provided grants funding research, training, and education.  The remainder of Paragraph 33 of the Amended Complaint consists of Plaintiffs' quotations from NEH's website, to which no response is required.  Defendants respectfully refer the Court to the website for a true and complete statement of its contents.

34.    Defendants admit that the program referenced in Paragraph 34 of the Amended Complaint is a grant program NEH offered.  The remainder of Paragraph 34 consists of Plaintiffs' quotations from an NEH press release, to which no response is required.  Defendants respectfully refer the Court to the press release for a true and complete statement of its contents.

35.    Defendants admit that NEH has provided grants for the projects referenced in Paragraph 35 of the Amended Complaint.

36.    Defendants admit that NEH has provided grants for individualized research projects and the development of college coursework.  Defendants aver that NEH funds institutions and educators to develop programs and curricula, but does not fund individuals to attend college.

37.    Defendants admit that Plaintiffs have received grants for various projects over the last several years.  Defendants lack knowledge or information sufficient to form a belief as to how many grants Plaintiffs and their members have collectively received.

### *NEH Maintained a Robust Organizational Structure to Fulfill Its Mission*

38.     Defendants admit that NEH has maintained an organizational structure to carry out its statutory functions and aver that it continues to do so.

39.     Paragraph 39 of the Amended Complaint consists of an organizational chart copied from NEH's website.  Defendants respectfully refer the Court to that organizational chart for a true and complete statement of its contents.

40.     Defendants admit that, as of January 2025, NEH had seven divisions under the Assistant Chair for Programs and three offices under the Assistant Chair for Partnerships and Strategic Initiatives, as reflected on the chart reproduced in paragraph 39.

41.     The allegations in this paragraph relate at least in part to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required to those allegations.  To the extent a response is deemed required, Defendants admit that as of April 1, 2025, NEH had more than 200 employees.

### *NEH Awarded Grants Through a Rigorous, Staff-Intensive Advisory Process to Effectuate its Statutory Goals*

42.     Defendants admit that the process of awarding NEH grants requires resources, including involvement from staff.

43.     Defendants admit that NEH has historically assembled peer review panels of outside experts in the relevant areas to review grant applications.

44.     Defendants admit that NEH's grant competitions have been administered by its divisions and offices and that staff from these divisions and offices have assembled the peer review panels.

45.     Defendants admit that in assembling a peer review panel, program officers select evaluators for their expertise in the relevant disciplines, topics, and areas, as well as their overall

breadth of knowledge in the humanities.  Defendants admit that some grant programs have

multiple peer review panels, and that the size of the grant program may factor into whether a

grant program has multiple peer review panels.

 46. Defendants admit that NEH does not allow any expert to serve on a review panel

for the same grant program two years in a row and does not maintain standing panels and that

NEH assembles new peer review panels at the start of each grant review competition.

 47. Defendants admit that the peer review panels are announced in the Federal

Register and the names of panelists were previously added to NEH's annual reports but aver that

NEH has not recently listed the names in its annual reports and has not issued an annual report in

several years.  Defendants also aver that the names of panelists are publicly available on the

Federal Advisory Committee Act database.

 48. Defendants admit that, after grants are submitted, NEH program officers have

checked the applications for eligibility and assign them to peer review panels based on academic

discipline, institutional type, project area, or project type.

 49. Defendants admit that a peer review panel has typically included three to six

evaluators per panel and that they review their assigned applications based on NEH's published

review criteria and program guidelines, which include consideration of humanities significance,

the applicant's abilities and qualifications, the proposal's clarity of expression, and the project's

feasibility, design, cost, and work plan.

 50. Defendants admit that each evaluator has generally evaluated each application

individually before meeting with the rest of the panel.  Defendants admit that the evaluators are

not expected to reach a consensus and are not asked to rank the applications as a panel, but

instead, the evaluators provide individual ratings for each application.

51. Defendants admit that NEH staff do not receive a single set of recommendations from each peer review panel, and that NEH staff organize the results from the panels.

52. Defendants admit that, based on the evaluators' ratings and comments, NEH staff recommend applications, striving to maintain an even level of quality among the recommended proposals across all panels in a grant program. Defendants admit that NEH staff's recommended slate and all supporting materials have then been provided to NEH's National Council on the Humanities.

53. Admit.

54. Defendants deny the allegations in Paragraph 54 as written. Defendants aver that the Chairman of NEH makes all final funding decisions and that, in doing so, the Chairman typically takes into account the totality of advice provided by NEH's review process, including the advice of reviewers, Endowment staff, and the National Council. Defendants also aver that under NEH's governing statute, the Chair of NEH may make awards of up to $30,000 without first obtaining the National Council's recommendation, provided that the total sum does not exceed the statutory maximum in 20 U.S.C. § 957(f)(2).

***Congress Has Appropriated NEH Hundreds of Millions of Dollars Each Fiscal Year, Most of Which Is For Grantmaking***

55. Defendants admit that in the past, each fiscal year Congress has appropriated funds to NEH to carry out its statutory functions, including to award grants.

56. Paragraph 56 of the Amended Complaint consists of Plaintiffs' characterization of the 2024 Appropriations Act and quotations from its text, to which no response is required. Defendants respectfully refer the Court to the statute for a true and complete statement of its contents.

57.     The first sentence of Paragraph 57 of the Amended Complaint consists of Plaintiffs' characterization of a March 15, 2025, continuing resolution, to which no response is required.  Defendants respectfully refer the Court to the continuing resolution for a true and complete statement of its contents.  Defendants deny that NEH is required to spend funds appropriated to it by Congress in a particular fiscal year.

### DOGE Sweeps Into NEH and Mass Terminates Grants and Staff

58.     Defendants admit that Shelly Lowe left her position as NEH Chair at the direction of President Trump in March 2025, but aver that she departed on March 10, rather than March 13, 2025.  Defendants deny the remaining allegations in this paragraph as written, but admit that, around March 10, 2025, individuals affiliated with DOGE began communicating with NEH personnel.

59.     Defendants lack knowledge or information sufficient to form a belief as to the content of accounts from former or current NEH staff.  Defendants admit that in March 2025, NEH personnel discussed grants with individuals associated with DOGE, including Cavanaugh and Fox.

60.     Defendants lack knowledge or information sufficient to form a belief as to what has been reported.  The remaining allegations in this paragraph, which concern actions taken at other agencies, are not material or relevant to the claims in this Amended Complaint, which solely concern actions at NEH; as such, no response is required.

61.     Paragraph 61 of the Amended Complaint appears to characterize the content of news sources.   Defendants lack knowledge or information sufficient to form a belief as to what has been reported.  Additionally, the allegations in this paragraph concerning actions taken at

other agencies are not material or relevant to the claims in this Complaint, which solely concern actions at NEH; as such, no response is required.

62.    Defendants lack knowledge or information sufficient to form a belief as to what has been reported.  Further, Paragraph 62 of the Amended Complaint purports to quote from news articles. Defendants respectfully refer the Court to those articles for a true and complete statement of their contents.  The alleged statements concerning reductions in NEH staff also relate solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

63.    Defendants lack knowledge or information sufficient to form a belief as to the content of accounts from former or current NEH staff.  Defendants admit that Cavanaugh and Fox were provided lists of open NEH grants and were involved in discussions about terminating some of those grants.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63.

64.    Defendants lack knowledge or information sufficient to form a belief as to the content of accounts from former or current NEH staff.  Defendants admit that Cavanaugh and Fox participated in discussions concerning which grants to terminate, that on April 2, 2025, certain grantees were informed that their grants were being terminated, and that Cavanaugh and Fox sent termination emails signed by NEH Acting Chairman Michael McDonald to grantees. Defendants deny the remaining allegations in Paragraph 64 of the Amended Complaint.

65.    Defendants admit that the termination emails came from the identified email address, which does not include a ".gov" in the email address.  Defendants aver that the identified email address is a government email address and that the termination emails went through NEH's server.

66.    Defendants admit that the emails attached a grant termination letter with an e-signature of Michael McDonald and that they were not hand signed.  Defendants aver that McDonald's title was Acting Chairman, not Acting Director.

67.    Defendants admit that McDonald held a meeting with staff to answer questions but deny knowledge or information sufficient to form a belief as to how his conduct appeared to those at the meeting.  Paragraph 67 of the Amended Complaint appears to characterize and quote statements of McDonald purportedly reflected in a recording, *see* footnote 12 of the Amended Complaint, and Defendants respectfully refer the Court to the recording for a true and complete statement of its contents and deny the allegations in Paragraph 67 to the extent they do not accurately reflect McDonald's statements.

68.    The allegations in Paragraph 68 of the Amended Complaint consist of a characterization of the termination letters sent to grantees on April 2, 2025.  Defendants respectfully refer the Court to those letters for a true and complete statement of their contents.

69.    The allegations in Paragraph 69 of the Amended Complaint consist of a characterization of the termination letters sent to grantees on April 2, 2025.  Defendants respectfully refer the Court to those letters for a true and complete statement of their contents.

70.    The allegations in the first sentence of Paragraph 70 of the Amended Complaint consist of a characterization of the termination letters sent to grantees on April 2, 2025, and an Executive Order cited in that letter.  Defendants aver that the Executive Order referenced in the letter is Executive Order 14217, not 14216, and that Executive Order 14217 was listed in the letter by mistake.  Defendants respectfully refer the Court to the termination letters and to the Executive Order referenced in those letters for a true and complete statement of their contents. The third sentence of Paragraph 70 of the Amended Complaint reiterates allegations in Paragraph

60 of the Amended Complaint; accordingly, Defendants respectfully refer the Court to their answer to that Paragraph.  Defendants lack knowledge or information sufficient to form a belief as to what question Plaintiffs believe the alleged circumstances raise.

71.     The allegations in Paragraph 71 of the Amended Complaint consist of a characterization of the termination letters sent to grantees on April 2, 2025, and of NEH's General Terms and Conditions.  Defendants respectfully refer the Court to those letters and Terms and Conditions for a true and complete statement of their contents.

72.     Defendants lack knowledge or information sufficient to form a belief as to what former or current NEH staff have said about termination decisions, when they learned about them, or the remaining allegations in Paragraph 72 of the Amended Complaint concerning what NEH staff have experienced or are trying to do.

73.     Defendants deny that NEH terminated all of the open grants of Plaintiffs and their members.  Defendants lack knowledge or information sufficient to form a belief as to Plaintiffs' membership.

74.     Paragraph 74 of the Amended Complaint consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 74.

75.     Defendants aver that pursuant to executive orders issued in January 2025, NEH personnel – at the direction of then-NEH Chair Shelly Lowe – conducted a historical review to determine whether, and to what extent, NEH's open grants implicated DEI, "gender ideology," or "environmental justice."  NEH personnel categorized these grants as "low," "medium," "high," or "not applicable," to reflect the extent to which each grant implicated DEI, gender ideology, or environmental justice.  Defendants otherwise deny the allegations in Paragraph 75 as vague, as

the meaning of the phrase, "That list of grants" is unclear. Defendants also aver that the ACLS Plaintiffs have sued the Acting Chairman of NEH in his official capacity, but that other NEH personnel are not defendants.

76.    Defendants deny the allegations in Paragraph 76 of the Amended Complaint.

77.    Defendants admit that Fox searched descriptions of open grants for key words including the terms "LGBTQ," "homosexual," "tribal," "immigrants," "gay," "BIPOC," and "native." Defendants deny the remaining allegations in Paragraph 77 of the Amended Complaint as vague, as the meaning of the phrases "and so on" and "Terms like" is unclear.

78.    Defendants admit that Fox organized certain grants into a spreadsheet with lists labeled "Craziest Grants" and "Other Bad Grants" and aver that those lists included, among other grants, grants purportedly relating to "experiences of LGBTQ military service," "oral histories of LatinX in the mid-west," "social and cultural context of tribal linguistics," and a "book on the first gay black science fiction writer in history." Defendants otherwise deny the allegations in Paragraph 78.

79.    Defendants aver that Fox used artificial intelligence tools to search grant descriptions to help review open grants and identify grants potentially implicated by Executive Order 14151. Defendants admit that, in doing so, Fox entered the following command into ChatGPT: "Does the following relate at all to DEI? Respond factually in less than 120 characters. Begin with 'Yes.' Or 'No.' followed by a brief explanation. Do not use 'this initiative' or 'this description' in your response." Defendants deny the remaining allegations in Paragraph 79 of the Amended Complaint as ambiguous and confusing.

80.    Defendants deny the allegations in Paragraph 80 of the Amended Complaint.

81.    Defendants deny the allegations in Paragraph 81 of the Amended Complaint.

82.    Defendants deny the allegations in Paragraph 82 of the Amended Complaint as vague and ambiguous.

83.    Defendants admit the allegations in Paragraph 83 of the Amended Complaint.

84.    Defendants deny the allegations in Paragraph 84 of the Amended Complaint.

85.    Paragraph 85 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

86.    Paragraph 86 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

87.    Paragraph 87 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

88.    Paragraph 88 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

89.    Paragraph 89 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

90.    Paragraph 90 of the Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

91.    Paragraph 91 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

92.    Paragraph 92 of the Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

93.    Paragraph 81 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

94.    Paragraph 94 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

95.    Paragraph 95 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

***NEH Seeks to Use Grant Funds to Build a "Garden of American Heroes"***

96.    Paragraph 96 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

97.    Paragraph 97 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

98.    Paragraph 98 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

99.    Paragraph 99 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

100.    Paragraph 100 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

101.    Paragraph 101 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

***Plaintiffs, Their Members, and the Community at Large are Injured by NEH's Decisions***

102.    Defendants lack knowledge or information sufficient to form a belief as to Plaintiffs' reliance on NEH grants and deny the remaining allegations in Paragraph 102 of the Amended Complaint.

103.    Defendants admit that ACLS had two open NEH grants that were terminated in April 2025.  Defendants respectfully refer the Court to the grant awards for a true and complete statement of their contents.

104.    Defendants respectfully refer the Court to ACLS's grant awards for a true and complete statement of their contents.  Defendants admit that ACLS's grant was terminated in April 2025 and lack knowledge or information sufficient to form a belief as to whether ACLS will no longer be able to fund the specified fellowships.

105.    Paragraph 105 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

106.    Defendants lack knowledge or information sufficient to form a belief as to ACLS membership.  Defendants admit that the American Musicological Society has had grants, including one that was terminated in April 2025, and respectfully refer the Court to those grant awards for a true and complete statement of their contents.

107.    Defendants lack knowledge or information sufficient to form a belief as to ACLS membership.  Defendants admit that the University of Oregon has had grants, including two that were terminated in April 2025, and respectfully refer the Court to those grant awards for a true and complete statement of their contents.

108.    Defendants lack knowledge or information sufficient to form a belief as to ACLS membership.  Defendants admit that the University of Minnesota has had grants, including four that were terminated in April 2025, and respectfully refer the Court to those grant awards for a true and complete statement of their contents.

109.    Defendants admit that AHA had at least two open NEH grants as of April 1, 2025, and that they were terminated in April 2025.  Defendants respectfully refer the Court to the grant awards for a true and complete statement of their contents.

110.    Paragraph 110 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

111.    Defendants lack knowledge or information sufficient to form a belief as to AHA membership.  Defendants admit that Natalia Mehlman Petrzela received a grant that was terminated and respectfully refers the Court to that grant award for a true and complete statement of its contents.  Defendants lack knowledge or information sufficient to form a belief as to how the grant award impacted Petrzela's career.

112.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 112, except admit that NEH previously awarded a grant to George Mason University that includes Laura Morreale as a co-project director for a project entitled *La Sfera* (The Globe): A Late Medieval World of Merchants, Maps, & Manuscripts, and that NEH terminated the grant on April 2, 2025, and respectfully refer the Court to that grant award for a true and complete statement of its contents.

113.    Defendants lack knowledge or information sufficient to form a belief as to ACLS membership.  Defendants admit that Karen Cook-Bell received a grant that was terminated and respectfully refer the Court to that grant award for a true and complete statement of its contents.  Defendants lack knowledge or information sufficient to form a belief as to the importance of the grant to Cook-Bell or the extent to which she will be able to devote time and resources to the referenced book.  The remainder of Paragraph 113 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

114.    Defendants aver that MLA had three active NEH grants as of April 1, 2025, and respectfully refer the Court to those grant awards for a true and complete statement of their contents.

115.    Paragraph 115 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

116.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of the Amended Complaint.

117.    Paragraph 117 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

118.    Defendants lack knowledge or information sufficient to form a belief as to MLA membership.  Defendants admit that Kathleen Fitzpatrick received a grant from NEH and that it was terminated and respectfully refer the Court to the grant award for a true and complete statement of its contents.  Defendants lack knowledge or information sufficient to form a belief as to how much money Fitzpatrick raised or whether Knowledge Commons will have to terminate staff.

119.    Defendants lack knowledge or information sufficient to form a belief as to MLA membership.  Defendants admit that Theodore Fernald received a grant from NEH that was terminated and respectfully refer the Court to the grant award for a true and complete statement of its contents.

120.    Defendants lack knowledge or information sufficient to form a belief as to MLA membership.  Defendants admit that Kathi Inman Behrens received a grant from NEH that was terminated and respectfully refer the Court to the grant award for a true and complete statement

of its contents.  Defendants lack knowledge or information sufficient to form a belief as to how long the directors of the project spent on the project or whether they will be able to complete it.

121.    Defendants lack knowledge or information sufficient to form a belief as to MLA membership.  Defendants admit that Rachel Sagner Buurma received a grant from NEH that was terminated and respectfully refer the Court to the grant award for a true and complete statement of its contents.  Defendants lack knowledge or information sufficient to form a belief as to the effect of the grant's termination on her project.

122.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 of the Amended Complaint.

123.    Paragraph 123 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

124.    Paragraph 124 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

125.    Paragraph 125 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

126.    Paragraph 126 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

127.    Paragraph 127 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

128.    Paragraph 128 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

129.    Paragraph 129 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

130.    Paragraph 130 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

131.    Paragraph 131 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

132.    Paragraph 132 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

133.    Paragraph 133 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

134.    Paragraph 134 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

135.    Paragraph 135 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

### *Plaintiff's Categories of Claims*

136.    Paragraph 136 of the Amended Complaint consists of Plaintiffs' characterization of their claims, to which no response is required.

137.    Paragraph 137 of the Amended Complaint consists of Plaintiffs' characterization of their claims, to which no response is required.

138.    Paragraph 138 of the Amended Complaint consists of Plaintiffs' characterization of their claims, to which no response is required.

# CLAIMS FOR RELIEF

## COUNT ONE
### Institutional Claims: Violation of the Separation of Powers APA Cause of Action
### (Against All Defendants)

139.    Count One of the Amended Complaint has been dismissed; as such no response is required.

140.    Count One of the Amended Complaint has been dismissed; as such no response is required.

141.    Count One of the Amended Complaint has been dismissed; as such no response is required.

142.    Count One of the Amended Complaint has been dismissed; as such no response is required.

143.    Count One of the Amended Complaint has been dismissed; as such no response is required.

144.    Count One of the Amended Complaint has been dismissed; as such no response is required.

145.    Count One of the Amended Complaint has been dismissed; as such no response is required.

146.    Count One of the Amended Complaint has been dismissed; as such no response is required.

147.    Count One of the Amended Complaint has been dismissed; as such no response is required.

## COUNT TWO
### Institutional and Grant Termination Claims: Violation of the Separation of Powers–Implied Right of Action, Nonstatutory Review, and Ultra Vires Actions
### (Against Defendants Wolfson, Gleason, Cavanaugh, and Fox)

148.    Count Two of the Amended Complaint has been dismissed; as such no response is required.

149.    Count Two of the Amended Complaint has been dismissed; as such no response is required.

150.    Count Two of the Amended Complaint has been dismissed; as such no response is required.

151.    Count Two of the Amended Complaint has been dismissed; as such no response is required.

152.    Count Two of the Amended Complaint has been dismissed; as such no response is required.

153.    Count Two of the Amended Complaint has been dismissed; as such no response is required.

154.    Count Two of the Amended Complaint has been dismissed; as such no response is required.

155.    Count Two of the Amended Complaint has been dismissed; as such no response is required.

## COUNT THREE
### Institutional Claims: Impoundment Control Act and Appropriations Acts Violations
### APA Cause of Action
### (Against All Defendants)

156.    Count Three of the Amended Complaint has been dismissed; as such no response is required.

157.    Count Three of the Amended Complaint has been dismissed; as such no response is required.

158.    Count Three of the Amended Complaint has been dismissed; as such no response is required.

159.    Count Three of the Amended Complaint has been dismissed; as such no response is required.

160.    Count Three of the Amended Complaint has been dismissed; as such no response is required.

161.    Count Three of the Amended Complaint has been dismissed; as such no response is required.

162.    Count Three of the Amended Complaint has been dismissed; as such no response is required.

163.    Count Three of the Amended Complaint has been dismissed; as such no response is required.

## COUNT FOUR
### Institutional and Grant Termination Claims: Impoundment Control Act and Appropriations Acts Violations–Nonstatutory Review and Ultra Vires Actions
### (Against Defendants Wolfson, Gleason, Cavanaugh, and Fox)

164.    Count Four of the Amended Complaint has been dismissed; as such no response is required.

165.    Count Four of the Amended Complaint has been dismissed; as such no response is required.

166.    Count Four of the Amended Complaint has been dismissed; as such no response is required.

167.    Count Four of the Amended Complaint has been dismissed; as such no response is required.

168.    Count Four of the Amended Complaint has been dismissed; as such no response is required.

## COUNT FIVE
### Institutional Claims: Arbitrary and Capricious Agency Actions
### APA Cause of Action
### (Against All Defendants)

169.    Count Five of the Amended Complaint has been dismissed; as such no response is required.

170.    Count Five of the Amended Complaint has been dismissed; as such no response is required.

171.    Count Five of the Amended Complaint has been dismissed; as such no response is required.

172.    Count Five of the Amended Complaint has been dismissed; as such no response is required.

173.    Count Five of the Amended Complaint has been dismissed; as such no response is required.

174.    Count Five of the Amended Complaint has been dismissed; as such no response is required.

## COUNT SIX
### Institutional Claims: Statutory Violations and Arbitrary and Capricious Agency
### Action in Funding the "Garden of American Heroes" APA Cause of Action
### (Against All Defendants)

175.    Count Six of the Amended Complaint has been dismissed; as such no response is required.

176.     Count Six of the Amended Complaint has been dismissed; as such no response is required.

177.     Count Six of the Amended Complaint has been dismissed; as such no response is required.

178.     Count Six of the Amended Complaint has been dismissed; as such no response is required.

179.     Count Six of the Amended Complaint has been dismissed; as such no response is required.

180.     Count Six of the Amended Complaint has been dismissed; as such no response is required.

181.     Count Six of the Amended Complaint has been dismissed; as such no response is required.

## COUNT SEVEN
### Institutional Claim: Violation of the First Amendment–APA Cause of Action
### (Against All Defendants)

182.     Defendants repeat and reallege their responses to the allegations set forth above.

183.     Paragraph 183 of the Amended Complaint consists of Plaintiffs' characterization of the APA, to which no response is required.  Defendants respectfully refer the Court to the statute for a true and complete statement of its contents.

184.     Paragraph 184 of the Amended Complaint consists of Plaintiffs' characterization of the First Amendment, to which no response is required.  Defendants respectfully refer the Court to the First Amendment for a true and complete statement of its contents.

185.    Paragraph 185 of the Amended Complaint consists of Plaintiffs' quotations from a case, to which no response is required.  Defendants respectfully refer the Court to the quoted case for a true and complete statement of its contents.

186.    Paragraph 186 of the Amended Complaint consists of Plaintiffs' quotations from cases, to which no response is required.  Defendants respectfully refer the Court to the quoted cases for a true and complete statement of their contents.

187.    Defendants deny the allegations in Paragraph 187 of the Amended Complaint.

188.    Defendants deny the allegations in Paragraph 188 of the Amended Complaint.

**COUNT EIGHT**
**Institutional and Grant Termination Claims: Violation of the First Amendment**
**Implied Right of Action, Nonstatutory Review, and Ultra Vires Actions**
**(Against Defendants Wolfson, Gleason, Cavanaugh, and Fox)**

189.    Defendants repeat and reallege their responses to the allegations set forth above.

190.    Paragraph 190 of the Amended Complaint consists of Plaintiffs' legal conclusions and citation to a case, to which no response is required.  Defendants respectfully refer the Court to the case for a true and complete statement of its contents.

191.    Defendants deny the allegations in Paragraph 191 of the Amended Complaint and that Plaintiffs are entitled to the requested relief, or any relief.

192.    Defendants deny the allegations in Paragraph 192 of the Amended Complaint.

**COUNT NINE**
**Institutional and Grant Termination Claims: DOGE Actions Without Authority**
**Implied Right of Action, Nonstatutory Review, and Ultra Vires Actions**
**(Against Defendants Wolfson, Gleason, Cavanaugh, and Fox)**

193.    Defendants repeat and reallege their responses to the allegations set forth above.

194.     Paragraph 194 of the Amended Complaint consists of Plaintiffs' characterization of a clause of the Constitution, to which no response is required.  Defendants respectfully refer the Court to the Constitution for a true and complete statement of its contents.

195.     Paragraph 195 of the Amended Complaint consists of Plaintiffs' quotations from cases, to which no response is required.  Defendants respectfully refer the Court to the cases for a true and complete statement of their contents.

196.     Defendants admit that DOGE was established by the President via Executive Order rather than by Congress.

197.     Paragraph 197 of the Amended Complaint consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants admit that DOGE was established by the President via Executive Order rather than by Congress.

198.     Defendants lack knowledge or information sufficient to form a belief as to the accounts of former or current NEH staff.  To the extent Plaintiffs rely on statements of McDonald purportedly reflected in a recording, Defendants respectfully refer the Court to the recording for a true and complete statement of its contents.  Defendants deny that Cavanaugh and Fox directly carried out the termination of NEH grants, but admit that Cavanaugh and Fox were involved in discussions concerning the termination of NEH grants, including those of Plaintiffs, and that Cavanaugh and Fox drafted the termination letters in coordination with NEH personnel and emailed the termination notices to recipients. Defendants aver that the termination letters were emailed from a government email address and went through NEH's server.

199.     Paragraph 199 of the Amended Complaint relates solely to claims that have been dismissed, *see* Dkt. No. 116 at 40-42; as such no response is required.

200.    Defendants deny the allegations in Paragraph 200 of the Complaint and that Plaintiffs are entitled to the requested relief, or any relief.

## COUNT TEN
### Institutional and Grant Termination Claims: Violation of the Fifth Amendment Implied Right of Action, Nonstatutory Review, and *Ultra Vires* Actions (Against Defendants Wolfson, Gleason, Cavanaugh, and Fox)

201.    Defendants repeat and reallege their responses to the allegations set forth above.

202.    Paragraph 202 of the Amended Complaint consists of Plaintiffs' characterization of caselaw, to which no response is required.  Defendants respectfully refer the Court to the cited cases for a true and complete statement of their contents.

203.    Paragraph 203 of the Amended Complaint consists of Plaintiffs' characterization of a clause of the Constitution and caselaw, to which no response is required.  Defendants respectfully refer the Court to the Constitution and the cited cases for a true and complete statement of their contents.

204.    Paragraph 204 of the Amended Complaint consists of Plaintiffs' characterization of caselaw, to which no response is required.  Defendants respectfully refer the Court to the cited cases for a true and complete statement of their contents.

205.    Paragraph 205 of the Amended Complaint consists of Plaintiffs' characterization of caselaw, to which no response is required.  Defendants respectfully refer the Court to the cited case for a true and complete statement of its contents.

206.    Paragraph 206 of the Amended Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 206 of the Amended Complaint.

207.    Paragraph 207 of the Amended Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 207 of the Amended Complaint.

208.    Defendants deny the allegations in Paragraph 208 of the Amended Complaint and deny that Plaintiffs are entitled to the requested relief, or any relief.

## REQUEST FOR RELIEF

The WHEREFORE paragraphs following the Request for Relief heading consist of Plaintiffs' requested relief, to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the requested relief, or any relief.

## DEFENSES

Any allegations not specifically admitted, denied, or otherwise answered are hereby denied.  For further defenses, Defendants allege as follows:

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over this action.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiffs' claims and prayer for relief are subject to, and limited by, the Administrative Procedure Act, including any provisions not specifically identified in this Answer.

### FOURTH DEFENSE

Defendants have not acted in a manner that was arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

## FIFTH DEFENSE

Plaintiffs' claims are barred by the Supreme Court's decisions in *Department of Education v. California*, 145 S. Ct. 966 (2025), and *NIH v. Am. Pub. Health Ass'n*, No. 25A103, 2025 WL 2415669, at *1 (U.S. Aug. 21, 2025).

Defendants may have additional defenses that are not known at this time but may become known through discovery. Accordingly, Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE Defendants respectfully request that the Court: (1) dismiss the Amended Complaint with prejudice; (2) enter judgment in favor of Defendants; and (3) grant such further relief as the Court deems just and proper.

Dated: March 10, 2026
      New York, New York

                                      Respectfully submitted,

                                      JAY CLAYTON
                                      United States Attorney for the
                                      Southern District of New York
                                      *Attorney for Defendants*

            By:      /s/ *Mary Ellen Brennan*
                        MARY ELLEN BRENNAN
                        RACHAEL DOUD
                        JONAKI SINGH
                        Assistant United States Attorneys
                        86 Chambers Street, 3rd Floor
                        New York, New York 10007
                        Tel.: (212) 637-2652 / 2699 / 2785
                        E-mail: MaryEllen.Brennan@usdoj.gov
                                    Rachael.Doud@usdoj.gov
                                    Jonaki.Singh@usdoj.gov