

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 13, 2026

**BY ECF**

The Honorable Colleen McMahon
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

> Re:    *American Council of Learned Societies v. National Endowment for the Humanities*, No. 25 Civ. 3657 (CM), and *The Authors Guild v. National Endowment for the Humanities*, No. 25 Civ. 3923 (CM)

Dear Judge McMahon:

This Office represents the Government in the above-referenced cases. On Tuesday, March 10, the Government filed a letter informing the Court that the ACLS Plaintiffs published in their entirety the video depositions of the four Government witnesses in this case on YouTube.com ("YouTube") and the American Historical Association's and Modern Language Association's websites. *See* ECF No. 259. As soon as the Government became aware that the ACLS Plaintiffs had published the videos, the Government asked the ACLS Plaintiffs to remove them from the internet due to concerns that the publication of the videos could subject the witnesses and their family members to undue harassment and reputational harm. When the ACLS Plaintiffs refused to do so, however, the Government asked the Court for a telephonic conference to address this issue and to enter a protective order directing Plaintiffs to remove the videos and to refrain from further disseminating other discovery materials that have not been filed on the public docket. In seeking that relief, the Government explained that the public dissemination of these materials had created a significant risk of harassment and reputational harm of Government witnesses and their family members. Unfortunately, that risk has now materialized—at least one witness has been subjected to significant harassment, including death threats. Accordingly, we respectfully request that the Court enter the requested order as soon as possible to minimize the risk of additional harm to the witnesses and their families.

Since the ACLS Plaintiffs posted the video depositions, portions of those videos have circulated widely on the internet and throughout the media. *See, e.g.*, *DOGE Staffer Tasked with Eliminating 'DEI' Grants Struggles to Define DEI in Awkward Video Deposition Video*, PEOPLE (March 12, 2026), https://people.com/doge-staffer-tasked-with-eliminating-dei-grants-struggles-to-define-dei-11924877; *You're Going To Want To Watch This DOGE Staffer Try To Define What DEI Is*, HUFFPOST (Mar. 11, 2026), https://www.huffpost.com/entry/doge-dei-deposition-video_n_69b18db7e4b035c83fff66ed; *I Watched 6 Hours of DOGE Bro Testimony. Here's What They Had to Say For Themselves*, 404 MEDIA (March 12, 2026), https://www.404media.co/i-watched-6-hours-of-doge-bro-testimony-heres-what-they-had-to-say-for-themselves/; *Former*

The Honorable Colleen McMahon
Page 2

*DOGE Staffer Says ChatGPT Helped Feds Cancel Grants Mentioning 'LGBTQ+*, THE ADVOCATE (March 12, 2026), https://www.advocate.com/politics/national/doge-chatgpt-dei-lgbtq-grants.  As of this morning, for example, the website X indicates that there have been well over 100,000 X posts circulating and/or discussing video clips of Nate Cavanaugh's and Justin Fox's depositions.

As noted above, the Government learned last night that Justin Fox has been subject to harassment and has received a number of death threats since the videos and video clips were publicized and circulated.  The concrete threats Justin Fox has received make even clearer that good cause exists for the entry of a protective order to "protect [government witnesses] from annoyance, embarrassment, oppression," and harassment.  *See* Fed. R. Civ. P. 26(c).  While a great deal of irreversible damage has already been inflicted,[1] a protective order would minimize future harms against Fox, as well as the three other witnesses.  A protective order is also necessary because the ACLS Plaintiffs have continued to refuse to take down their own posts of the videos on YouTube and on their websites, even after having been informed that one of the witnesses has received death threats.

As noted in the Government's March 10, 2026, letter, the Government recognizes the public interest in this matter.  The ACLS Plaintiffs' actions suggest, however, that they may have been using the discovery process with the improper motivation of exposing Government employees to harassment and reputational harm rather than to advance their claims.  Moreover, their continued refusal to remove the videos that they posted—even after learning of the threats and harassment a witness has experienced—suggests a disregard for the harm and danger that the publication of the videos and other non-judicial discovery documents pose to these witnesses.  As discussed in the Government's March 10, 2026, letter, removing the videos from the internet will not limit the public's access to information relevant to this action, as Plaintiffs have filed the deposition transcripts, or the relevant portions of those transcripts, on the public docket.

We thank the Court for its consideration of this submission.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:  s/ *Mary Ellen Brennan*
MARY ELLEN BRENNAN
RACHAEL DOUD
JONAKI SINGH

---

[1] As noted in the Government's letter of March 10, the ACLS Plaintiffs repeatedly failed to disclose their intent to publicize the videos and other discovery materials to the Government, and the Government only learned that the videos had been published after the publication had occurred. Had the ACLS Plaintiffs notified the Government of their intentions, the Government would have sought relief before agreeing to videotaped depositions—and, at the very least, before the ACLS Plaintiffs publicized the videos.  *See* ECF No. 259.

The Honorable Colleen McMahon
Page 3

                                          Assistant United States Attorneys
                                          86 Chambers St., 3rd Floor
                                          New York, New York 10007
                                          (212) 637-2699
                                          (212) 637-2652

cc:      All counsel of record (via ECF)