# Exhibit 3

 Outlook

---

**RE: NEH Discovery Materials**

---

**From** ▮▮▮▮▮▮▮▮▮▮(USANYS) 1 < ▮▮▮▮▮▮▮▮@usdoj.gov>

**Date** Mon 3/9/2026 3:42 PM

**To** Dan Jacobson <dan@jacobsonlawyersgroup.com>; John Robinson <john@jacobsonlawyersgroup.com>; Lynn Eisenberg <lynn@jacobsonlawyersgroup.com>; nina@jacobsonlawyersgroup.com <nina@jacobsonlawyersgroup.com>; yinka@fairmarklaw.com <yinka@fairmarklaw.com>; Jamie Crooks <jamie@fairmarklaw.com>; amanda@fairmarklaw.com <amanda@fairmarklaw.com>; Michael Lieberman <michael@fairmarklaw.com>; Kyla Snow <kyla@jacobsonlawyersgroup.com>

**Cc** ▮▮▮▮▮▮▮▮(USANYS) < ▮▮▮▮▮▮@usdoj.gov>; ▮▮▮▮▮▮USANYS) < ▮▮▮▮▮@usdoj.gov>; ▮▮▮▮▮▮▮▮(USANYS) < ▮▮▮▮▮▮@usdoj.gov>

Dan,

The Federal Rules do not permit parties to use discovery as a tool to harass or embarrass parties or witnesses. If you want to see caselaw for that principle, we can certainly provide it. Rule 26 authorizes courts to issue protective orders to prevent this from happening, and restricting parties from abusing the discovery process does not violate the First Amendment. Can you please let us know what litigation-related purpose is served by your publishing the videos of the depositions on YouTube?

In any event, we intend to seek relief from the Court. In the meantime, we ask again that you remove the videos. Please also provide us with a list of what, if any, discovery materials you shared with the media or the public that have not been filed with the Court in this case.

▮▮▮▮▮▮

---

From: Dan Jacobson <dan@jacobsonlawyersgroup.com>
Sent: Sunday, March 8, 2026 8:32 PM
To: ▮▮▮▮▮▮▮▮▮(USANYS) 1 < ▮▮▮▮▮▮▮▮@usdoj.gov>; John Robinson <john@jacobsonlawyersgroup.com>; Lynn Eisenberg <lynn@jacobsonlawyersgroup.com>; nina@jacobsonlawyersgroup.com; yinka@fairmarklaw.com; Jamie Crooks <jamie@fairmarklaw.com>; amanda@fairmarklaw.com; Michael Lieberman <michael@fairmarklaw.com>; Kyla Snow <kyla@jacobsonlawyersgroup.com>
Cc: ▮▮▮▮▮▮(USANYS) < ▮▮▮▮▮▮@usdoj.gov>; ▮▮▮▮▮▮(USANYS) < ▮▮▮▮▮▮@usdoj.gov>; ▮▮▮▮▮▮▮(USANYS) <▮▮▮▮▮▮▮@usdoj.gov>
Subject: [EXTERNAL] Re: NEH Discovery Materials

▮▮▮▮▮▮,

Can you point to any legal authority that a party may demand that the opposing party not make public discovery materials that are not subject to a protective order? *See Schiller v. City of New York*, No. 04 CIV. 7921 KMK JCF, 2007 WL 136149, at *2 (S.D.N.Y. Jan. 19, 2007) ("In the absence of such a protective order, parties to a lawsuit may disseminate materials obtained during discovery as they see fit" (citing cases)).

And can you provide any such authority, or otherwise explain your position, in a situation where there is a protective order in place, and the government did not designate any of the relevant materials as confidential under that protective order? *See Laugier v. City of New York*, No. 13-CV-6171 JMF, 2014 WL 6655283, at *2

(S.D.N.Y. Nov. 24, 2014) (denying a protective order to prohibit dissemination of a videotaped deposition of a government official, and explaining "concerns" that the deposition will contain confidential information "can be addressed through the procedures set forth in the Standing Protective Order"); *see also Condit v. Dunne,* 225 F.R.D. 113, 116–20 (S.D.N.Y.2004) (denying request for a protective order for a videotaped deposition); *Vazquez v. City of New York*, No. 10 CIV. 6277 (JMF), 2014 WL 11510954, at *1 (S.D.N.Y. May 2, 2014) (same); *Flaherty v. Serousii*, 209 F.R.D. 295, 300 (N.D.N.Y. 2021) (same).

Can you also provide your position on whether it is consistent with the First Amendment for the government to demand that our clients take down and not disseminate materials of public interest, for which there is no statute or court order prohibiting such actions?  *See New York Times Co. v. United States*, 403 U.S. 713 (1971).

Finally, although not necessary to the legal question, note that as indicated in the declaration filed on Friday, the non-confidential portions of the video depositions are exhibits to Plaintiffs' motion, and thus are judicial records.

Best,
Dan

---

**From:** "_____(USANYS) 1" <_____@usdoj.gov>
**Date:** Sunday, March 8, 2026 at 2:37 PM
**To:** Dan Jacobson <dan@jacobsonlawyersgroup.com>, John Robinson <john@jacobsonlawyersgroup.com>, Lynn Eisenberg <lynn@jacobsonlawyersgroup.com>, "nina@jacobsonlawyersgroup.com" <nina@jacobsonlawyersgroup.com>, "yinka@fairmarklaw.com" <yinka@fairmarklaw.com>, Jamie Crooks <jamie@fairmarklaw.com>, "amanda@fairmarklaw.com" <amanda@fairmarklaw.com>, Michael Lieberman <michael@fairmarklaw.com>, Kyla Snow <kyla@jacobsonlawyersgroup.com>
**Cc:** "_____(USANYS)" <_____@usdoj.gov>, "_____(USANYS)" <_____@usdoj.gov>, "_____(USANYS)" <_____@usdoj.gov>
**Subject:** NEH Discovery Materials

Counsel:

It has come to our attention that Plaintiffs have posted the deposition videos from this case on YouTube. The deposition videos are not judicial records such that they have the presumption of public access, nor are the documents and portions of the deposition transcripts that you did not rely on in support of your motion for summary judgment.  Please remove the deposition videos from YouTube immediately, and please refrain from any further disclosure of non-public information while we seek a protective order from the Court.  Additionally, please let us know if you have publicly disseminated any other materials that were not filed on the docket in this case and, if so, which materials.

Had you wanted to obtain information that you could share publicly, you needed to submit a FOIA request.  Documents and information exchanged in discovery—regardless of whether subject to a protective order—are not public information unless the documents and information become a judicial record.

As we have conveyed repeatedly, the majority of the factual issues in this case are not in dispute.  You have now made clear that you were not using discovery to advance your claims but rather to obtain information that you could improperly share with the news media and online.  We are astounded by your actions and concerned about your use of this litigation to subject career federal employees to harassment.

Please confirm that you will remove the videos immediately.