JAY CLAYTON
United States Attorney for the
Southern District of New York
By:    MARY ELLEN BRENNAN
         RACHAEL DOUD
         JONAKI M. SINGH
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2652/2699
E-mail:  MaryEllen.Brennan@usdoj.gov
         Rachael.Doud@usdoj.gov
         Jonaki.Singh@usdoj.gov


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------- x

THE AUTHORS GUILD, *et al.,*

                              Plaintiffs,

         -against-

NATIONAL ENDOWMENT FOR THE
HUMANITIES, *et al.*

                              Defendants.

------------------------------------------- x

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Case No. 1:25-cv-3923

**ANSWER**

        Defendants National Endowment for the Humanities ("NEH"), Adam Wolfson, in his

official capacity as Acting Chairman of the NEH, United States DOGE Service, Amy Gleason,

in her official capacity as Acting Administrator of the U.S. DOGE Service, Nate Cavanaugh, in

his official capacity as an employee of the U.S. DOGE Service or the General Services

Administration, and Justin Fox, in his official capacity as an employee of the U.S. DOGE

Service or the General Services Administration (together, "Defendants") by their attorney, Jay

Clayton, United States Attorney for the Southern District of New York, answer the Second Amended Complaint of Plaintiffs The Authors Guild, William Goldstein, Elizabeth Kadetsky, Valerie Orlando, Katalin Balog, Benjamin Holtzman, Lee Jasperse, and Nicole Jenkins ("Plaintiffs") dated March 4, 2026, Dkt. No. 240 (the "Complaint"), as follows:

## I.    INTRODUCTION[1]

1.    Paragraph 1 of the Complaint quotes and characterizes NEH offer letters. Defendants respectfully refer the Court to those letters for a true and complete statement of their contents, admit that Plaintiff Elizabeth Kadetsky ("Kadetsky") received a "Public Scholars" grant from NEH in 2024, and otherwise deny the allegations in Paragraph 1.   Defendants aver that NEH awarded Public Scholars grants to 24 recipients in 2024, including Kadetsky, and that NEH awarded more than 1,000 grants of various types in the 2024 grant cycle.  To the extent Paragraph 1 of the Complaint contains qualitative statements concerning the prestige of particular grant awards, such statements do not constitute factual allegations that can be admitted or denied and do not warrant a response.

2.    Defendants deny the allegations in Paragraph 2 of the Complaint.  Paragraph 2 of the Complaint purports to quote and characterize an NEH offer letter issued to Kadetsky. Defendants respectfully refer the Court to that letter for a true and complete statement of its contents and aver that the letter does not state how much Kadetsky was to be awarded to support the project described in her application.

3.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

---

[1] For ease of reference, Defendants' Answer replicates the headings contained in the Complaint. Defendants assert that no response is required to such headings, which do not contain factual allegations.

4.      The first two sentences of Paragraph 4 of the Complaint consist of characterizations of Kadetsky's grant award.  Defendants respectfully refer the Court to the grant award for a true and complete statement of its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 4 of the Complaint.

5.      Defendants admit that they sent Kadetsky a letter in April 2025, signed by McDonald, notifying Kadetsky that her grant was terminated; otherwise, Defendants respectfully refer the Court to the referenced letter for a true and complete statement of its contents.  Defendants lack knowledge or information concerning when Kadetsky received the referenced letter.

6.      Defendants deny the allegations in Paragraph 6 of the Complaint, except Defendants admit that NEH sent at least 1,400 grantees letters in April 2025 (the "Grant Termination Notices"), including, but not limited to, the named Plaintiffs in the *Authors Guild* action.  Defendants aver that NEH implemented the April 2025 grant terminations in consultation with DOGE and that Defendants Fox and Cavanaugh were given access to NEH's grant database in March 2025.  Defendants lack knowledge or information as to the "public reporting" referenced in Paragraph 6 of the Complaint and the number of Authors Guild members whose grants were terminated by the Grant Termination Notice.

7.      All but the second to last sentence of Paragraph 7 of the Complaint consist of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response to those allegations is deemed required, Defendants deny the allegations.  Defendants also deny the allegations in the second to last sentence, including because the meaning of "slated grants for termination" is ambiguous.

3

8.      Paragraph 8 of the Complaint consists of Plaintiffs' characterization of the purpose of this action and the relief Plaintiffs seek, to which no response is required.

## II.      JURISDICTION AND VENUE

9.      Paragraph 9 of the Complaint consists of Plaintiffs' legal conclusions concerning jurisdiction, to which no response is required.

10.     Paragraph 10 of the Complaint consists of Plaintiffs' legal conclusions concerning venue, to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to where Plaintiffs are headquartered or reside.

## III.     PARTIES

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, except aver that NEH terminated grants in April 2025, including under NEH' Public Scholars, Fellowship, and Summer Stipend programs.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, except admit that NEH awarded Kadetsky a Public Scholars grant and terminated the grant in April 2025.  Defendants respectfully refer the Court to the relevant grant award for a true and complete statement of the grant terms.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, except admit that NEH awarded Plaintiff Dr. Valerie Orlando a Summer Stipend grant and terminated the grant in April 2025.

4

Defendants respectfully refer the Court to the relevant grant award for a true and complete statement of the grant terms.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, except admit that NEH awarded Plaintiff Katalin Balog a grant and terminated the grant in April 2025. Defendants respectfully refer the Court to the relevant grant award for a true and complete statement of the grant terms.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, except admit that NEH awarded Plaintiff Benjamin Holtzman a grant and terminated the grant in April 2025. Defendants respectfully refer the Court to the relevant grant award for a true and complete statement of the grant terms.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, except admit that NEH awarded Plaintiff Bill Goldstein a grant and terminated the grant in April 2025. Defendants respectfully refer the Court to the relevant grant award for a true and complete statement of the grant terms.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, except aver that NEH awarded a

Fellowship Programs at Independent Research Institutions grant to the Massachusetts Historical Society and that Plaintiff Lee Jasperse received a fellowship from the Massachusetts Historical Society under that grant.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, except admit that NEH terminated funding for the Massachusetts Historical Society's Long-Term Fellowship Program in April 2025.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, except admit that NEH awarded Plaintiff Nicole Jenkins a grant.  Defendants respectfully refer the Court to the relevant grant award for a true and complete statement of the grant terms.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, except admit that in April 2025, NEH terminated a grant it previously awarded to Jenkins.

25.     Admit.

26.     Defendants admit that McDonald was the Acting Chairman of NEH at the time the Termination Notices were issued to NEH Grantees and aver that McDonald is currently the Acting Chairman of NEH.

27.     Admit.

28.     Defendants admit that Amy Gleason is the Acting Administrator of the United States DOGE Service and its highest ranking official.  Defendants deny the allegation that Gleason was a "healthcare technology executive" before joining DOGE and aver that Gleason worked in the healthcare technology field in the past, among other past employment.

6

29.    Defendants aver that Nate Cavanaugh was affiliated with DOGE and an employee of the General Services Administration and that he performed work pertaining to legal technology and financial services.  Defendants lack knowledge or information as to what has been "reported" concerning Cavanaugh's activities.  Moreover, Cavanaugh is no longer employed by the federal government, and Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding Cavanaugh's age.

30.    Defendants aver that Justin Fox was affiliated with DOGE and an employee of the General Services Administration.  Defendants lack knowledge or information as to what has been "reported" concerning Fox's activities.

## IV.    FACTUAL BACKGROUND

### A.    Background on NEH

31.    Admit.

32.    Paragraph 32 of the Complaint consists of Plaintiffs' characterization of NEH's establishing statute and quotations from the statute, to which no response is required. Defendants respectfully refer the Court to the statute for a true and complete statement of its contents.

33.    Paragraph 33 of the Complaint consists of Plaintiffs' characterization of NEH's establishing statute and quotations from the statute, to which no response is required. Defendants respectfully refer the Court to the statute for a true and complete statement of its contents.

34.    Paragraph 34 of the Complaint consists of Plaintiffs' characterization of NEH's establishing statute and quotations from the statute, to which no response is required. Defendants respectfully refer the Court to the statute for a true and complete statement of its

contents.

35.    Paragraph 35 of the Complaint consists of Plaintiffs' characterization of NEH's establishing statute and quotations from the statute, to which no response is required. Defendants respectfully refer the Court to the statute for a true and complete statements of its contents.

36.    Paragraph 36 of the Complaint consists of Plaintiffs' characterization of NEH's establishing statute and quotations from the statute, to which no response is required. Defendants respectfully refer the Court to the statute for a true and complete statement of its contents.

37.    Paragraph 37 of the Complaint consists of Plaintiffs' characterization of NEH's establishing statute and quotations from the statute, to which no response is required. Defendants respectfully refer the Court to the statute for a true and complete statement of its contents.

### B.    NEH Grant Programs

38.    Defendants admit the first sentence of Paragraph 38 of the Complaint.  The second sentence of Paragraph 38 of the Complaint consists of Plaintiffs' characterization of their Complaint, to which no response is required.

39.    Admit.

40.    Admit.

41.    Admit.

42.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint, except Defendants admit that NEH awarded Ken Burns a grant of $1,349,100 for *The Civil War*, and that Lynne Cheney was Chair

8

of NEH in 1990, when *The Civil War* first aired on PBS.  To the extent Paragraph 42 of the Complaint quotes Cheney and NEH, Defendants respectfully refer the Court to the referenced statements for a true and complete statement of their contents.

43.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint, except Defendants admit that NEH provided, and still provides, funding to humanities councils in every U.S. state and territory.

44.    Defendants deny the allegations in Paragraph 44 as written, except that they lack knowledge or information sufficient to form a belief as to the truth of the allegation that the grant money NEH disburses is "highly sought after," and they admit that NEH disburses grants through a competitive process.

45.    Paragraph 45 of the Complaint contains vague, speculative statements concerning the alleged potential benefits of receiving NEH grants; such statements do not constitute factual allegations that can be admitted or denied and do not warrant a response.  To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46.    Defendants deny the allegations in Paragraph 46 of the Complaint as written, but aver that NEH has historically assembled review panels of outside experts to review grant applications.

47.    Defendants deny the allegations in Paragraph 47 as written and aver that NEH's grant competitions have been administered by its divisions and offices and that staff from these divisions and offices have assembled the peer review panels.

48.    Defendants deny the allegations in Paragraph 48 as written and aver that in assembling a peer review panel, program officers select evaluators for their expertise in the

relevant disciplines, topics, and areas, as well as their overall breadth of knowledge in the humanities.

49.    Defendants deny the allegations in Paragraph 49 of the Complaint as written and aver that after grants are submitted, NEH program officers have checked the applications for eligibility and assigned them to peer review panels based on academic discipline, institutional type, project area, or project type.

50.    Defendants admit that the Chairman of NEH makes all final funding decisions, that the Chairman typically takes into account the totality of advice provided by NEH's review process, including the advice of reviewers, NEH staff, and the National Council on the Humanities, and that the Chairman generally must obtain recommendations from the National Council before making final funding decisions.  Defendants aver that under NEH's governing statute, the Chair may make awards of up to $30,000 without first obtaining the National Council's recommendation, provided that the total sum does not exceed the statutory maximum in 20 U.S.C. § 957(f)(2).  The remaining allegations in Paragraph 50 of the Complaint constitute qualitative statements concerning the rigorousness of NEH's grant review process and the extent of "influence" the National Council on Humanities exerted over prior NEH Chairs; due to the vague and subjective nature of such statements, Defendants lack knowledge or information sufficient to form a belief as to their truth.

51.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 51 of the Complaint.  With respect to the second sentence of Paragraph 51, Defendants lack knowledge or information sufficient to form a belief concerning what Plaintiffs mean by "a typical grant award letter" and refer the Court to specific NEH grant award letters for a true and complete statement of their contents.

52.     Defendants admit that in the past, each fiscal year Congress has appropriated funds to NEH to carry out its statutory functions, including to award grants.

53.     Paragraph 53 of the Complaint consists of Plaintiffs' characterization of the 2024 Appropriations Act and quotations from that Act, to which no response is required. Defendants respectfully refer the Court to the Act for a true and complete statement of its contents.

54.     Paragraph 54 of the Complaint consists of Plaintiffs' characterization of a continuing resolution enacted by Congress on March 15, 2025, to which no response is required. Defendants respectfully refer the Court to the continuing resolution for a true and complete statement of its contents.

55.     Paragraph 55 of the Complaint consists of Plaintiffs' characterization of the 2024 Appropriations Act and the continuing resolution enacted by Congress on March 15, 2025, as well as legal conclusions concerning NEH's compliance with the Act, the continuing resolution, and NEH's establishing statute, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 55 of the Complaint.

### 1.  The Public Scholars Program

56.     Paragraph 56 of the Complaint appears to paraphrase statements by NEH, including statements on NEH's website, about the Public Scholars program. Defendants respectfully refer the Court to NEH's statements about the Public Scholars Program for a true and complete statement of their contents and admit that the Public Scholars program is a grant program that NEH has offered, that the Public Scholars program has awarded grants for 9 years, and that it was established as part of "the Common Good:  The Humanities in the Public Square" initiative.

57.     Paragraph 57 of the Complaint appears to paraphrase statements by NEH,

11

including statements on NEH's website, about the Public Scholars program.  Defendants respectfully refer the Court to NEH's statements about the Public Scholars Program for a true and complete statement of their contents.

58.    Admit.

59.    The allegations in Paragraph 59 of the Complaint characterize the application process for Public Scholars grants as laid out on NEH's website.  Defendants respectfully refer the Court to the referenced website for a true and complete statement of its contents.

60.    Paragraph 60 of the Complaint consists of Plaintiffs' characterization of grant terms for the Public Scholars program.  Defendants respectfully refer the Court to the referenced grant terms for a true and complete statement of their contents.

61.    Defendants admit that Public Scholars awards were subject to the NEH Public Scholar Program Terms and Conditions and otherwise respectfully refer the Court to those terms and conditions for a true and complete statement of their contents.

62.    Paragraph 62 of the Complaint consists of Plaintiffs' characterization of the NEH Public Scholar Program Terms and Conditions, to which no response is required.  Defendants respectfully refer the Court to those terms and conditions for a true and complete statement of their contents.

63.    Defendants deny the allegations in Paragraph 63 of the Complaint as written, except Defendants admit that NEH has modified the funding restrictions for future grants under the Public Scholars program.  To the extent Paragraph 63 purports to characterize and quote the modified Notice of Funding Opportunity for the Public Scholars program, Defendants respectfully refer the Court to that Notice for a true and complete statement of its contents.

64.    Defendants deny the allegations in Paragraph 64 of the Complaint.  Also,

Paragraph 64 of the Complaint purports to characterize and quote from a  Notice of Funding Opportunity for the 2026 Public Scholars program, and Defendants respectfully refer the Court to that source for a true and complete statement of its contents.

65.    Paragraph 65 of the Complaint consists of Plaintiff's characterization of a statement posted to NEH's website.  Defendants respectfully refer the Court to the referenced statement for a true and complete statement of its contents.

## 2.    The Fellowships Program

66.    Paragraph 66 of the Complaint appears to paraphrase statements by NEH, including statements on NEH's website, about the Fellowships program.  Defendants respectfully refer the Court to NEH's statements about the Fellowships for a true and complete statement of their contents and admit that the Fellowships program is a grant program that NEH has offered, that the Fellowships program was established over fifty years ago as the first award offered by NEH, and that the Fellowships program facilitated the creation of approximately seven thousand books, including books that received the Pulitzer Prize, the Bancroft Prize, and other prizes or recognitions.

67.    Paragraph 67 of the Complaint appears to paraphrase statements by NEH, including statements on NEH's website, about the Fellowships program, as well as "studies" pertaining to the Fellowships program.  Defendants respectfully refer the Court to NEH's statements about the Fellowships program and to the referenced studies for a true and complete statement of their contents.

68.    The allegations in Paragraph 68 of the Complaint purport to characterize the application process for NEH Fellowships as laid out on NEH's website.  Defendants respectfully refer the Court to the referenced website for a true and complete statement of its contents.

13

69.     Paragraph 69 of the Complaint consists of Plaintiffs' characterization of grant terms for the Fellowships program.  Defendants respectfully refer the Court to the referenced grant terms for a true and complete statement of their contents.

70.     Defendants admit that Fellowship awards were subject to the NEH Fellowships and Awards for Faculty Terms and Conditions and otherwise respectfully refer the Court to those terms and conditions for a true and complete statement of their contents.

71.     Paragraph 71 of the Complaint purports to characterize and quote the NEH Fellowships Program Terms and Conditions, to which no response is required.  Defendants respectfully refer the Court to those terms and conditions for a true and complete statement of their contents.

72.     Defendants deny the allegations in Paragraph 72 of the Complaint, except admit that in March 2025, Defendants modified the funding restrictions for future grants under the Fellowships program.  To the extent Paragraph 72 purports to characterize and quote the modified Notice of Funding Opportunity for the NEH Fellowship program, Defendants respectfully refer the Court to that Notice for a true and complete statement of its contents.

### 3.  The Summer Stipends Program

73.     Paragraph 73 of the Complaint appears to paraphrase statements by NEH, including statements previously on NEH's website, about the Summer Stipends program. Defendants respectfully refer the Court to such sources about the Summer Stipends program for a true and complete statement of their contents and admit that the Summer Stipends program was an NEH grant program.

74.     Paragraph 74 of the Complaint consists of Plaintiffs' characterization of grant terms for the Summer Stipends program.  Defendants respectfully refer the Court to the

referenced grant terms for a true and complete statement of their contents.

75.     Paragraph 75 of the Complaint characterizes the directions provided to Summer Stipend program applicants and a previous Notice of Funding Opportunity for the Summer Stipends Program.  Defendants respectfully refer the Court to such sources for a true and complete statement of their contents.

76.     Defendants admit that Summer Stipends Awards were subject to the NEH Summer Stipends Terms and Conditions and otherwise respectfully refer the Court to the referenced terms and conditions for a true and complete statement of their contents.

77.     Paragraph 77 of the Complaint purports to characterize and quote the Summer Stipends program terms and conditions, to which no response is required.  Defendants respectfully refer the Court to the referenced terms and conditions for a true and complete statement of their contents.

78.     Defendants lack knowledge or information concerning what announcement Plaintiffs reference and quote in Paragraph 78 of the Complaint.  Defendants admit that NEH no longer offers the Summer Stipends program.

### 4.  Awards for Faculty at Hispanic-Serving Institutions and Historically Black Colleges and Universities

79.     Paragraph 79 of the Complaint appears to paraphrase statements by NEH about the Awards for Faculty at Hispanic-Serving Institutions ("HSIs") program and the Awards for Faculty at Historically Black Colleges and Universities ("HBCUs") program.  Defendants respectfully refer the Court to NEH's statements about those programs for a true and complete statement of their contents and admit that the Awards for Faculty at Hispanic-Serving Institutions (HSIs) program and the Awards for Faculty at Historically Black Colleges and Universities (HBCUs) program were NEH grant awards.

80.     Paragraph 80 of the Complaint appears to paraphrase statements by NEH about the eligibility requirements for the Awards for Faculty at HSIs program and the Awards for Faculty at HBCUs program.  Defendants respectfully refer the Court to NEH's statements about those programs for a true and complete statement of their contents.

81.     NEH admits that Awards for Faculty at Tribal Colleges and Universities ("TCUs") is a grant program that NEH has offered and denies as vague and ambiguous the allegation that it is a "similar program."

82.     Paragraph 82 of the Complaint consists of Plaintiffs' characterization of grant terms for the programs referenced in Paragraphs 79, 80, and 81 of the Complaint.  Defendants respectfully refer the Court to the referenced grant terms for a true and complete statement of their contents.

83.     Paragraph 83 of the Complaint characterizes the directions provided to applicants for the Awards for Faculty at HSIs program and the Awards for Faculty at HBCUs program and a previous Notice of Funding Opportunity for those programs.  Defendants respectfully refer the Court to such sources for a true and complete statement of their contents.

84.     Defendants admit that Awards for Faculty at HSIs and HBCUs grants were subject to the NEH Fellowships and Awards for Faculty Terms and Conditions and otherwise respectfully refer the Court to those terms and conditions for a true and complete statement of their contents.

85.     Paragraph 85 of the Complaint purports to characterize and quote the NEH Fellowships and Awards for Faculty Terms and Conditions, to which no response is required. Defendants respectfully refer the Court to the referenced terms and conditions for a true and complete statement of their contents.

16

86.     Defendants lack knowledge or information concerning what announcement Plaintiffs reference and quote in Paragraph 86 of the Complaint.  Defendants admit that NEH no longer offers the Awards for Faculty at HSIs program.

### 5.    Awards for Fellowship Programs at Independent Research Institutions

87.     Paragraph 87 of the Complaint appears to paraphrase statements by NEH about the Fellowship Program at Independent Research Institutions ("FPIRI").  Defendants respectfully refer the Court to such sources about the FPIRI program for a true and complete statement of their contents and admit that the FPIRI program was an NEH grant program.

88.     Defendants admit the first two sentences of Paragraph 88 of the Complaint.  The last sentence of Paragraph 88 of the Complaint consists of Plaintiffs' characterization of their Complaint, to which no response is required.

89.     Paragraph 89 of the Complaint consists of Plaintiffs' characterization of conditions for FPIRI sponsor institutions.  Defendants respectfully refer the Court to the referenced terms for a true and complete statement of their contents.

90.     Paragraph 90 of the Complaint consists of Plaintiffs' characterization of conditions for FPIRI sponsor institutions.  Defendants respectfully refer the Court to the referenced terms for a true and complete statement of their contents.

91.     Paragraph 91 of the Complaint consists of Plaintiffs' characterization of terms of FPIRI awards.  Defendants respectfully refer the Court to the referenced terms for a true and complete statement of their contents.

92.     Paragraph 92 of the Complaint characterizes the directions provided to FPIRI program applicants and a previous Notice of Funding Opportunity for the FPIRI program. Defendants respectfully refer the Court to such sources for a true and complete statement of their

17

contents.

93.     Defendants admit that FPIRI awards were subject to the General Terms and Conditions for awards to Organizations and otherwise respectfully refer the Court to those terms and conditions for a true and complete statement of their contents.

94.     Paragraph 94 of the Complaint purports to characterize and quote the General Terms and Conditions for Awards to Organizations, to which no response is required. Defendants respectfully refer the Court to the referenced terms and conditions for a true and complete statement of their contents.

95.     Defendants lack knowledge or information concerning what announcement Plaintiffs reference and quote in Paragraph 95 of the Complaint.  Defendants admit that NEH no longer offers the FPIRI program.

## C.  DOGE AND NEH's MASS TERMINATION OF NEH GRANTS

96.     Defendants admit that Shelly Lowe left her position as NEH Chair at the direction of President Trump in March 2025, and that, shortly after Lowe departed, members of DOGE began appearing at NEH Offices, but deny that Lowe was directed to resign her position on March 13, 2025.

97.     The allegations in Paragraph 97 of the Complaint, which concern actions taken at other agencies, are not material or relevant to the claims in this Complaint, which solely concern actions at NEH; as such, no response is required.

98.     Defendants lack knowledge or information sufficient to form a belief as to what has been reported.  Defendants admit that individuals affiliated with DOGE were involved in discussions regarding terminating NEH grants, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Complaint.

Moreover, allegations regarding the reduction of staff are not at issue in this case, and the Court's July 25, 2025, decision indicates that Plaintiffs would lack standing to pursue such claims. *See* ECF No. 40 at 40-51.

99.    Defendants admit that Defendants Nate Cavanaugh and Justin Fox accessed lists of open NEH grants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99 of the Complaint.

100.    Paragraph 100 of the Amended Complaint consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 100.

101.    Defendants deny the allegations in the first sentence of Paragraph 101 as written, but aver that pursuant to executive orders issued in January 2025, NEH personnel – at the direction of then-NEH Chair Shelly Lowe – conducted a historical review to determine whether, and to what extent, NEH's open grants implicated DEI, "gender ideology," or "environmental justice." NEH personnel categorized these grants as "low," "medium," "high," or "not applicable," to reflect the extent to which each grant implicated DEI, gender ideology, or environmental justice. As to the allegations in the second sentence, Defendants admit that when Fox and Cavanaugh began reviewing NEH grants in mid-March 2025, they identified additional grants as potentially implicating DEI beyond those NEH personnel had identified as implicating DEI and otherwise deny the allegations in Paragraph 101.

102.    Defendants deny the allegations in the first two sentences of Paragraph 102 of the Complaint. Defendants deny the allegations in the third sentence of Paragraph 102 as phrased, but admit that, to generate a preliminary list of grants that potentially implicated the executive orders, Justin Fox used key words to search grant descriptions. Defendants respectfully refer the

19

Court to the referenced document for a list of the key words that were used.

103.    Defendants admit that, to generate a preliminary list of grants that potentially implicated the executive orders, Justin Fox used key words to search grant descriptions and that those key words included the terms "LGBTQ," "homosexual," "tribal," "immigrants," "gay," "BIPOC," and "native."  Defendants deny the remaining allegations in Paragraph 102 of the Complaint as vague, as the meaning of the phrases "and so on" and "Terms like" is unclear.

104.    Defendants admit that Fox organized certain grants into a spreadsheet with lists labeled "Craziest Grants" and "Other Bad Grants" and that those lists included, among other grants, grants purportedly relating to "experiences of LGBTQ military service," "oral histories of LatinX in the mid-west," "social and cultural context of tribal linguistics," and a "book on the first gay black science fiction writer in history."  Defendants otherwise deny the allegations in Paragraph 104.

105.    With respect to the first sentence of Paragraph 105, Defendants admit that Fox used artificial intelligence tools to help review grant descriptions and generate descriptions of ways in which they might implicate DEI and that Fox did not direct the AI tool that it should not identify grants solely on the basis of race, ethnicity, gender, sexuality, or similar characteristics. Defendants deny the remainder of the allegations in Paragraph 104, including on the basis that they are confusing and ambiguous.

106.    Defendants aver that, in searching grant descriptions to help review open grants and generate descriptions of those grants, Fox entered the following command into an artificial intelligence tool:  "Does the following relate at all to DEI?  Respond factually in less than 120 characters.  Begin with 'Yes.' Or 'No.' followed by a brief explanation.  Do not use 'this initiative' or 'this description' in your response."  Defendants otherwise deny the allegations in

20

Paragraph 106.

107.    Defendants deny the allegations in Paragraph 107 of the Complaint.

108.    Defendants deny the allegations in Paragraph 108 of the Complaint, including on the basis that they are vague and ambiguous.

109.    Defendants admit the allegations in Paragraph 109 of the Complaint.

110.    Defendants deny the allegations in the first sentence of Paragraph 110, as the term "as broadly conceived of by Fox and Cavanaugh" is vague and ambiguous.  Defendants deny the remaining allegations in Paragraph 110 of the Complaint.

111.    Defendants admit that Defendants Cavanaugh and Fox participated in discussions concerning which grants to terminate, that on April 1, April 2, and April 3, 2025, nearly identical versions of the Termination Notice were sent to grantees, that Defendants Cavanaugh and Fox emailed those April 2025 Termination Notices to such grantees, and that the grant terminations were not processed through NEH's grant management system.  Defendants aver that Defendants Cavanaugh and Fox did not process the grant terminations and that NEH's Grant Administration Manual does not require NEH to process grant terminations through NEH's grant management system.  Defendants deny the remaining allegations in Paragraph 111 of the Complaint.

112.    Defendants admit that for the grants terminated in April 2025, NEH and DOGE sent a near-identical termination notice to all recipients.  Defendants deny the remaining allegations in Paragraph 112 of the Complaint.

113.    Defendants deny the allegations in Paragraph 113 of the Complaint, except admit that the Grant Termination Notices came from the identified email address, which does not include ".gov" in the email address.  Defendants aver that the identified email address is a government email address and went through NEH's server.

114.    Defendants admit that each of the Grant Termination Notices from April 2025 were nearly identical, were signed by McDonald with typewritten signatures, and were not hand signed by McDonald.  Defendants deny the remaining allegations in Paragraph 114 of the Complaint and aver that McDonald's title is Acting Chairman, not Acting Director.

115.    The allegations in Paragraph 115 of the Complaint consist of a characterization of the Grant Termination Notices sent to grantees in April 2025.  Defendants respectfully refer the Court to those notices for a true and complete statement of their contents.

116.    The allegations in Paragraph 116 of the Complaint consist of a characterization of the Grant Termination Notices sent to grantees in April 2025.  Defendants respectfully refer the Court to those notices for a true and complete statement of their contents.

117.    The allegations in Paragraph 117 of the Complaint consist of a characterization of the Grant Termination Notices sent to grantees in April 2025.  Defendants respectfully refer the Court to those notices for a true and complete statement of their contents.

118.    The allegations in Paragraph 118 of the Complaint consist of a characterization of the Grant Termination Notices sent to grantees in April 2025 and Executive Order 14217. Defendants respectfully refer the Court to those notices and Executive Order 14217 for a true and complete statement of their contents.

119.    Defendants admit that McDonald held a meeting with staff to answer questions, but Defendants lack knowledge or information sufficient to form a belief as to how his conduct appeared at the meeting and as to the content of the public sources referenced in Paragraph 119 of the Complaint.

120.    The allegations in Paragraph 120 of the Complaint consist of a characterization of the Grant Termination Notices sent to grantees in April 2025.  Defendants respectfully refer the

Court to those notices for a true and complete statement of their contents.

121.    The allegations in Paragraph 121 of the Complaint consist of characterizations of the Grant Termination Notices sent to grantees in April 2025 and the executive orders cited in those termination letters.  Defendants respectfully refer the Court to the notices and the relevant executive orders for a true and complete statement of their contents.

122.    The allegations in Paragraph 122 consist of a characterization of the Grant Termination Notices sent to grantees in April 2025 and of NEH's General Terms and Conditions. Defendants respectfully refer the Court to those notices and terms and conditions for a true and complete statement of their contents.

123.    The allegations in Paragraph 123  consist of a characterization of a document sent by the Office of Grant Management on April 2025, titled "Guidance for Recipients of Terminated NEH Awards."  Defendants admit that NEH sent grantees an email on or around April 30, 2025, and respectfully refer the Court to that document for a true and complete statement of its contents.

124.    Paragraph 124 of the Complaint consists of a characterization of communications between certain individual grantees and NEH.  Defendants respectfully refer the Court to such communications for a true and complete statement of their contents.

125.    Defendants admit the allegations in the first sentence of Paragraph 125 of the Complaint.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 125 of the Complaint.

126.    Paragraph 126 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 126 of the Complaint.

23

**D.  DOGE AND NEH's DISMANTLING OF NEH**

127.    Defendants lack knowledge and information sufficient to form a belief as to what has been reported.  Allegations regarding the reduction of staff are not at issue in this case, and the Court's July 25, 2025, decision indicates that Plaintiffs would lack standing to pursue such claims.  *See* ECF No. 40 at 40-51.  Because Paragraph 127 of the Complaint relates solely to such allegations, no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 127.

128.    Allegations regarding the reduction of staff are not at issue in this case, and the Court's July 25, 2025, decision indicates that Plaintiffs would lack standing to pursue such claims.  *See* ECF No. 40 at 40-51.  Because Paragraph 128 of the Complaint relates solely to such allegations, no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 128.

129.    Allegations regarding the reduction of staff are not at issue in this case, and the Court's July 25, 2025, decision indicates that Plaintiffs would lack standing to pursue such claims.  *See* ECF No. 40 at 40-51.  Because Paragraph 129 of the Complaint relates solely to such allegations, no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 129.

130.    Allegations regarding the reduction of staff and the discontinuation of certain programs and divisions are not at issue in this case, and the Court's July 25, 2025, decision indicates that Plaintiffs would lack standing to pursue such claims.  *See* ECF No. 40 at 40-51.  Because Paragraph 130 of the Complaint relates solely to such allegations, no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 130.

131.    Defendants deny the allegations in Paragraph 131 of the Complaint.

132.    Paragraph 132 of the Complaint consists entirely of allegations concerning funding for a "National Garden of American Heroes."  Allegations regarding the funding of the National Garden of American Heroes are not at issue in this case, and the Court's July 25, 2025, decision indicates that Plaintiffs would lack standing to pursue such claims.  *See* ECF No. 40 at 40-51.  Thus, no response is required.

133.    Admit.

134.    Paragraph 134 of the Complaint consists entirely of allegations concerning a new grant program announced in May 2025.  Allegations regarding NEH's creation of new grant programs are not at issue in this case, and the Court's July 25, 2025, decision indicates that Plaintiffs would lack standing to pursue such claims.  *See* ECF No. 40 at 40-51.  Thus, no response is required.

## E.  DEFENDANTS' CONDUCT HAS HARMED PLAINTIFFS, THEIR MEMBERS, AND THE GENERAL PUBLIC

135.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 of the Complaint.

136.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 of the Complaint.

137.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 of the Complaint.

138.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 of the Complaint.

139.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 of the Complaint.

140. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 of the Complaint.

141. Defendants deny that the termination of Plaintiffs' grants, or that any of Defendants' conduct, was unlawful, and otherwise lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 141 of the Complaint.

142. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 142 of the Complaint.

143. Defendants deny the allegations in Paragraph 143 of the Complaint.

144. Defendants deny that their actions will harm the general public. The remainder of Paragraph 144 of the Complaint constitutes a characterization of NEH's establishing statute, and Defendants respectfully refer the Court to that statute for a true and complete statement of its contents.

145. Paragraph 145 of the Complaint consists of qualitative statements about the value of Plaintiffs' and class members' funded projects, to which no response is required, and quotes from statements by NEH. Defendants deny that their actions will harm the general public and respectfully refer the Court to the referenced statements for a true and complete statement of their contents.

## V.    CLASS ACTION ALLEGATIONS

146. Paragraph 146 of the Complaint constitute Plaintiffs' characterization of this action, to which no response is required.

147. Paragraph 147 of the Complaint constitutes Plaintiffs' characterization of their claims, to which no response is required.

148. Paragraph 148 of the Complaint constitutes Plaintiffs' characterization of their

26

claims, to which no response is required. To the extent a response is deemed required, Defendants aver that Paragraph 148 appears to reflect Plaintiffs' characterization of the classes in their motion for class certification.

149. Paragraph 149 of the Complaint appears to characterize and quote NEH materials concerning sponsorship, to which no response is required. Defendants respectfully refer the Court to such sources for a true and complete statement of their contents.

150. Paragraph 150 of the Complaint constitutes Plaintiffs' characterization of their claims, to which no response is required.

151. Paragraph 151 of the Complaint constitutes Plaintiffs' characterization of their claims, and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 151 of the Complaint.

152. Paragraph 152 of the Complaint constitutes Plaintiffs' characterization of their claims, and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 152 of the Complaint.

153. Paragraph 153 of the Complaint constitutes Plaintiffs' characterization of their claims, and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 153 of the Complaint, except Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the last two sentences of Paragraph 153.

154. Paragraph 154 of the Complaint constitutes Plaintiffs' characterization of their claims, and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 154 of the Complaint.

155. Paragraph 155 of the Complaint constitutes Plaintiffs' characterization of their

claims, and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 155 of the Complaint.

## VI.    CLAIMS FOR RELIEF

### COUNT I

**Violation of Administrative Procedure Act—Arbitrary and Capricious Failure to Engage in Reasoned Decisionmaking**
**(Against All Defendants)**

156.    Defendants repeat and reallege their responses to the allegations set forth above.

157.    Paragraph 157 of the Complaint consists of Plaintiffs' legal conclusions and characterizes and quotes from the Administrative Procedure Act ("APA") and two court cases. Defendants respectfully refer the Court to the APA and the referenced cases for a true and complete statement of their contents.

158.    Defendants deny the allegations in Paragraph 158 of the Complaint.

159.    Defendants deny the allegations in Paragraph 159 of the Complaint, except admit that on April 1, April 2, and April 3, 2025, certain grantees were informed that NEH was terminating their grants, and each of the Grant Termination Notices from April 2025 were nearly identical.  Defendants respectfully refer the Court to the Grant Termination Notices for a true and complete statement of their contents.

160.    The first sentence of Paragraph 160 of the Complaint consists of characterizations of the April 2025 Grant Termination Notices and the executive orders referenced therein, and Defendants respectfully refer the Court to the Notices and executive orders for a true and complete statement of their contents.  Defendants deny the allegations in second sentence of Paragraph 160 of the Complaint.

161.    Defendants deny the allegations in Paragraph 161 of the Complaint.

162.    Defendants deny the allegations in Paragraph 162 of the Complaint, except admit that class members received grants after NEH's application review process concluded that the project warranted funding and satisfied relevant criteria.

163.    Defendants deny the allegations in Paragraph 163 of the Complaint, except aver that Defendant McDonald terminated the relevant grants after receiving input from Defendants Cavanaugh and Fox.  Defendants respectfully refer the Court to the case cited in Paragraph 163 of the Complaint for a true and complete statement of its contents.

164.    Defendants deny the allegations in Paragraph 164 of the Complaint and respectfully refer the Court to the case cited in Paragraph 164 of the Complaint for a true and complete statement of its contents.

165.    Defendants deny the allegations in Paragraph 165 of the Complaint and respectfully refer the Court to the case cited in Paragraph 165 of the Complaint for a true and complete statement of its contents.

166.    Defendants deny the allegations in Paragraph 166 of the Complaint and respectfully refer the Court to the NEH establishing statute for a true and complete statement of its contents.

167.    Defendants deny the allegations in Paragraph 167 of the Complaint.

168.    Defendants deny the allegations in Paragraph 168 of the Complaint.

## COUNT II

**Violation of Administrative Procedure Act—Contrary to Law Illegal Departure from Impoundment Control Act, NEH Statute, and the Constitution
(Against All Defendants)**

169.    Defendants repeat and reallege their responses to the allegations set forth above.

170.    Defendants deny the allegations in Paragraph 170 of the Complaint.  Moreover,

29

Paragraph 170 of the Complaint relates solely to a claim that has been dismissed, *see* Dkt. No. 140 at 52.

171.    Defendants deny the allegations in Paragraph 171 of the Complaint.  Moreover, Paragraph 171 of the Complaint relates solely to a claim that has been dismissed, *see* Dkt. No. 40 at 52.

172.    Defendants deny the allegations in Paragraph 172 of the Complaint.  Moreover, Paragraph 172 of the Complaint relates solely to a claim that has been dismissed, *see* Dkt. No. 40 at 52.

173.    Defendants deny the allegations in Paragraph 173 of the Complaint and respectfully refer the Court to the NEH establishing statute for a true and complete statement of its contents.

174.    Defendants deny the allegations in Paragraph 174 of the Complaint.

175.    Defendants deny the allegations in Paragraph 175 of the Complaint.

## COUNT III

**Implied Right of Action, Nonstatutory Review, and *Ultra Vires* Actions
Violation of Impoundment Control Act and Appropriations Acts
(Against Individual Defendants)**

176.    Defendants repeat and reallege their responses to the allegations set forth above. Furthermore, Count Three of the Complaint has been dismissed; as such, no response is required.

177.    Count Three of the Complaint has been dismissed; as such, no response is required.

178.    Count Three of the Complaint has been dismissed; as such, no response is required.

179.    Count Three of the Complaint has been dismissed; as such, no response is

required.

180.    Count Three of the Complaint has been dismissed; as such, no response is required.

## COUNT IV

### Implied Right of Action, Nonstatutory Review, and *Ultra Vires* Actions Violation of Separation of Powers
### (Against Individual Defendants)

181.    Defendants repeat and reallege their responses to the allegations set forth above. Furthermore, Count Four of the Complaint has been dismissed; as such, no response is required.

182.    Count Four of the Complaint has been dismissed; as such, no response is required.

183.    Count Four of the Complaint has been dismissed; as such, no response is required.

184.    Count Four of the Complaint has been dismissed; as such, no response is required.

185.    Count Four of the Complaint has been dismissed; as such, no response is required.

186.    Count Four of the Complaint has been dismissed; as such, no response is required.

187.    Count Four of the Complaint has been dismissed; as such, no response is required.

188.    Count Four of the Complaint has been dismissed; as such, no response is required.

## COUNT V

### Implied Right of Action, Nonstatutory Review and *Ultra Vires* Actions Violation of First Amendment
### (Against Individual Defendants)

189.    Defendants repeat and reallege their responses to the allegations set forth above.

190.    Paragraph 190 of the Complaint consists of Plaintiff's characterization of the First Amendment of the U.S. Constitution, to which no response is required.  Defendants respectfully refer the Court to the First Amendment for a true and complete statement of its contents.

191.    Paragraph 191 consists of Plaintiffs' quotation from a case, to which no response

is required.  Defendants respectfully refer the Court to the quoted case for a true and complete statement of its contents.

192.    Paragraph 192 consists of Plaintiffs' quotation from cases, to which no response is required.  Defendants respectfully refer the Court to the quoted cases for a true and complete statement of their contents.

193.    Paragraph 193 consists of Plaintiffs' quotation from a case, to which no response is required.  Defendants respectfully refer the Court to the quoted case for a true and complete statement of its contents.

194.    Defendants deny the allegations in Paragraph 194 of the Complaint.  Defendants respectfully refer the Court to the case referenced and cited in Paragraph 194 of the Complaint and to the referenced termination notices and executive orders for a true and complete statement of their contents.

195.    Defendants deny the allegations in Paragraph 195 of the Complaint.

## COUNT VI

**Implied Right of Action, Nonstatutory Review, and *Ultra Vires* Actions**
**Violation of Fifth Amendment**
**(Against All Defendants)**

196.    Defendants repeat and reallege their responses to the allegations set forth above.

197.    Paragraph 197 of the Complaint consists of Plaintiffs' characterization of the Fifth Amendment's Due Process Clause and caselaw, to which no response is required.  Defendants respectfully refer the Court to the referenced clause of the Constitution and the referenced cases for a true and complete statement of their contents.

198.    Paragraph 198 consists of Plaintiffs' characterization of caselaw, to which no response is required.  Defendants respectfully refer the Court to the cited cases for a true and complete statement of their contents.

199.    Paragraph 199 consists of Plaintiffs' characterization of caselaw, to which no response is required.  Defendants respectfully refer the Court to the cited case for a true and complete statement of its contents.

200.    Defendants deny the allegations in Paragraph 200 of the Complaint.

201.    Defendants deny the allegations in Paragraph 201 of the Complaint.

## COUNT VII

**Implied Right of Action, Nonstatutory Review, and *Ultra Vires* Actions Actions Without Authority**
**(Against Individual Defendants)**

202.    Defendants repeat and reallege their responses to the allegations set forth above.

203.    Paragraph 203 of the Complaint consists of Plaintiffs' quotation from the Constitution, to which no response is required.  Defendants respectfully refer the Court to the referenced clause of the Constitution for a true and complete statement of its contents.

204.    Paragraph 204 consists of Plaintiffs' quotation from cases, to which no response is required.  Defendants respectfully refer the Court to the quoted cases for true and complete statement of their contents.

205.    Paragraph 205 of the Complaint consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants admit that DOGE was not created by Congress.

206.    Defendants lack knowledge or information sufficient to form a belief as to the accounts of former or current NEH staff.  To the extent Plaintiffs rely on statements of

McDonald purportedly reflected in a recording, Defendants respectfully refer the Court to the recording for a true and complete statement of its contents.  Defendants deny that Cavanaugh and Fox directly carried out the termination of NEH grants, but admit that Cavanaugh and Fox were involved in discussions concerning the termination of NEH grants, including those of Plaintiffs, and that Cavanaugh and Fox drafted the termination letters in coordination with NEH personnel and emailed the Termination Notices to recipients.  Defendants aver that the Termination Notices were emailed from a government email address and went through NEH's server.

207.    Defendants lack knowledge or information sufficient to form a belief as to the accounts of former or current NEH staff.  Moreover, allegations regarding the reduction of staff, the discontinuation of certain programs and divisions, and the alleged cancellation or limitation of future grant opportunities are not at issue in this case, and the Court's July 25, 2025, decision indicates that Plaintiffs would lack standing to pursue such claims.  *See* ECF No. 40 at 40-51.  As such, no response is required.

208.    Defendants deny the allegations in Paragraph 208 of the Complaint.

**PRAYER FOR RELIEF**

The "Wherefore" paragraph and subsequent lettered paragraphs below the "PRAYER FOR RELIEF" heading consist of Plaintiffs' requested relief, to which no response is required.  To the extent a response is deemed required Defendants deny that Plaintiffs are entitled to the requested relief, or any relief.

**DEFENSES**

Any allegations not specifically admitted, denied, or otherwise answered are hereby denied.  For further defenses, Defendants allege as follows**:**

34

## FIRST DEFENSE

The Court lacks subject matter jurisdiction over this action.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiffs' claims and prayer for relief are subject to, and limited by, the Administrative

Procedure Act, including any provisions not specifically identified in this Answer.

## FOURTH DEFENSE

Defendants have not acted in a manner that was arbitrary, capricious, an abuse of

discretion, or otherwise contrary to law.

## FIFTH DEFENSE

Plaintiffs' claims are barred by the Supreme Court's decisions in *Department of*

*Education v. California*, 145 S. Ct. 966 (2025), and *National Institutes of Health v. American*

*Public Health Association*, --- S. Ct. ----, 2025 WL 2415669 (Aug. 21, 2025).

Defendants may have additional defenses that are not known at this time but may become

known through discovery. Accordingly, Defendants reserve the right to assert each and every

affirmative or other defense that may be available, including any defenses available pursuant to

Rules 8 and 12 of the Federal Rules of Civil Procedure.

35

WHEREFORE Defendants respectfully request that the Court: (1) dismiss the Complaint with prejudice; (2) enter judgment in favor of Defendants; and (3) grant such further relief as the Court deems just and proper.

Dated: New York, New York
March 18, 2026

Respectfully submitted,
JAY CLAYTON
United States Attorney for the
Southern District of New York

By: *Mary Ellen Brennan*
MARY ELLEN BRENNAN
RACHAEL DOUD
JONAKI M. SINGH
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2652/2699
Facsimile: (212) 637-2702
E-mail: MaryEllen.Brennan@usdoj.gov
        Rachael.Doud@usdoj.gov
        Jonaki.Singh@usdoj.gov