Case 1:25-cv-03657-CM    Document 281    Filed 04/03/26    Page 1 of 5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| AMERICAN COUNCIL OF LEARNED SOCIETIES, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>ADAM WOLFSON, in his official capacity as Acting Chairman of the National Endowment for the Humanities, *et al.*,<br><br>*Defendants.* | Case No. 25-cv-03657 |



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/8/2006

MEMO ENDORSED

|  |  |
|---|---|
| THE AUTHORS GUILD *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>NATIONAL ENDOWMENT FOR THE HUMANITIES, *et al.*,<br><br>*Defendants.* | Case No. 25-cv-3923 |

## ACLS PLAINTIFFS' MOTION FOR LEAVE TO FILE VIDEO DEPOSITIONS WITH THE CLERK OF COURT

ACLS Plaintiffs respectfully request leave to file portions of four video depositions with the Clerk of Court. ACLS Plaintiffs have conferred with Defendants, who take no position on this motion. In support of this motion, ACLS Plaintiffs state as follows:

4/8/2026 No opposition to the motion having been filed, it is granted. Despite the lengthy footnote on page 2, there is no excuse for Plaintiffs' failure to file this motion in the first place, given the S.D.N.Y. Electronic Case Filing rules and instructions.

1.      On March 6, 2026, ACLS Plaintiffs filed a motion for summary judgment in which they relied on deposition testimony to establish the merits of their claims. Dkt. 247. Plaintiffs attached as exhibits the portions of the deposition transcripts to which their brief cited, and also stated in a declaration accompanying the motion that they would be providing the full video depositions to the Court under separate cover. Dkt. 248 ¶¶ 41–44.

2.      At the March 17. 2026 hearing, the Court stated that it would be a "good idea" for ACLS Plaintiffs to re-clip the video depositions to include only the portions specifically cited in their brief, and to resubmit these portions of the videos to the Court. 3/17 Hr'g Tr. 15:12–14.

3.      In its March 23, 2026 Opinion and Order, the Court held that Plaintiffs must seek leave to file the videos with the Clerk of Court in order for them to be considered as judicial documents in connection with Plaintiffs' motion for summary judgment. Dkt. 270 at 7.[1] The Court further held that, pursuant to the Court's Individual Rules, only the relevant portions of the videos cited in Plaintiffs' brief should be submitted. *Id.* at 9.

4.      ACLS Plaintiffs have now completed clipping the videos to isolate only the relevant portions and are prepared to submit them to the Clerk of Court.

---

[1] ACLS Plaintiffs apologize for not seeking clarification from the Court before submitting the full videos to chambers. *See* Dkt. 270 at 9. ACLS Plaintiffs respectfully note that they did seek clarification from the Clerk's Office on the proper process for submission prior to transmitting the thumb drives to chambers. Because the Local Rules are silent on the process for submitting video exhibits, ACLS Plaintiffs' counsel contacted the Clerk's Office, which noted the lack of clarity in the rules but also suggested that the videos could be sent to chambers. This was consistent with the procedure that the government itself suggested ACLS Plaintiffs should follow when ACLS Plaintiffs previewed that they may submit the videos as exhibits. *See* Dkt. 265-1 at 2 ("[Y]ou would presumably be delivering the video to Chambers directly rather than filing the video on the public docket."). ACLS Plaintiffs believed it was also consistent with this Court's Individual Rules, which contemplate that parties would submit thumb drives to chambers when providing courtesy copies of video exhibits. *See* Individual Practices and Procedures § V. ACLS Plaintiffs regret not seeking clarification from the Court in advance, and note these actions and thought-processes solely to explain that they did not intentionally seek to bypass the rules concerning the process for submitting video exhibits.

Case 1:25-cv-03657-CM    Document 281    Filed 04/03/26    Page 3 of 5

5.      There is good cause to grant ACLS Plaintiffs leave to file the clipped deposition videos as substitute exhibits for the previously submitted full deposition videos, because the videos are relevant to Plaintiffs' pending motion for summary judgment. The videos convey the witness's testimony in response to counsel's questioning on relevant topics such as why DOGE came to NEH and how DOGE selected which NEH grants to terminate. Unlike the cold transcripts, the videos contain additional communicative content, such as the witness's "facial expressions, voice inflection[,] and gestures." *Robinson v. De Niro*, No. 19-CV-9156 (KHP), 2022 WL 274664, at *2 (S.D.N.Y. Jan. 26, 2022); *see also, e.g., Riley v. Murdock*, 156 F.R.D. 130, 131 (E.D.N.C. 1994) ("[P]eople communicate in other ways in addition to the words used: facial expressions, voice inflection and intonation, gestures, [and] 'body language' . . . may all express a message to persons present at a deposition as to which a typed transcript is completely silent."). Courts have thus recognized that video depositions are a "superior method of conveying testimony" to the Court. *Robinson*, 2022 WL 274664, at *2; *see also e.g., Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) (holding that video depositions were "necessarily obtained for use in the case" because party used them in support of its summary judgment motion).

6.      The video depositions are especially probative in this case. They show, for example, Justin Fox's long pauses in his unsuccessful efforts to avoid admitting that he terminated grants based on race and other protected characteristics, Fox Dep. 208:11–25 (Fox Video Part 5 at 15:13–42),[2] Michael McDonald's surprised expressions upon learning that Fox

---

[2] The timestamps correspond to the unclipped videos that Plaintiffs previously submitted to chambers and counsel for Defendants. If the Court grants Plaintiffs' motion for leave, Plaintiffs will file with the Court a table listing the cited portions of the deposition transcripts and their corresponding timestamps in the clipped videos.

used ChatGPT to identify grants for termination, McDonald Dep. 117:1–9 (McDonald Video at 1:58:00–1:58:30), and his appallment at some of the bases upon which ChatGPT labeled grants as DEI, McDonald Dep. 122:16–123:20 (McDonald Video at 2:04:45–2:05:55).

7.    Defendants would not be prejudiced by Plaintiffs' submission of the videos to the Clerk of Court. Plaintiffs already submitted the relevant testimony in written form with their motion, and to the extent Defendants wish to address unique aspects of the videos, Defendants may do so in their reply brief. Although Defendants argued in connection with their motion for a protective order that the public dissemination of the videos could infringe on the privacy interests of the deponents, the Court has rejected those arguments in denying Defendants' motion. Granting Plaintiffs leave to file portions of the videos with the Clerk of Court thus would not implicate any privacy interests of the deponents, who were all public officials testifying about actions in their official capacities, which "substantially diminishes any cognizable privacy interest." Dkt. 270 at 13.

8.    Accordingly, Plaintiffs respectfully request leave to file with the Clerk of Court the portions of the video depositions corresponding to the transcript excerpts attached to Plaintiffs' motion for summary judgment, to serve as substitute Exhibits 40-43. For the same reasons, Plaintiffs also prospectively seek leave to file with the Clerk of Court any portions of the video depositions corresponding to testimony they cite in their forthcoming combined reply memorandum of law in support of Plaintiffs' motion for summary judgment and in opposition to Defendants' cross-motion for summary judgment.

April 3, 2026                    Respectfully submitted,

                                /s/ Daniel F. Jacobson
                                Daniel F. Jacobson
                                Lynn D. Eisenberg

John Robinson
Kyla M. Snow
JACOBSON LAWYERS GROUP PLLC
5100 Wisconsin Ave NW, Suite 301
Washington, D.C. 20016
(301) 823-1148
dan@jacobsonlawyersgroup.com

*Counsel for ACLS Plaintiffs*