**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

October 14, 2026

**BY ECF**

The Honorable Colleen McMahon
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *American Council of Learned Societies v. National Endowment for the Humanities*, No. 25 Civ. 3657 (CM), and *The Authors Guild v. National Endowment for the Humanities*, No. 25 Civ. 3923 (CM)

Dear Judge McMahon:

This Office represents the Government in the above-referenced cases. We write to respectfully notify the Court of an issue arising from the National Endowment for the Humanities' ("NEH") implementation of the Court's August 5, 2026 Order (No. 25 Civ. 3923, ECF No. 180), and to request the Court's approval of a proposed method for correcting this issue.

On May 7, 2026, the Court granted summary judgment in favor of Plaintiffs in the above-referenced cases, certified a class of affected grantees (the "Authors Guild Class") under Federal Rule of Civil Procedure 23(b)(2), and entered a permanent injunction requiring reinstatement of the grants at issue. *See* No. 25 Civ. 3657, ECF No. 291 at 130-140, 142-43. On May 29, 2026, counsel for the Authors Guild Class filed a motion for a preliminary injunction requiring NEH to withhold a portion of reinstated grant disbursements to class members pending their anticipated motion for attorneys' fees under the common fund doctrine. *See* No. 25 Civ. 3923, ECF No. 170. The Government opposed the motion. *See id.*, ECF No. 171. On August 5, 2026, the Court granted the motion and ordered NEH to "withhold 2.5 percent from each amount that, after entry of this Order, NEH determines through its existing reinstatement process would otherwise be disbursed under grants held by members of the Authors Guild class[.]" *Id.*, ECF No. 180 at 1.

Since the August 5 Order, NEH has worked diligently to develop a system for splitting each grant disbursement payment to class members such that 97.5% of the payment is paid to the grant recipient and 2.5% is directed to a separate NEH account for a potential attorneys' fee award. Developing this system presented a significant challenge for NEH from operational, accounting, reporting, record-keeping, and audit standpoints, as NEH's existing payment system does not allow payments to be split between multiple recipients or accounts. Moreover, grants are frequently paid out in multiple disbursements of varying amounts, depending on individualized requests for disbursements from grantees. NEH subsequently created a separate payment process that allows NEH to withhold 2.5% of any future grant disbursements to the Authors Guild class members, in accordance with the August 5 Order.

During the week of September 28, while discussing the status of grant reinstatements with NEH, the undersigned counsel learned that while NEH was developing a separate payment process to withhold the 2.5% reservation, it continued to issue grant disbursements to certain Authors Guild class members without the 2.5% reservation. According to NEH's grants management system, between August 5, 2026 and September 28, 2026, NEH issued $1,084,152.54 on 41 grants held by Authors Guild class members. Pursuant to the August 5 Order, NEH should have withheld 2.5% of that amount (or $27,103.81) for a potential attorneys' fee award. These 41 grants fall into two categories. 27 grants continue to have undisbursed funds, and the amount NEH should have withheld from disbursements to these grants totals $20,683.47. The remaining 14 grants have no undisbursed funds remaining because their recipients have drawn down the full grant amount. The amount that should have been withheld from these 14 grants totals $6,420.34.

The Government sincerely apologizes for this error. To address it, the Government respectfully proposes the following procedure. For the 27 grants with remaining funds, the Government respectfully requests that the Court allow NEH to withhold from future disbursements the amounts that should have been withheld after August 5, in addition to the 2.5% required for each future disbursement. For example, if a grantee received a $10,000 disbursement after August 5 from which $250 should have been withheld, NEH would withhold 2.5% of that grantee's next disbursement, plus an additional $250. Alternatively, if the Court prefers, NEH can restrict the 2.5% shortfall from each affected grant's undisbursed remaining balance and reserve that amount for a potential attorneys' fee award. For the 14 grants that have no remaining grant funds available, NEH is not currently aware of a way to directly recoup the 2.5% shortfall (totaling $6,420.34) from these grants.

Counsel for the Authors Guild Class agrees with the Government's proposal to recoup the 2.5% shortfall from the 27 grants with remaining funds. Regarding the 14 grants that have no remaining funds, counsel for the Authors Guild Class takes the position that NEH, from its own funds, should reserve the $6,420.34 shortfall from these grants for a potential attorneys' fee award. The Government maintains that this position is inconsistent with the principles of the common-fund doctrine under which the Authors Guild Counsel intends to seek fees, as that doctrine contemplates that attorneys' fees will be spread among the beneficiaries of the common fund – in this case, the grantees. *See* No. 25 Civ. 3923, ECF No. 181 at 6-8.

The Government is available to answer any questions the Court may have regarding the above. We thank the Court for its consideration of this submission.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: s/ *Jonaki M. Singh*
MARY ELLEN BRENNAN
RACHAEL L. DOUD
JONAKI M. SINGH
Assistant United States Attorneys
86 Chambers St., 3rd Floor
New York, New York 10007
(212) 637-2699/2652/2785
Maryellen.brennan@usdoj.gov
Rachael.doud@usdoj.gov
Jonaki.singh@usdoj.gov

cc: All counsel of record (via ECF)